EXHIBIT 3

STATE OF NEW YORK
NEW YORK STATE EDUCATION DEPARTMENT
------------------------------------------------------------x
In the Matter of the Appeal of Petitioner,    :        NOTICE OF
Oscar Cohen,                                 :        PETITION
from official action of Respondent,     :
East Ramapo Central School District    :
Board of Education                    :
Regarding the Removal of Sabrina Charles-Pierre :
from her Board Seat              :
------------------------------------------------------------x

Notice:

You are hereby required to appear in this appeal and to answer the allegations contained in the petition. Your answer must conform with the provisions of the regulations of the Commissioner of Education relating to appeals before the Commissioner of Education, copies of which are available at www.counsel.nysed.gov or from the Office of Counsel, New York State Education Department, State Education Building, Albany, New York 12234.

If an answer is not served and filed in accordance with the provisions of such rules, the statements contained in the petition will be deemed to be true statements, and a decision will be rendered thereon by the Commissioner.

Please take notice that such rules require that an answer to the petition must be served upon the petitioner, or if he be represented by counsel, upon his counsel, within 20 days after the service of the appeal, and that a copy of such answer must, within five days after such service be filed with the Office of Counsel, New York State Education Department, State Education Building, Albany, New York 12234.

STATE OF NEW YORK
NEW YORK STATE EDUCATION DEPARTMENT
------------------------------------------------------------x
In the Matter of the Appeal of Petitioner,   :
Oscar Cohen,   :
from official action of Respondent,   :
East Ramapo Central School District   :
Board of Education   :
Regarding the Removal of Sabrina Charles-Pierre  :
from her Board Seat   :
------------------------------------------------------------x

**VERIFIED**
PETITION

**ORAL ARGUMENT**
**REQUESTED**

To the Commissioner of Education:

1. Petitioner Oscar Cohen brings this appeal to vindicate his rights as a voter and taxpayer in the East Ramapo Central School District ("the District"), challenging the conduct of the election of Sabrina Charles-Pierre ("Ms. Charles-Pierre") to the East Ramapo Central School District Board of Education (the "Board"), and that Board's subsequent removal of Ms. Charles-Pierre from the Board.

## STATEMENT OF FACTS

2. Over the last decade, the District has persistently failed to act in the best interests of its public school students. Approximately 9,000 students attend the public schools; 91% of the public school students are African-American, Haitian, or Latino. The District also includes approximately 24,000 private school students who are primarily white. In recent years the Board has been predominantly made up of white men who do not have children in the public school system.

3. The District has drastically cut budgets and resources in the public schools while dramatically increasing transportation spending (including busing for private schools)

1

and special education resources for private school children. They have also drastically increased spending on legal fees.

4.  Between 2006 and 2014, funding for private schools increased by 76.6% in the District, compared with a 24.1% statewide average (*see* Henry Greenberg, *Report of Investigation: East Ramapo: A School District in Crisis* (2014), at 15, available at http://www.p12.nysed.gov/docs/east-ramapo-fiscal-monitor-presentation.pdf). Transportation costs increased by 48.1% (*id.*). Between 2008 and 2014 the District's legal fees rose over 668% (*id.* at 27).

5.  The crisis has become so acute that the State Education Department has appointed a series of monitors to oversee the District's finances and governance.

6.  A nine-member Board governs the District. Elections for the nine seats are divided into three cycles. Thus, every year, the Board holds an election for three of the nine seats. Each member[1] of the Board runs for a particular seat and serves a three year term.

7.  On May 17, 2016, the District held an election for four seats on the Board. Three of the seats were part of a regular election cycle, with three-year terms expiring in 2019.

8.  The fourth seat was for a term that began in 2015 and expires in 2018. The person originally elected to that seat resigned from the Board in July 2015. In October 2015, the Board appointed Ms. Charles-Pierre to fill the seat until the next District election.

9.  Ms. Charles-Pierre ran unopposed for the fourth seat in the May 2016 election and was elected by the District's voters to fill that seat until 2018.

---

[1] For purposes of this appeal, Petitioner uses the term "member" of the Board to indicate a person who serves in one of the nine seats of the Board. Some authorities use the terms "trustee" or "officer," which are interchangeable with "member" for purposes of this appeal.

10. Ms. Charles-Pierre ran on a slate called "East Ramapo Coming Together." Also on the slate were Kim Foskew, Jean Fields, and Natashia Morales, who ran for the other three open seats on the Board.

