# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

January 11, 2018

**VIA ECF & EMAIL**

Hon. Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: *National Association for the Advancement of Colored People, Spring Valley Branch v. East Ramapo Central School District*, No. 17 Civ. 8943 (CS)

Dear Judge Seibel:

      I write with the consent of the Defendant MaryEllen Elia, in her capacity as Commissioner of Education for the State of New York (the "Commissioner") in response to your Order at the January 2, 2018 conference directing the parties to submit either a joint-proposed discovery schedule or individual proposals.  Since January 2, 2018, the parties have exchanged emails and met and conferred on four occasions.  As a result, Plaintiffs and Defendant East Ramapo Central School District (the "District") were able to agree to several discovery dates, restrictions, and other issues relevant to the Plaintiffs' application for a preliminary injunction,[1] but negotiations fell apart at the last minute on a few outstanding issues.  Thus, Plaintiffs submit this letter only with consent of the Commissioner and with the best understanding of the parties' current agreements.  The Commissioner has no objection to these agreements with respect to discovery between Plaintiffs and the District, nor to the Plaintiffs' agreement not to seek discovery from the Commissioner at this time, and sets forth her separate position, as to any discovery against the Commissioner, in Part C below.

---

[1] Plaintiffs continue to seek to consolidate the April 12, 2018 preliminary hearing with a plenary trial on the merits.  If the Court chooses not to consolidate the hearing, Plaintiffs and the Commissioner agree that the discovery limitations and the parties' stated positions set forth herein will not foreclose further discovery under the Federal Rules with respect to all matters in the litigation that remain in contention following the Court's resolution of Plaintiffs' motion for a preliminary injunction.

LATHAM&WATKINS LLP

### A. It is Plaintiffs' Understanding that Plaintiffs and the District Agree to the Following:

- *Deposition deadline* – Plaintiffs and the District will conduct all depositions by April 9, 2018.

- *Deposition hours-cap* – Plaintiffs and the District agree to a three-hour cap per fact witness deposition, with an additional one hour for those fact witnesses who require a translator. Expert witnesses will be deposed pursuant to the seven-hour cap set forth in Rule 30(d)(1), unless otherwise stipulated or ordered by the Court.

- *Limited document requests* – Plaintiffs and the District agree to limit document requests to five requests per entity or party to whom the requests are directed (including third parties), with the exception that Plaintiffs are permitted to submit fifteen requests to the District.

- *Document production on rolling basis* – Plaintiffs and the District agree to respond to document requests within fifteen days of service of the requests, and to produce documents on a rolling basis beginning fifteen days after receipt of document requests.

- *Deadline for serving document requests* – Plaintiffs and the District agree to March 30, 2018 as the deadline for serving document requests. The parties agree not to oppose on grounds of untimeliness requests for any additional discovery arising from deposition testimony.

- *Joint stipulation of facts; no requests for admission or interrogatories* – Plaintiffs and the District will not serve on each other requests for admission or interrogatories at this preliminary stage of the litigation. To limit the issues presented for the Court's resolution on preliminary injunction, Plaintiffs and the District have agreed to meet and confer and to undertake good faith efforts to agree upon and ultimately submit a joint stipulation of uncontested facts and/or legal issues relevant to the Plaintiffs' request for preliminary injunction prior to the hearing on April 12, 2018 (the "Hearing").

### B. It is Plaintiffs' Understanding that Plaintiffs and the District Disagree on the Following:

- *Deadline for disclosing names and topics of expert witnesses* – Plaintiffs seek February 9, 2018 as the deadline for the District to disclose the names and topics of its expert witnesses whose declarations will be submitted on February 16, 2018 with the District's opposition to Plaintiffs' preliminary injunction motion or whose testimony will be introduced at the April 12, 2018 preliminary injunction hearing.

- *Proposed stipulation to first Gingles precondition* – Plaintiffs do not agree to stipulate to the first *Gingles* precondition under Plaintiffs' understanding of the District's

LATHAM&WATKINS LLP

proposed terms, which would require Plaintiffs to exclude the expert report and testimony of William S. Cooper. This expert is important for Plaintiffs to show a likelihood of success on the merits of its Voting Rights Act claim beyond demonstrating a satisfaction of the first *Gingles* precondition, as the report also presents evidence related to the totality of circumstances analysis required to make out a Voting Rights Act claim. Plaintiffs are willing to stipulate that the first *Gingles* precondition has been met for purposes of the preliminary injunction hearing provided that Plaintiffs are permitted to introduce their expert evidence and testimony to support other positions in their Voting Rights Act claim.

    C.    **The Commissioner's Position as to the Discovery Proposal as Stated by the Commissioner**

As the Court has recognized, the Commissioner "should be or is pretty much a bystander" in this action and "do[es]n't have to take a position on the [H]earing or get involved." (1/2/18 Tr. at 11:17-18, 28:9-11.) The parties have agreed not to seek discovery from the Commissioner at this time, but the District has advised that it reserves the right to do so. Because the Commissioner does not intend to take a position on the substance of Plaintiffs' Voting Rights Act claim, actively participate in the Hearing or to seek discovery from the other parties, and in light of the fact that neither party has yet given the Commissioner any idea of the potential scope, topics, or nature of any discovery they would seek from her, it is respectfully submitted that discovery as against the Commissioner should be considered separately.

The Commissioner would ask that in the event any party changes its current position and attempts to seek discovery from her, any discovery demands, including any notice of deposition, be served upon her no later than February 23, 2018. This will be following submission of the motions to dismiss and opposition to the preliminary injunction application. By that time, the parties should know what discovery, if any, they need from the Commissioner. Further, without having any idea of the scope or nature of the proposed demands, the Commissioner asks to have 21 days to respond and/or object to such demands.

***

The parties respectfully request an in-person conference to resolve these discovery disputes and set-forth a discovery schedule.

    Respectfully submitted,

    /s/ Claudia T. Salomon
    Claudia T. Salomon

cc:    All Counsel of Record (via ECF)