# Morgan Lewis

**David J. Butler**
202.373.6723
david.butler@morganlewis.com

January 11, 2018

<u>Via ECF</u>
The Honorable Cathy Seibel
United States District Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: *NAACP, et al. v. E. Ramapo Cent. Sch. Dist., et al.*, No. 7:17-cv-08943-CS (S.D.N.Y.)

Dear Judge Seibel:

On behalf of Defendant East Ramapo Central School District, this letter responds to your order at the January 2, 2018 conference directing the parties to submit either a joint proposed discovery schedule or a letter setting out the parties "dueling" proposals. Unfortunately, the parties could not agree on a joint letter setting out the parties' respective positions on the matters in dispute relative to discovery.

Accordingly, the District respectfully submits this separate letter reporting on the discovery matters to which the parties have agreed and setting out the areas of disagreement and the District's positions with respect to how those disagreements should be resolved.

A.     <u>Plaintiffs and the District Agree to the Following:</u>

- *Deposition deadline* – Plaintiffs and the District will conduct all depositions by April 9, 2018.

- *Discovery of the Commissioner* – The parties have agreed not to seek discovery from the Commissioner at this time, but the District reserves the right to do so.

- *Deposition hours-cap* – Plaintiffs and the District agree to a three-hour cap per fact witness deposition, with an additional one hour for those fact witnesses who require a translator. Expert witnesses will be deposed pursuant to the seven-hour cap set forth in Rule 30(d)(1), unless otherwise stipulated or ordered by the Court.

- *Limited document requests* – Plaintiffs and the District agree to limit document requests to five requests per entity or party to whom the requests are directed (including third parties), with the exception that Plaintiffs are permitted to submit fifteen requests to the District.

- *Document production on rolling basis* – Plaintiffs and the District agree to respond to document requests within fifteen days of service of the requests, and to produce documents on a rolling basis beginning fifteen days after receipt of document requests.

- *Deadline for serving of document requests* – Plaintiffs and the District agree to March 30, 2018 as the deadline for serving document requests. The parties agree not to oppose on grounds of timeliness requests for any additional discovery arising from deposition testimony.

- *Joint stipulation of facts; no requests for admission or interrogatories* – Plaintiffs and the District will not serve on each other requests for admission or interrogatories at this preliminary stage of the litigation. To limit the issues presented for the Court's resolution on preliminary injunction, Plaintiffs and the District have agreed to meet and confer and to undertake good faith efforts to agree upon and ultimately submit a joint stipulation of uncontested facts and/or legal issues relevant to the Plaintiffs' request for preliminary injunction prior to the hearing on April 12, 2018 (the "Hearing").

**B.** **Areas of Disagreement Between Plaintiffs and the District**

    **A.** **Preliminary Injunction Hearing/Consolidation with Trial on the Merits.**

Plaintiffs have filed a motion for preliminary injunction and requested that the Court consolidate the hearing with trial on the merits pursuant to Rule 65(a)(2). At this time, the Court has not yet ruled on whether such consolidation would be appropriate. The District does not necessarily oppose such consolidation. However, the parties appear to disagree sharply over what it means to consolidate under Rule 65. While the Court has instructed the parties to address this issue in their preliminary injunction briefing, unfortunately the issue appears to require resolution sooner because of its implications for the scope of discovery.

Under Rule 65, consolidation with trial on the merits does not expand the scope of the issues to be addressed in a preliminary injunction hearing. It merely allows for the preliminary record admitted in the hearing to be used as part of the final trial record, in order to avoid duplication. "[T]he fact that the proceedings have been consolidated should cause no delay in the disposition of the application for the preliminary injunction, *for the evidence will be directed in the first instance to that relief*" and not to all of the ultimate issues in the case that otherwise would come in at a trial on the merits. Rule 65(a)(2), Notes of Advisory Committee on Rules—1966 Amendment (emphasis added). In other words, consolidation under Rule 65 does not convert a preliminary injunction hearing into an expedited trial on the merits leading to a final judgment on all issues in a case. Such a result would be grossly unfair because the final judgment would be predicated on an under-developed, preliminary record.

