**LATHAM & WATKINS LLP**

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 6, 2018

<u>VIA ECF</u>

Hon. Judith C. McCarthy
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:  *National Association for the Advancement of Colored People,
<u>Spring Valley Branch v. East Ramapo Central School District</u>*, No. 17 Civ. 8943

Dear Judge McCarthy:

We write on behalf of Plaintiffs regarding discovery disputes involving non-party East Ramapo Central School District Board members. On February 13, 2018, Plaintiffs served subpoenas *duces tecum* and *ad testificandum* (the "Subpoenas") requesting documents and deposition testimony from Board members Harry Grossman, Jacob Lefkowitz, Yonah Rothman, Yehuda Weissmandl, Mark Berkowitz, Bernard L. Charles, Jr., Joel Freilich, and Pierre Germain. *See, e.g.*, Ex. 1. Each Board member objected on the basis of legislative immunity and legislative privilege. *See, e.g.*, Ex. 2. The parties met and conferred on March 2, 2018, but were unable to resolve their disputes. Pursuant to FRCP 37(a)(3)(B), Plaintiffs now move to compel the Board members to produce non-privileged documents and deposition testimony.

### A.  LEGISLATIVE PRIVILEGE IS QUALIFIED AND NARROWLY APPLIES TO LEGISLATORS' "DELIBERATIVE PROCESS"

"[P]recedent[] do[es] not make clear whether, under New York law, school board members can act in a legislative capacity." *Stepien v. Schaubert*, 424 F. App'x 46, 48 (2d Cir. 2011) (summary order). Thus, the Board members' assertion that the documents and testimony sought from them is "clearly covered by the legislative privilege" is incorrect. *See, e.g.*, Ex. 2. However, even if the Board members can act in a legislative capacity, not all documents and communications concerning their role as Board members are covered by the legislative privilege. Legislative privilege is not absolute. *See Rodriguez*, 280 F. Supp. 2d at 95 (citing *In re Grand Jury*, 821 F.2d 946, 957 (3d Cir. 1987)). Rather, the privilege is a narrowly applied qualified protection over the disclosure of "predecisional" and "deliberative" documents, which generally does not include "purely factual" material. *Id.* at 97-101.

To the extent the Court finds the Board members are even entitled to assert a claim of legislative privilege, Plaintiffs respectfully request that the Court clarify that the legislative privilege only applies to documents and communications concerning the Board members'

March 6, 2018
Page 2

deliberative process.  The Board members should be ordered to immediately produce all documents not covered by the privilege and submit a privilege log listing documents they believe are covered by this narrow, qualified privilege.[1]

### B. BOARD MEMBERS CHARLES AND GERMAIN HAVE WAIVED THEIR CLAIM TO LEGISLATIVE PRIVILEGE

Messrs. Charles and Germain assert that they will "not produce any documents in response to the subpoena, and will not appear for [a] deposition concerning legislative matters[.]" Exs. 3-4.  Plaintiffs respectfully request the Court to compel Messrs. Charles and Germain's full compliance with the Subpoenas.

As with other privileges, the legislative privilege may be waived.  *See Rodriguez*, 280 F. Supp. 2d at 103.  Courts have found waiver of "any testimonial privilege" where individuals have previously provided voluntary testimony.  *See Gov't of the Virgin Islands v. Lee*, 775 F.2d 514, 520 n.7 (3d Cir. 1985).  Similarly, where an individual "places otherwise [supposedly] privileged communications at issue," such privilege is held to be waived.  *Davidson v. Goord*, 215 F.R.D. 73, 78 (W.D.N.Y. 2003).  Here, Messrs. Charles and Germain submitted declarations in support of the District's defense, which speak to their service as Board members, including their decisions to run for the Board, their campaigns, the elections, and their Board activities.  *See* ECF Nos. 79-1, 79-2.  As such, Messrs. Charles and Germain have "waived their claim of privilege through their participation in this action." *Rodriguez*, 280 F. Supp. 2d at 103.  Messrs. Charles and Germain cannot both support the District's defense and then assert legislative privilege as to all of their documents and limit their deposition testimony.  Nor can two Board members be declarants for the District, while the remaining Board members assert privilege.  Such posturing is a blatant use of privilege as both a sword and a shield.

### C. THE DISTRICT IS NOT IN COMPLIANCE WITH PLAINTIFFS' DISCOVERY REQUESTS TO ARON WIEDER

County legislator and former Board member Aron Wieder, declarant for the District, refuses to accept service and has evaded Plaintiffs' process server on four occasions.  Ex. 5.  On two such occasions, the process server spoke to family members who said Mr. Wieder was not at home.  On another attempt, the process server waited in front of Mr. Wieder's house for several hours while its occupants refused to answer the door although the process server observed an individual on the second floor and witnessed someone exit the house.  The process server also attempted to serve Mr. Wieder at a County legislator meeting, but Mr. Wieder was not present.

Counsel for the District informed Plaintiffs that it will not know whether it is representing Mr. Wieder as a former Board member until March 13, 2018.  This is too much of a delay for Plaintiffs given the expedited timeframe.  We therefore respectfully request that the Court order the District to make an immediate determination as to whether its counsel will represent Mr. Wieder and if so to accept service on his behalf.

---

[1] The Board members' assertion of legislative immunity is similarly inapplicable, as it applies to "immunity from *liability* for . . . legislative acts[.]" *Rodriguez*, 280 F. Supp. 2d at 94-95 (emphasis added).

 Respectfully submitted,

 s/ Claudia T. Salomon
 Claudia T. Salomon
 of Latham & Watkins LLP

cc: All Counsel of Record via ECF