```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------------x

 3   NATIONAL ASSOCIATION for the
     ADVANCEMENT of COLORED PEOPLE,
 4   SPRING VALLEY BRANCH, et al.,

 5                 Plaintiffs,

 6           -against-                          17 Civ. 8943(CS)(JCM)

 7   EAST RAMAPO CENTRAL SCHOOL
     DISTRICT, et al.,
 8
                   Defendants.
 9
     ------------------------------------x
10                                         United States Courthouse
                                           White Plains, New York
11                                         February 27, 2018

12
     B e f o r e:
13                     HONORABLE JUDITH C. McCARTHY,
                                   United States Magistrate Judge
14
     A P P E A R A N C E S:
15
     COREY A. CALABRESE
16   ELIZABETH PARVIS
             Attorneys for NAACP
17

18   PERRY GROSSMAN
     KEVIN JASON
19           Attorneys for NY Civil Liberties Union

20
     DAVID BUTLER
21   RANDALL M. LEVINE
             Attorneys for East Ramapo
22

23

24

25


                 Angela O'Donnell, RPR, 914-390-4025
```

1    THE CLERK: In the matter of the National Association
2    for the Advancement of Colored People, Spring Valley Branch
3    versus East Ramapo Central School District.
4         Counsel, please state your appearances for the
5    record.
6         MS. CALABRESE: Corey Calabrese and Elizabeth Parvis
7    from Latham & Watkins for plaintiff.
8         MR. GROSSMAN: Perry Grossman and Kevin Jason from
9    the New York Civil Liberties Union for plaintiffs.
10        MR. BUTLER: David Butler and Randall Levine for the
11   District defendant, your Honor. Your Honor, this is David
12   Butler. I'm out of the country, so Mr. Levine will be
13   addressing the Court in this call.
14        THE COURT: Thank you.
15        MS. MATTHEWS: Elyce Matthews and Monica Connell from
16   the Attorney General's office for Commissioner Elia.
17        THE COURT: Anybody else on the call? Okay.
18        So this is how we're going to proceed today. We are
19   putting this on the record in case anybody wants a transcript
20   or there's any rulings that I make today that you need to have
21   a transcript for. I'm going to ask that one person speak on
22   behalf of each of the parties. So I understand there's two
23   sets of defendants, so one counsel, whether -- I think
24   Mr. Butler has designated Mr. Levine, and Ms. Connell and
25   Ms. Matthews should decide who speaks and one person for the

1 plaintiffs.  It will be easier for me to follow.  If we were in
2 person, I wouldn't have to worry about that, but it's too many
3 people on the phone for me to follow all the voices, especially
4 because I don't know -- the only person's voice I'm familiar
5 with is Mr. Butler's.
6          So this was going to be a regular status conference,
7 but I also know that there's some issues that Mr. Butler
8 raised, and one was the timing of a deposition and the other
9 was document production.  From looking at plaintiff's letter,
10 my first question is is the document production issue now moot,
11 there may be other issues in the future on it, but is it moot
12 since you now have -- plaintiffs have produced a lot of
13 documents to you?
14          MR. LEVINE:  This is Randall Levine for the District.
15 Yes, your Honor.  There doesn't seem to be anything for the
16 Court to resolve today with respect to the document production
17 issue.  Around midnight on Friday plaintiffs produced a large
18 volume of documents and we're sorting through those.  We do
19 think that it would be useful for us to work out some kind of
20 schedule so that we don't have to keep chasing after the
21 plaintiffs, but that's something we'll first try to work out
22 ourselves.
23          THE COURT:  Okay.  And on the second issue regarding
24 the Rule 30(b)(6) witness scheduling, is that still an issue?
25          MR. LEVINE:  Yes, your Honor.