11. The "East Ramapo Coming Together" campaign slate ran on a platform of changing the District's policies so that they would treat public school children fairly and restore resources to the public school system.

12. Petitioner Oscar Cohen resides at 4 Hillary Court in Chestnut Ridge, NY, located within the District.

13. Mr. Cohen has resided in Chestnut Ridge since 1999 and has paid taxes that, in part, fund the District.

14. Mr. Cohen, a 75 year old U.S. citizen, has voted in nearly all of the District's Board elections since 1999. Mr. Cohen has repeatedly communicated with the District about its policies and regularly attends the Board's meetings.

15. On May 17, 2016, Mr. Cohen voted for Ms. Charles-Pierre and the other members of her slate because he supports their efforts to change the governance of the Board so that it is more favorable to public school children.

16. Ms. Charles-Pierre won the election to a seat on the Board with 5,014 votes (Official Results of May 17 2016 election attached as Ex. A).

17. None of the other candidates on Ms. Charles-Pierre's slate won a sufficient number of votes to be elected. Thus, Ms. Charles-Pierre is the only woman on the Board and the only member of the Board who represents the interests of public-school children.

18. On information and belief, Ms. Charles-Pierre did not receive written notice from the District Clerk of her successful election.

3

19. On information and belief, on July 14, 2016, Ms. Charles-Pierre filed the oath of office along with the three other candidates who had also won seats on the Board at the May 2016 election.

20. At a Board meeting held on July 26, 2016, the Board removed Ms. Charles-Pierre from the seat that she had won in the May 2016 election.  Apparently, the Board reasoned that Ms. Charles-Pierre failed to file her oath of office within 30 days of her term's commencement.

21. The Board has not publicly provided any basis for its determination that Ms. Charles-Pierre's term commenced at a different time than the terms of the remaining three members-elect.

22. In a letter to the State Education Department (Letter from Yehuda Weismandl to the Hon. Mary Ellen Elia, dated Aug. 1, 2016, attached as Ex. B), the President of the Board stated that the Board deemed that Ms. Charles-Pierre's term commenced 33 days before she took the oath of office, or June 11.  However, the letter does not identify any statute, regulation, or policy that supports this conclusion. The Board called its "failure to administer the oath" an "administrative oversight."

23. Also at the July 26, 2016 meeting, the Board appointed Ms. Charles-Pierre to serve as a temporary Board member until the next annual election, which will be held in May 2017. As a result of the Board's actions, Ms. Charles-Pierre's term expires a year earlier than it would have if the Board had not removed her from her seat (*see* Minutes of School Board Meeting, July 26, 2016, attached as Ex. C).

## STATEMENT OF LEGAL AUTHORITIES

4

24. In New York, school boards hold annual elections to replace members whose terms of office expire (Education Law § 1702 [1]).

25. School boards must hold these annual elections on the second or third Tuesday of May in each year (Education Law § 2002 [1]).

26. To vote in an election, a person must be a citizen, eighteen years or older, and a district resident for thirty or more days before the election (Education Law §§ 2012 [1-3]).

27. Following an election, the district clerk must notify each person elected to office of his election and date thereof in writing (Education Law §§ 2108; 2034 [9]).

28. A school board member must file an oath of office with the clerk of the school district (Public Officers Law § 10).

29. If an elected board member fails to file her oath of office "before or within thirty days after the commencement of the term of office for which he is chosen," his office is deemed vacant (*see* Public Officers Law § 30 [1] [h]).

30. There is no clear statutory, regulatory, or other written authority that delineates when the terms of school board members commence, and thus no clear authority that states when the thirty days to file the oath of office should commence.

31. New York Education Law empowers every central school district[2] "[t]o adopt such by-laws and rules for its government as shall seem proper to discharge of the duties required under the provisions of this chapter" (Education Law § 1709[1]).

32. In 2003, the District adopted a policy that states "Board of Education members-elect take the oath of office at the annual reorganization meeting of the Board" (East Ramapo Central School District, "Board Member Oath of Office," Policy No. 2122 [Sept 2,

---

[2] Education Law § 1709 [1] establishes this power for Union Free School Districts and Education Law § 1804 grants this and other powers to central school districts.

5

2003]; East Ramapo Central School District, "Board Reorganizational Meeting," Policy No. 2210 [Sept 2, 2003], attached as Exs. D and E).