Plaintiffs appear to have a different understanding of Rule 65, and view it as a means to short track their entire case to final judgment. Consequently, Plaintiffs seek to expand the scope of their intended showings at the preliminary injunction hearing beyond those needed to obtain preliminary relief. This necessarily has consequences for discovery, because it expands the potential scope of the issues to all of the issues potentially relevant to the entire case, instead of just those necessary to resolve the motion for preliminary injunction.

The District and the Plaintiffs have not been able to resolve this disagreement. The Court's intervention is necessary now, prior to the District's briefing on the preliminary injunction, so that in the interim discovery is not overtaken by issues that are not otherwise necessary to resolve the motion for preliminary injunction.

**B.      Deadline for Disclosure of the Names and Topics of Expert Witnesses.**

Plaintiffs seek to impose on the District a February 9, 2018 deadline to disclose to Plaintiffs a list of the names and topics of its expert witnesses whose declarations will be submitted on February 16, 2018 with the District's opposition to Plaintiffs' preliminary injunction motion and/or whose testimony will be introduced at the April 12, 2018 preliminary injunction hearing.

The District cannot agree to Plaintiffs' proposed deadline. The District will make any expert disclosure(s) under Rule 26(a)(2) contemporaneously with its February 16 filing of its opposition to the Plaintiffs' motion for preliminary injunction by attaching to its opposition the reports and materials of any expert witness the District designates as a testifying expert. The District does not agree to designate and identify its testifying expert witnesses on February 9, 2018, a week before it has disclosed the experts' reports.

The sequence proposed by Plaintiffs is inconsistent with Rule 26(a)(2)(A)-(B) which contemplates simultaneous designation of experts and disclosure of their reports. As a practical matter, the District should not have to decide whether it is going to rely on the report of any expert a week before the District's opposition is due to be filed. Nor may the District be compelled to disclose the existence or identities of any expert until the District formally designates such expert under Rule 26(a)(2)(A), because that information is protected Attorney Work Product.

**C.      Discovery and Argument Relating to Final Remedies.**

This disagreement is an offshoot of the parties' dispute over the meaning of consolidation under Rule 65, discussed above.

The District understands that this expedited discovery period is intended solely for the purpose of preparing a preliminary, non-final evidentiary record upon which the Court may resolve Plaintiffs' motion for preliminary injunction, in which Plaintiffs have asked the Court to enjoin the May 2018 election pending final resolution of the case. Accordingly, the District believes that no discovery relating to any potential final remedies (*i.e.*, the line-drawing to subdivide the District into single-member wards if Plaintiffs should prevail) is either necessary or appropriate at this stage. There is simply no good reason for Plaintiffs to make any showing as to final remedies at a preliminary injunction hearing.

However, the District appreciates that some preliminary "line-drawing" is necessary for a plaintiff to make a threshold showing of liability in a VRA case, because the plaintiff must demonstrate at the outset that the minority group at issue is sufficiently large and geographically compact to constitute a majority in a hypothetical single-member district. *See Thornburg v.*

*Gingles*, 478 U.S. 30 (1986). The District therefore has offered to stipulate that this *Gingles* precondition is satisfied. Stipulating to this issue should obviate discovery relating to remedies at this stage. In particular, discovery of Plaintiffs' expert William S. Cooper should be unnecessary because he has only been designated for the purpose of opining on "whether the minority population in the District is sufficiently numerous and geographically compact to allow for the creation of single-member district plan configurations that will satisfy the requirements of *Thornburg*. . . ." [Dkt. No. 33-1].

Plaintiffs do not agree to the District's proposal to eliminate evidence and argument relating to final remedies from discovery and the preliminary injunction hearing. They apparently intend to put on such evidence and argument, including Mr. Cooper and his opinions regarding the drawing of hypothetical ward lines for the District.

In the District's view, expanding the preliminary injunction hearing to include Mr. Cooper's opinions unfairly would convert the preliminary injunction hearing into an expedited final trial on the merits. There is no good cause for such an expedited trial on the merits, which would be prejudicial to the District and deny its Due Process right to adequately prepare a defense.

The Court's intervention therefore is requested to clarify the permissible scope of the issues the Court will entertain in the preliminary injunction hearing.

Respectfully submitted,

s/ *David J. Butler*
David J. Butler

cc: All Counsel of Record