1            THE COURT:  I want to hear first from you,
2   Mr. Levine, and then I'll allow plaintiffs to also talk, and of
3   course the Attorney General's office is welcome to let me know
4   their position, too.
5            MR. LEVINE:  Thank you, your Honor.  The issue is
6   very straightforward.  We noticed the 30(b)(6) deposition of
7   the NAACP, one of the plaintiffs in this case.  We noticed it
8   first for February 19, or rather we first noticed it on
9   February 2nd, thereafter we had to reschedule it to accommodate
10  the State's attorney's schedule, so we reset the date for the
11  deposition to March 13th.  Eventually the plaintiffs got back
12  to us and informed us that they're not willing to produce their
13  designee for the NAACP until between March 21st and 23rd.  In
14  our view, that's far too late in the discovery schedule because
15  very shortly thereafter we have to submit affidavits of direct
16  examination to the Court in advance of the trial, and so we
17  have not been able to resolve this issue.
18           The reasons that the plaintiffs have offered for
19  their inability or unwillingness to produce a designee for the
20  NAACP don't strike us as reasonable at all given that this is
21  the NAACP's motion and the NAACP's accelerated discovery
22  schedule.  And so we're simply asking the Court to direct the
23  plaintiffs to produce their 30(b)(6) witness on the date that
24  we've noticed, March 13th or earlier.  If not, I suppose they
25  could file a motion for a protective order setting out their

```
 1   reasons why March 13th is unreasonable and why they can't
 2   produce somebody, but they haven't done so so far.
 3              THE COURT:  Remind me when the affidavits are due.
 4              MR. LEVINE:  That is March 26th.  I did, in the
 5   letter that we sent the Court, we misidentified the date as
 6   March 23rd, which is the Friday.  It's actually due the Monday
 7   after that.
 8              THE COURT:  Yes, March 26th is a Monday.  There's not
 9   a big difference.
10              MR. LEVINE:  Yes.
11              THE COURT:  Counsel, how come you can't produce your
12   witness on March 13th?
13              MS. CALABRESE:  Your Honor, for clarity purposes,
14   when this issue was raised to the Court, counsel for the
15   District was requesting that we produce our witness on
16   March 6th, 7th or 8th.  That was the last email that we
17   received from them.  So they're asking for dates before the
18   13th.
19              Mr. Trotman is unavailable on the 13th and is not
20   available until the 21st.  Discovery in this case is not set --
21              THE COURT:  Why is he not available on the 13th?
22              MS. CALABRESE:  He has a series of speaking
23   engagements --
24              THE COURT:  Where are those speaking engagements?
25              MS. CALABRESE:  Your Honor, at this point I might
```

1    need Mr. Grossman to weigh in.  I know you asked for one
2    designee, but he has been the one in contact with Mr. Trotman.
3            THE COURT:  Okay.  Mr. Grossman.
4            MR. GROSSMAN:  Thank you, your Honor.  This is Perry
5    Grossman.  Mr. Trotman has a medical appointment on the 13th.
6    It's part of a series of medical appointments that he has to go
7    through.  I believe the medical appointment is in Rockland
8    County.
9            THE COURT:  So he doesn't have a speaking engagement
10   on that day, it's a medical appointment.
11           MR. GROSSMAN:  On that particular day, your Honor.
12   On other days he has other medical appointments and other
13   speaking engagements.  On the 13th itself --
14           THE COURT:  Okay.
15           MR. GROSSMAN:  Yeah.
16           THE COURT:  Look it guys, I'm going to tell you
17   something.  I'm not pushing this date up against the affidavit
18   deadline.  I think that's highly prejudicial to the defendants.
19   They have noticed this deposition earlier, it had been noticed
20   for -- and unfortunately had to get rescheduled because of
21   counsel's availability, but we have to find a date before the
22   13th.  So we're going to do that right now.  If you tell me the
23   14th will work, I'm sure that defense counsel, if it works for
24   them, will find it, but I am not asking someone to do a
25   deposition and have to turn around and do an affidavit when the

1    deposition is on a Friday and the affidavit is due on a Monday.
2            So we have to get this done, find a time to get it
3    done beforehand.  The fact that I'm brokering this doesn't make
4    me happy, but that's the way we're going to do it right now.
5            So tell me about availability on every day starting
6    on March 1st.
7            MR. GROSSMAN:  Your Honor, hold on one moment, let me
8    call up Mr. Trotman's schedule.
9            THE COURT:  The thing is, plaintiffs have brought
10   this case and are moving on a fast pace and you have a
11   preliminary injunction hearing scheduled.  The Court has asked
12   for affidavits to assist them prior to the preliminary
13   injunction hearing.  The plaintiffs have to make their client
14   available.  You brought it, you need to be able to -- if he has
15   to coordinate his scheduled as such that he can't do things
16   that he previously scheduled, that's what happens when you
17   bring cases on a fast schedule.
18           The same way, Mr. Butler, I can guarantee you, if I
19   haven't heard it, Judge Seibel has heard it, has complained
20   about the speed in which the discovery has gone on this case.
21   But it's what happens.  Everybody -- you produced to them 19 --
22   I think it was 19,000 pages.  They can't get more time to
23   review it.  They're going to have to do that around the clock.
24           MR. GROSSMAN:  Your Honor, I believe, looking at
25   Mr. Trotman's schedule, I don't have all the way back to March