33. The Education Law requires that the annual organizational meeting be held in the first fifteen days of July (Education Law § 1707[2]) (*see also* East Ramapo Central School District, Board Reorganizational Meeting, Policy No. 2210 [Sept 2, 2003], attached as Ex. E).

34. In *In Re Cosgrove*, 54 NE2d 3 [1944], the New York Court of Appeals held that an elected officer's term of office and obligation to take the oath does not begin until the elected official has received the certificate of election. In *Appeal of Horne*, 12 Ed Dept Rep 595, Decision No 9.985 [1979], (attached as Ex. F), the Commissioner of the New York State Department of Education applied *Cosgrove* to school boards. In *Horne*, the Commissioner found that a board member filed the oath of office within thirty days of his term's commencement because he had filed his oath on the day that he had received the official written notice of the election results.

35. Section 310 of the Education Law provides that "[a]ny party conceiving himself aggrieved may appeal by petition to the commissioner of education who is hereby authorized," and specifies the subjects to which an appeal might relate, including "any official act…."

36. The Third Department has interpreted section 310 to give standing to any district resident and voter aggrieved by an official act (*Nicol v Comm'r of Educ. of New York*, 207 NYS 666, 668 [3d Dept 1925]; *see also Horne*, 12 Ed Dept Rep 595).

**APPLICATION OF LAW TO FACTS**

37. Mr. Cohen meets the qualifications of a voter as provided in Education Law §§ 2012 [1-3]. He is a 75 year old U.S. citizen who has resided at 4 Hillary Court in Chestnut Ridge, NY since 1999.

38. Mr. Cohen voted for Ms. Charles-Pierre in the May 2016 election to serve the last two years of a three-year term, until 2018.

39. Like the petitioner in *Horne*, 12 Ed Dept Rep 595, Mr. Cohen has standing to challenge the Board's conduct in this election because of his status as a resident voter. By removing Ms. Charles-Pierre from her duly elected seat, the Board thwarted the will of the electorate and effectively nullified Mr. Cohen's vote.

40. The fact that the Board appointed Ms. Charles-Pierre to a temporary term that ends at the next annual election does not mitigate the problem. Ms. Charles-Pierre has been denied the full two years in office that she rightfully won in the May 2016 election, and the voters have been denied the full effect of their vote. To finish the term of office to which she was elected by more than 4,000 voters, including Petitioner, Ms. Charles-Pierre will be forced to run for the seat again in May 2017.

41. Pursuant to Board Policy Nos. 2122 and 2210, Ms. Charles-Pierre and three other members-elect filed their oaths of office on July 14 at the annual reorganization meeting.

42. Board Policy No. 2122, which states that members-elect must file their oaths of office at the annual reorganization meeting, must be read in conjunction with Public Officers Law § 30 [1] [h] to require that the terms for board members must commence no more than thirty days before the annual reorganization meeting.

43. Upon information and belief, on July 26, 2016, the Board removed Ms. Charles-Pierre from her duly-elected seat because she allegedly failed to file an oath of office within

7

thirty days of her term's commencement.  However, the Board has never specified what statute, regulation, or policy establishes that Ms. Charles-Pierre's term should have commenced earlier than the terms of the other members-elect.

44. Because the Board has not adopted a policy that establishes that the terms for the board members elected to fill a vacancy must commence on a date other than the terms for board members elected to fill full terms, Board Policy 2122 applies to all Board members-elect.

45. The Board did not remove the other individuals elected during the May 17, 2016 election who also submitted the oath of office on July 14, 2016.  The act of removing Ms. Charles-Pierre was unsupported by the law and was an abuse of discretion.

46. Alternately, upon information and belief, Ms. Charles-Pierre did not receive the written notice of her election required under Sections 2108 and 2034 of the Education law.  As a result, under the Commissioner's decision in *Horne*, 12 Ed Dept Rep 595, and the Court of Appeals' decision in *In Re Cosgrove*, 54 NE2d 3 [1944], her term commenced when she filed her oath of office on July 14, 2016.

## CAUSES OF ACTION

1. The Board's removal of Ms. Charles-Pierre from her duly-elected seat violated Board Policy 2122, was arbitrary and capricious and an abuse of discretion;

2. The Board treated Ms. Charles-Pierre unequally compared to the other members-elect without a rational basis;

3. Alternately, the thirty day period to file the oath cannot begin to run until Ms. Charles-Pierre receives formal notice of the election results.  In this case, the thirty day period would therefore not have run before the date that she took the oath of office because,

upon information and belief, Ms. Charles-Pierre never received the certified election results.