                    Angela O'Donnell, RPR, 914-390-4025

1   1st, I did request back to March 6th.  We could offer March 8th
2   for Mr. Trotman.
3              THE COURT:  How does that work --
4              MR. GROSSMAN:  (Unintelligible).
5              THE COURT:  How does that work for counsel?
6              MR. LEVINE:  That works just fine for us, your Honor.
7              MS. MATTHEWS:  It's fine for the Attorney General,
8   your Honor.
9              THE COURT:  And it's fine for Mr. Levine, I think I
10  heard.
11             MR. LEVINE:  Yes, your Honor.  That's fine for us.
12             THE COURT:  So the deposition of Mr. Trotman will
13  take place on March 8th.
14             Any other issues we want to talk about today?
15             MR. GROSSMAN:  Nothing from defendants, your Honor.
16  Nothing from the District, your Honor.
17             MS. MATTHEWS:  Nothing from the Attorney General,
18  your Honor.
19             MS. CALABRESE:  Nothing at this time, your Honor.
20             THE COURT:  So let's schedule another conference for
21  two weeks from now to see how everything's going.  That's going
22  to be a problem for me, because I'm actually at a conference
23  two weeks from now, so let's move it to -- oh, I'm looking
24  at -- I just moved my month.  I was looking at April, not
25  March.  I really want to be going away.  So today is the 27th,

                     Angela O'Donnell, RPR, 914-390-4025

1   two weeks from now is week of the 13th.
2           Ms. Hummel, what do I have?  We have the 12th.  Do
3   you have anything on the 14th or 15th?
4           THE CLERK:  We can do 14th, 11:30.
5           THE COURT:  Does March 14th at 11:30 work for counsel
6   for a telephone call?
7           MS. MATTHEWS:  That's fine for the State, your Honor.
8           MR. LEVINE:  That works for the District, your Honor.
9           MS. CALABRESE:  Our reply is due that day, but we can
10  definitely make it work.
11          THE COURT:  I didn't hear what you said,
12  Ms. Calabrese.
13          MS. CALABRESE:  We can make that day work.  Yes, your
14  Honor.
15          THE COURT:  I might have something later on that day
16  if it works better for you.  That's my first availability on
17  the 14th, unless I have a settlement conference in the
18  afternoon.  I can be available in the afternoon, if that works
19  better.
20          MS. CALABRESE:  I think 11:30 should be fine.
21          THE COURT:  So we'll talk on March 14th at 11:30.
22          Please, also, I do want to caution you, Mr. Butler, I
23  understand you are on a tight schedule, I understand you're
24  anxious to get things before the Court so time is not delayed
25  and I have encouraged that, but serving something in the wee

1    hours of the morning and then expecting a response and serving
2    a letter on the Court just a few hours after that really isn't,
3    in my mind, meeting and conferring.  I want you to pick up the
4    phone.  I want you to try to talk to them.  There are clearly a
5    lot of plaintiffs on the other side.  I'm sure you would have
6    been able to reach one of them, and I expect that to be how
7    everybody proceeds in the future, that you really do try to
8    have a conversation about it before I get a letter.  And if I
9    find that there's problems with that and this continues to go
10   on, I will require all letters to be joint.  Okay?
11            MR. BUTLER:  Understood, your Honor.
12            THE COURT:  Thank you very much, Counsel.  Have a
13   good day.  And safe travels, Mr. Butler.
14            MR. BUTLER:  Thank you.
15            MS. MATTHEWS:  Thank you, your Honor.
16            THE COURT:  Bye.
17            (Proceedings concluded)
18   Certified to be a true and accurate
19   transcript of the digital electronic
20   recording to the best of my ability.
21   _____
22   U.S. District Court
23   Official Court Reporter
24
25

              Angela O'Donnell, RPR, 914-390-4025