WHEREFORE, Petitioner Oscar Cohen respectfully requests:

1. An order directing the Board to reinstate Ms. Charles-Pierre to her full two year term; and

2. Such other relief as the Commissioner deems just and proper.

Respectfully submitted,

Mariana Kovel
Sam Thypin-Bermeo
Arthur Eisenberg
NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
Telephone: (212) 607-3391
Facsimile: (212) 607-3318
mkovel@nyclu.org


Alexis Karteron
CONSTITUTIONAL RIGHTS CLINIC
Rutgers Law School[‡]
123 Washington Street
Newark, NJ 07102
Telephone: (973) 353-3239
Facsimile: (973) 353-1249
akarteron@kinoy.rutgers.edu

*Counsel for Petitioner*

Dated: August 25, 2016

---

[‡]This petition does not purport to present the views of Rutgers Law School, if any.

9

## VERIFICATION

STATE OF NEW YORK       )
                                 )    ss:

COUNTY OF ROCKLAND   )

Oscar Cohen, being duly sworn, deposes and says that he is the petitioner in this proceeding; that

he has been read the annexed petition and knows the contents thereof; that the same is true to the

knowledge of deponent except as to the matters therein stated to be alleged upon information and

belief, and as to those matters he believes it to be true.

_____
Oscar Cohen

Dated: August 25, 2016
      Spring Valley, NY

Subscribed and sworn to this 25th day of August 2016

_____

MARIANA KOVEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JO6205629
Qualified in New York County
My Commission Expires October 22, 2017

# EXHIBIT A

# Annual Budget & Trustee Vote

Tuesday, May 17, 2016
Official Results

| | Public Counter | Absentee Ballots | Affidavit Ballots | Total Votes | Proposition #1 Budget | | Seat of Bernard L. Charles, Jr. | | | Seat of Pierre Germain | | | Seat of Yehuda Weissmandl | | | Seat of Sabrina Charles-Pierre | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Yes | No | Bernard L. Charles, Jr. | Kim A. Foskew | Write-In | Pierre Germain | Jean E. Fields | Write-In | Natasha E. Morales | Yehuda Weissmandl | Write-In | Sabrina Charles-Pierre | Write-In |
| #1 Lime Kiln | 1,108 | 4 | 5 | 1,117 | 533 | 471 | 749 | 324 | 2 | 736 | 343 | 0 | 339 | 754 | 0 | 475 | 17 |
| #2 Summit Park | 719 | 23 | 4 | 746 | 572 | 97 | 85 | 649 | 1 | 84 | 651 | 1 | 674 | 56 | 0 | 692 | 1 |
| #3 Kakiat | 1,904 | 10 | 15 | 1,929 | 146 | 789 | 1,865 | 41 | 0 | 1,869 | 40 | 0 | 54 | 1,853 | 0 | 120 | 0 |
| #4 Ramapo HS | 1,378 | 6 | 10 | 1,394 | 286 | 625 | 1,270 | 75 | 1 | 1,269 | 80 | 1 | 77 | 1,293 | 0 | 196 | 2 |
| #5 Hillcrest | 1,981 | 18 | 29 | 2,028 | 452 | 541 | 1,508 | 453 | 0 | 1,491 | 483 | 0 | 503 | 1,484 | 4 | 541 | 4 |
| #6 Kurtz Center | 757 | 30 | 8 | 795 | 569 | 95 | 251 | 483 | 0 | 223 | 529 | 1 | 598 | 138 | 0 | 599 | 5 |
| #7 Spring Valley | 1,789 | 18 | 39 | 1,846 | 492 | 483 | 1,462 | 339 | 0 | 1,442 | 363 | 0 | 425 | 1,375 | 0 | 462 | 20 |
| #8 Margetts | 622 | 18 | 8 | 648 | 329 | 205 | 301 | 325 | 0 | 293 | 335 | 0 | 362 | 275 | 1 | 431 | 3 |
| #9 Chestnut Ridge | 908 | 20 | 2 | 930 | 588 | 212 | 194 | 717 | 1 | 187 | 726 | 0 | 739 | 175 | 1 | 769 | 1 |
| #10 Hempstead | 848 | 25 | 5 | 878 | 624 | 125 | 288 | 566 | 3 | 266 | 587 | 0 | 630 | 223 | 0 | 729 | 3 |
| Totals | 12,014 | 172 | 125 | 12,311 | 4,591 | 3,643 | 7,973 | 3,972 | 8 | 7,860 | 4,137 | 3 | 4,401 | 7,626 | 5 | 5,014 | 56 |

# EXHIBIT B



### *EAST RAMAPO CENTRAL SCHOOL DISTRICT*

DISTRICT CLERK
105 South Madison Avenue, Spring Valley, NY 10977
Telephone: (845) 577-6011
Facsimile: (845) 577-6168

*"A Unified Community Educating the Whole Child"*

| | | |
|---|---|---|
| **BOARD OF EDUCATION** | *Members*<br>**JOE CHAJMOVICZ** | **DR. DEBORAH L. WORTHAM**<br>*Superintendent of Schools* |
| **YEHUDA WEISSMANDL**<br>*President* | **BERNARD L. CHARLES, JR.**<br>**SABRINA CHARLES-PIERRE**<br>**PIERRE GERMAIN** | **CATHERINE RUSSELL**<br>*District Clerk* |
| **HARRY GROSSMAN**<br>*Vice President* | **MOSHE HOPSTEIN**<br>**JACOB LEFKOWITZ**<br>**YONAH ROTHMAN** | |

August 1, 2016

The Hon. Mary Ellen Elia
New York State Education Department
New York State Education Building
89 Washington Avenue
Albany New York 12234

Dear Commissioner Elia:

Over the past year, the East Ramapo Central School District has made great progress in improving education and building community support. This progress has been assisted greatly by you, your department and the state monitors. Everyone in the district is eager to continue and expand the process, and in that spirit I am writing to you now for guidance on a specific matter that arose recently.

It concerns a board member, Sabrina Charles-Pierre, who was first appointed in October 2015 to fill a vacancy. Her appointed term ran until the next election. In that election, which took place on May 17th, Ms. Charles-Pierre was elected to fill the unexpired term of her seat – running through June 30, 2018. Ms. Charles-Pierre ran unopposed and secured more than 4,000 votes.
Ms. Charles-Pierre took the oath of office at the July 14th reorganizational meeting of the board along with three other board members who were elected. However, shortly after the swearing in, it was brought to the board's attention that the law required Ms. Charles-Pierre to have taken her oath three days earlier. The failure to administer the oath within 30 days of the vote was an administrative oversight.

Upon realizing this, the board convened in a special meeting on July 19th. It appointed Ms. Charles-Pierre and administered the oath of office. This enabled Ms. Charles-Pierre to continue her valued service on the board. However, due to the restrictions in the law, the board was only able to appoint Ms. Charles-Pierre to serve until May 2017, instead of June 2018. She will now need to run twice in two years.

Page 2

The Hon. Mary Ellen Elia
August 1, 2016

The board believes it has taken every step the law permits to rectify the administrative error. However, Ms. Charles-Pierre has had her term halved due to the application of an arcane law. This is an unfortunate situation for her and board and has caused concern in the community.

In addition to apprising you of this unfortunate situation, the board asks whether you can offer any advice or guidance on what might be done moving forward. For example, is there anything that the department could do to give full force and effect to the term approved for Ms. Charles-Pierce by the voters in the recent election?

Thank you for considering this matter. Any assistance you could provide would be greatly appreciated.

Sincerely,


Yehuda Weismandl, President
East Ramapo School Board



cc: Assembly Member Ellen Jaffe
Assembly Member Ken Zebrowski
Senator David Carlucci

# EXHIBIT C

EAST RAMAPO CENTRAL SCHOOL DISTRICT
SPRING VALLEY, NEW YORK

| | |
|---|---|
| DATE | July 26, 2016 |
| KIND OF MEETING | Special Meeting |
| PLACE | PLCC, Administration Building |
| MEMBERS PRESENT | Mr. Charles, Ms. Charles-Pierre (7:47 pm), Mr. Germain (7:33 pm), Mr. Grossman, Mr. Hopstein (7:33 pm), Mr. Lefkowitz, Mr. Rothman, Mr. Weissmandl |
| MEMBERS ABSENT | |
| ADMINSTRATORS PRESENT | Dr. Wortham, |
| OTHERS PRESENT | Ms. Calabrese, Mr. Gerhardt, Esq. |
| CALL TO ORDER | The Board President, Mr. Weissmandl called the Special meeting to order at 7:32 p.m. |
| PLEDGE OF ALLEGIANCE | Mr. Weissmandl led the pledge of allegiance. |
| EXECUTIVE SESSION | A motion by Mr. Weissmandl that the Board enter executive session to discuss leases, a legal matters and board vacancy, seconded by Mr. Charles.<br><br>The motion passed with 5 ayes.<br><br>The Board entered executive session at 7:33 p.m.<br><br>The Board returned to open session at 8:57 p.m. |
| Appointment to fill Board Vacancy | A motion by Mr. Weissmandl to appoint Joe Chajmovicz to fill the vacancy caused by the resignation of Yakov Engel was seconded by Mr. Lefkowitz. Mr. Chajmovicz will hold the seat until the next election on May 16, 2017.<br><br>Ayes – 6<br>Nay – 1 (Pierre Germain)<br><br>The motion passed with 6 ayes.<br><br>Mr. Charles left the meeting. |
| Appointment of Sabrina Charles-Pierre | A motion to adopt the following resolution:<br><br>**WHEREAS**, a Board vacancy occurred due to the time of the filing of the oath of office for a particular Board seat following the properly held annual election on May 17, 2016; and, |

7898

**WHEREAS**, the Board seeks to correct the administrative oversight in the most effective and prudent manner possible with least disruption to the operation of the Board and District; and,

**WHEREAS**, the Board recognizes the dedication and hard work of Ms. Sabrina Charles-Pierre as a Board member

**NOW, THEREFORE, THE BOARD HEREBY RESOLVES:**

To appoint Ms. Sabrina Charles-Pierre to fill the vacancy caused due to the administrative oversight resulting in a vacancy on the Board for the seat held by Ms. Charles-Pierre.

Motion made by Mr. Weissmandl seconded by Mr. Germain.

The motion passed with 6 ayes.

Reaffirm Minutes from June 28, 2016

Board hereby resolves to reaffirm and approve the actions taken by the Special Meeting of the Board at its June 28, 2016 as reflected and set forth in the Board Minutes of the June 28, 2016 meeting.

Motion made by Mr. Weissmandl seconded by Mr. Lefkowitz.

The motion passed with 6 ayes.

Advance Planning - Future Meeting Dates

A Regular meeting is scheduled for Tuesday, August 9, 2016.

ADJOURNMENT

A motion by Mr. Weissmandl to adjourn the Special meeting was seconded by Mr. Grossman.

The motion passed with 6 ayes.

The Special meeting adjourned at 9:03 p.m.

Respectfully submitted,

Elisa Calabrese

Catherine Russell

# EXHIBIT D

EAST RAMAPO                                                          2122

### BOARD MEMBER OATH OF OFFICE

Board of Education members-elect take the oath of office at the reorganization meeting of the Board which is held in accordance with Education Law, Section 1707.

The Oath of Office is administered by the District Clerk.

When taking the Oath of Office, the Board member-elect will raise the right hand and repeat the following statement:

"I do solemnly swear that I will support and defend the Constitution of the United States and the Constitution of the State of New York, and that I will honestly, faithfully and impartially discharge my duties as School Board member to the best of my ability."

If a member-elect is of a religious sect which prohibits oaths, the same statement is used except that the word "swear" is replaced by the word "affirm."

Ref:   Education Law §1707
       Public Officers Law §§10; 30

Date Adopted:  9/2/03

# EXHIBIT E

EAST RAMAPO                                                                                          2210

## BOARD REORGANIZATIONAL MEETING

Date, Time and Place

The annual reorganization meeting of the Board of Education shall be held in the boardroom of the Administration Building at 105 South Madison Avenue, Spring Valley, New York, on the first Tuesday in July of each year unless it shall be a legal holiday in which event the meeting shall be held on the first Wednesday in July.  The Board may determine, by resolution, to hold the meeting on another date during the first 15 days of July.  The meeting will begin at 7:30 p.m.

Agenda

The agenda for the Reorganizational Meeting shall be as follows:

1.  Call to Order by the District Clerk

2.  Pledge of Allegiance

3.  Administration of Oath to Newly-Elected Members

4.  Election of Officers
    a. Temporary Chairman
    b. President of the Board
    c. Vice President of the Board
    d. Administration of Oath to Newly-Elected Officers

5.  Appointment of Officers to the Board
    a. District Clerk
    b. District Treasurer
    c. Deputy Treasurer
    d. Internal Claims Auditor
    e. Administration of Oath to Officers of the Board

6.  Other Appointments
    a. School Attorney
    b. Bond Counsel
    c. Central Treasurers (Extra-Curricular Activities Fund)
    d. Faculty Auditors (Extra-Curricular Activities Fund)
    e. Chief Faculty Counselors (Extra-Curricular Activities Fund)

EAST RAMAPO                                                              2210

    7. Designations
       a. Official Bank Depositories
       b. Regular Meetings
       c. Official Newspapers

    8. Authorizations
       a. Certification of Payrolls
       b. Purchasing Agent
       c. Petty Cash Funds
       d. Authorized Signatures on Checks

    9. Bonding of Personnel
       a. District Treasurer, Deputy Treasurer, Board President
       b. Internal Claims Auditor
       c. Other Employees

    10. Other Items
       a. Mileage Reimbursement Rate
       b. Rate of Pay: Home Tutors, Substitute Employees (noncertified)

    11. Adjournment

Cross-ref:   1230 Public Participation at Board Meetings
             2342 Agenda Preparation and Dissemination

Ref:   New York State Constitution, Article XIII, §1
      Public Officers Law §§10; 13
      Education Law §§1707; 1804(4); 2130

Date Adopted:  9/2/03

# EXHIBIT F

burden of clearly demonstrating that the actions complained of are arbitrary, capricious or contrary to sound educational policy (*Matter of McCarthy et al.*, 11 Ed Dept Rep 19 (1971); *Matter of Kwak and Rooney*, 17 *id.* 442 (1978). Petitioners have not sustained that burden of proof.

THE APPEAL IS DISMISSED.

———————

In the Matter of the appeal of DOROTHY HORNE from action of the Board of Education of the Skaneateles Central School District No. 2 and Daniel F. Schultz with regard to the proper filing of an oath of office.

Decision No. 9985

(June 11, 1979)

Giles A. Wanamaker, Jr., Esq., attorney for petitioner

Milford & Lynch, Esqs., attorneys for respondent school district, J. Richard Lynch, Esq., of counsel

O'Hara & O'Hara, Esqs., attorneys for respondent Schultz, Mark H. Reitz, Esq., of counsel

AMBACH, Commissioner.—Petitioner is a resident of the Skaneateles Central School District and a former member of respondent board. Petitioner's term expired June 30, 1978, and she did not seek reelection for the term beginning July 1, 1978. Petitioner appeals from an action taken on August 21, 1978 in which respondent board directed the district clerk to issue a certificate of election and allowed respondent Schultz to file his oath of office more than 30 days after the commencement of his term. Petitioner requests that I declare vacant the seat to which respondent Schultz was elected and designate petitioner as a holdover member of the board.

On June 14, 1978, respondent Schultz was duly elected to fill one of two "at-large" seats on respondent board. Four candidates ran for the two positions, and respondent Schultz received the greatest number of votes. Both before and after the election, respondent Schultz informed members of the board that he would be in Europe for seven weeks commencing July 2, 1978. Respondent Schultz specifically inquired of the board whether any matters required attention prior to his departure and was advised that

595

there was nothing which had to be done before he returned. Upon his return, Schultz found a letter from the district clerk, dated August 16, 1978, which stated that his failure to file the oath required prompt attention and that a special board meeting would be convened in this regard.

At a special meeting held on August 21, 1978, a motion was made and carried to direct the clerk to notify Schultz of his election, to administer the oath and to allow Schultz to be seated for his full three-year term. On August 22, 1978, the clerk formally notified Schultz of his election to the board. Schultz executed and filed the oath on August 22, 1978.

Petitioner contends that Public Officers Law § 30(1)(h) requires that an office shall be vacant upon the failure of an elected official to file the oath within 30 days of the commencement of the term. Petitioner also contends that she is entitled to holdover status pursuant to Public Officers Law § 5, since she was the senior of the two retiring members. Additionally, petitioner asserts that the Education Law limits the appointing power of the board to fill a vacancy only until the next regular election and consequently, the board's action allowing Schultz to complete his full three-year term is invalid.

Respondent board contends that petitioner lacks standing to bring this appeal in that she is not personally aggrieved, since the candidates were elected on an at-large basis. Respondent board also contends that Schultz did not refuse or neglect to file his oath of office within the meaning of the Public Officers Law, since he could not file absent notification of his election in writing from the clerk. Respondent Schultz joins the board in that contention and adds that his reliance upon the representations of members of the board that nothing further was required of him prior to his departure to Europe was reasonable. Schultz claims that overly strict adherence to the technical filing requirement will serve to subvert the will of the voters.

I will first address the standing issue raised by respondents. Assuming that Schultz's position is vacant for failure to properly file the oath, petitioner has no legal claim to that position. Pursuant to a legally adopted resolution, candidates for membership on respondent board do not fill a specific vacancy and candidates are elected by receiving the highest number of votes. There is no method by which it can be determined which vacancy Schultz was elected to fill. Therefore, Public Officers Law § 5 does not grant petitioner holdover status. However, petitioner has standing to bring this appeal pursuant to Education Law § 310, since she is a legal resident of the district having an interest in the membership of the board.

The essential question raised on this appeal is whether Schultz's filing of his oath of office was timely.

The district clerk stated in an affidavit that his failure to serve Schultz with a formal notice of election prior to August 22 was an oversight. Despite inquiries to members of the board, Schultz was not advised of the requirement that he file an oath until the statutory period had expired, at which time he acted promptly to file the oath.

Under the provisions of Public Officers Law § 30, an office becomes vacant upon the refusal or neglect of the "incumbent" to file his official oath of office within 30 days of the commencement of the term. However, case law holds:

> No person becomes an "incumbent" of an elective office until he has received his certificate of election. Until that time no person can file an oath of office and no vacancy in the office is created if the oath is filed as required by statute after an "incumbent" has received his certificate of election and may perform the duties of the office. (*Matter of Cosgrove*, 292 NY 50, 54 NE2d 3 (1944)

Schultz executed and filed his oath of office on the same day in which he was notified of his election to the board of education, as required by Education Law § 2108. On the basis of the holding in *Cosgrove* (*supra*), the filing was timely, and the appeal must be dismissed.

THE APPEAL IS DISMISSED.

———————

In the Matter of the application of a HANDICAPPED CHILD, by his parent, for review of a determination of a hearing officer relating to the provision of educational services by the City School District of the City of New York.

Decision No. 9986

(June 11, 1979)

James Weisman, Esq., attorney for petitioner

Hon. Allen G. Schwartz, Corporation Counsel, attorney for respondent, Melvin R. Shaw, Esq., of counsel

AMBACH, Commissioner.—Petitioner appeals from the decision of a hearing officer, appointed pursuant to Education Law § 4404,

597

STATE OF NEW YORK
NEW YORK STATE EDUCATION DEPARTMENT
-----------------------------------------------------------x
In the Matter of the Appeal of Petitioner,      :              AFFIRMATION OF
Oscar Cohen from official action of        :              SERVICE
Respondent East Ramapo Central School   :
District Board of Education               :
Regarding the Removal of Sabrina Charles-Pierre  :
from her Board Seat                   :
-----------------------------------------------------------x

STATE OF NEW YORK        )
                        )   ss:
COUNTY OF NEW YORK   )

I, Mariana Kovel, an attorney duly admitted to practice before the courts of this state, affirm and state:

1. I am over the age of eighteen and not a party to this proceeding.

2. On August 25, 2016, at 105 South Madison Avenue, Spring Valley, NY 10977, I served a copy of the annexed Notice of Petition and Verified Petition, including all exhibits, on the East Ramapo Central School District by personally delivering and leaving said copy at the office of Catherine Russell, District Clerk, at said date.

3. I knew the person so served to be authorized to accept service on behalf of the Superintendent in said District.

_____
Mariana Kovel

Dated: August 25, 2016
       New York, NY

STATE OF NEW YORK
NEW YORK STATE EDUCATION DEPARTMENT
------------------------------------------------------------x
In the Matter of the Appeal of Petitioner,            :            AFFIRMATION OF
Oscar Cohen from official action of                   :            SERVICE
Respondent East Ramapo Central School                 :
District Board of Education                           :
Regarding the Removal of Sabrina Charles-Pierre       :
from her Board Seat                                   :
------------------------------------------------------------x

STATE OF NEW YORK            )
                            )    ss:
COUNTY OF NEW YORK           )

I, Mariana Kovel, an attorney duly admitted to practice before the courts of this state, affirm and state:

1.  I am over the age of eighteen and not a party to this proceeding.

2.  On August 25, 2016, at 105 South Madison Avenue, Spring Valley, NY 10977, I served a copy of the annexed Notice of Petition and Verified Petition, including all exhibits, on the East Ramapo Central School District Board of Education by personally delivering and leaving said copy at the office of Catherine Russell, District Clerk, at said date.

3.  I knew the person so served to be authorized to accept service on behalf of the School Board in said district.

_____
Mariana Kovel, Esq.

Dated:  August 25, 2016
        New York, NY