# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRING VALLEY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, JULIO CLERVEAUX, CHEVON DOS REIS, ERIC GOODWIN, JOSE VITELIO GREGORIO, DOROTHY MILLER, HILLARY MOREAU, AND WASHINGTON SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>EAST RAMAPO CENTRAL SCHOOL DISTRICT and MARYELLEN ELIA, IN HER CAPACITY AS THE COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK,<br><br>Defendants. | 17 Civ. 8943 (CS)(JCM) |

**PLAINTIFFS SPRING VALLEY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, JULIO CLERVEAUX, CHEVON DOS REIS, ERIC GOODWIN, JOSE VITELIO GREGORIO, DOROTHY MILLER, HILLARY MOREAU, AND WASHINGTON SANCHEZ
AMENDED ATTACHMENT A TO NON-PARTY BOARD MEMBERS' SUBPOENAS *DUCES TECUM***

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Local Civil Rules 26.3 and 26.4, and the Court's instructions during the March 14, 2018 discovery conference, Plaintiffs Spring Valley Branch of the National Association for the Advancement of Colored People, Julio Clerveaux, Chevon Dos Reis, Eric Goodwin, Jose Vitelio Gregorio, Dorothy Miller, Hillary Moreau and Washington Sanchez (collectively, the "Plaintiffs"), by and through their undersigned attorneys, request that non-party East Ramapo Central School District ("District") Board members Harry Grossman, Jacob Lefkowitz, Yonah Rothman, Yehuda Weissmandl, Mark Berkowitz, Bernard L. Charles, Jr., Joel Freilich, and Pierre Germain, and

non-party former Board member Aron Wieder (the "Board Members"), produce documents and communications responsive to the following requests. These requests replace those previously served on the above listed Board Members on February 13, 2018 and February 20, 2018, respectively.

## DEFINITIONS

1. The term "this Action" means the above-captioned lawsuit.

2. The term "District" refers to Defendant East Ramapo Central School District, together with its employees, agents and any other person that or who is acting or has ever acted for or on behalf of it (including accountants, advisors, consultants, and attorneys).

3. The term "Board" refers to the Board of Education for the District, together with its employees, agents, and any other person that or who is acting or has ever acted for or on behalf of it (including accountants, advisors, consultants, and attorneys).

4. The term "Board Member" refers to current members of the District's Board of Education, Harry Grossman, Jacob Lefkowitz, Yonah Rothman, Yehuda Weissmandl, Mark Berkowitz, Bernard L. Charles, Jr., Joel Freilich, and Pierre Germain, and former member Aron Wieder.

5. The terms "Communication," "Document," "Identify," "Parties," "Person" and "Concerning" are defined as set forth in Local Civil Rule 26.3.

6. The term "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic,

magnetic, digital or other means. ESI includes, by way of example only, activity listing of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full e-mail aliases (not merely "display names"), electronic calendars, document management system data, operating systems, all metadata, source codes of all types, peripheral, drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file, or fragment. ESI includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, flash drives, pen drives, or thumb drives, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs, and containers and labels associated with any physical storage device associated with each original and copy.

7. The terms "You" and "Your" mean the District and, without limitation, any affiliate, agent, representative, employee or other person acting or purporting to act on Your behalf or under Your control.

8. The term "relate" and its variants, including "relating to" or "related to," shall mean and encompass the terms "concern," "refer," "describe," "evidence," "prove," "disprove," "summarize," "reflect," "contain," "concern," "analyze," "explain," "mention," "discuss," "constitute" and any variants of those terms, and shall be construed to bring within the scope of the Requests all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of, the

subject matter of the Requests, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, support, demonstrate, show, study, describe, analyze, embody, mention, contradict or result from the matter specified, or otherwise evidence the existence of the subject matter of the Requests.

9. The term "including" shall be construed as "including, but not limited to" and shall not limit the scope of any Requests.

10. The terms "any," "all," "each," "and" and "or" shall be construed according to Local Civil Rule 26.3.

11. To the extent necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular. The use of masculine, feminine or neutral gender shall include each gender, as appropriate in context.

## INSTRUCTIONS

A. You are instructed to provide or make available for inspection and copying documents in Your possession, custody or control.

B. All documents and communications shall be produced in the format provided in Attachment A – Production Format Protocol.

C. If You contend that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), You shall timely identify such ESI with reasonable particularity and provide the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, the likely costs that might be incurred in producing such ESI, the method used for storage of such ESI (e.g., the type of system used to store the ESI) and the places in which such ESI is kept.

D. If any portion of a document is responsive to the Requests, You are to produce the entire document, including any and all attachments, enclosures, cover letters, transmittal sheets, exhibits and appendices.

E. If any Request is deemed objectionable on the grounds of privilege, work product or any other privilege or immunity from disclosure, answer the Request with such non-privileged information as may be available, and identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. Additionally, You shall set forth the following information: (i) the type of document (*e.g.*, letter or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s) or sender(s) of the document; (v) the addressee(s) or recipient(s) of the document; (vi) where not apparent, the relationship of the author, addressees, and recipients to each other; and (vii) the factual and legal basis for the privilege assertion.

F. If any Request is objected to as overbroad, You are instructed to respond to the Request as narrowed to conform to Your objection within the time period specified herein.

G. Unless otherwise noted, the applicable date range for these Requests is January 1, 2005, through the present (the "Relevant Period"), and shall include all documents and information that relate to such period, even though prepared or published outside of the Relevant Period.

H. These Requests shall be deemed continuing in nature to require further and supplemental production by You as and whenever You acquire or create additional documents between the time of Your initial production and the time of trial, in accordance with the Federal Rules of Civil Procedure. All responsive documents dated, prepared, drafted, sent,

obtained or received during, or that refer to or concern, such time period, shall be produced unless otherwise indicated.

## REQUESTS FOR PRODUCTION

Produce all documents relating to the following matters:

1. Communications and Documents relating to each Board Member's candidacy or application for or receipt of any public office, specifically:

   a. Each Board Member's expression of interest in candidacy or application for any public office or any solicitation or encouragement of the Board member's interest in candidacy or application for public office by anyone else;

   b. Any expressions of interest in candidacy or application for any public office received by any Board Member or any solicitation or encouragement on the part of the Board Member for any other person's interest in candidacy or application for any public office;

   c. Each Board Member's campaign materials, including publications such as flyers, palm cards, sample ballots, advertisements, newsletters, policy statements, press releases, and web-site content for any campaign for public office;

   d. Each Board Member's solicitation, receipt, or expression of any endorsement of candidacy or application for public office by any community leaders or community organizers, or any civic, political, or religious organizations;

   e. Each Board Member's solicitation or receipt of any contributions, whether monetary or non-monetary, by any community leaders or community organizers, or civic, political, or religious organizations;

   f. Expenditures for each Board Member's campaign for a seat on the Board; and

    g.  Communications and Documents relating to efforts to encourage voter turnout in support of each Board Member's election, whether on his own part or performed on his behalf by anyone else.

    For the avoidance of any doubt, Request No. 1 calls for Communications and Documents that relate to campaigns or applications for public office and therefore do not pertain to the Board Members' acts of legislative deliberation, to the extent the Board Members may act in a legislative capacity.

    2.  Communications and Documents between any Board Member, on the one hand, and non-Board Member third parties, on the other hand, including communications made over the Internet, whether through e-mail, social media, message boards, forums, comments, instant messages, or any other medium, relating to or regarding:

    a.  Inquiries, whether formal or informal, for services or benefits for the District's private schools;

    b.  Complaints, whether formal or informal, regarding the quality of education, teacher and administrative staffing, school conditions, course offerings, extracurricular activities, scheduling, transportation, special education services and accommodations, and/or English Language Learner services and accommodations in the District's public schools;

    c.  Statements relating to the conduct of members of the public engaged in any activities, whether formal or informal, critical of Board members or the Board or District.

    d. Statements concerning any complaints, whether formal or informal, relating to the conduct of Board meetings generally, or the conduct of individual Board members at Board meetings.

    For the avoidance of any doubt, Request No. 2 seeks communications with and documents between any Board Member, on the one hand, and non-Board member third parties, on the other hand, but does not seek communications among Board Members or documents pertaining to any legislative decision-making, to the extent the Board Members may act in a legislative capacity.

    3. Documents sufficient to show the source and quantity of personal income received by each Board member during the relevant time period, including:

    a. Whether any Board Member is employed by or does contract work for the District or any public or nonpublic schools in the District;

    b. Whether any Board Member is employed by or does contract work for any operated business in the District;

    c. Whether any Board Member is employed by or receives financial support from any other public offices;

    d. Whether any Board Member owns or works for a business that makes financial or in-kind contributions to Board candidates or performs any paid services for candidates for political office;

    For the avoidance of any doubt, Request No. 3 seeks only personal income and employment documents, not documents concerning Board deliberations on legislative policies or decisions.

    4.  Communications and Documents concerning the Board's administrative decisions, specifically Communications and Documents sufficient to show:

      a.  Policies and procedures, whether formal or informal, concerning the appointment of Board members upon a Board vacancy, including relevant qualifications for appointees, and how potential appointees are identified by the Board;

      b.  Applications for appointments to fill Board vacancies, including resumes or statements submitted to the Board by each applicant;

      c.  Endorsements or expressions of support by current Board members for any particular applicant seeking to fill a Board vacancy;

      d.  Complaints from members of the public regarding the appointment of any individual to a vacant seat on the Board or the decision not to appoint any particular individual to a vacant seat on the Board, and the Board's responses to any such complaints;

      e.  Positions and statements concerning the Board's relative distribution of financial resources to public and non-public schools; and

      f.  Information relevant to Board positions and statements that were not distributed equally to all Board members.

Dated: March 15, 2018
       New York, New York

/s/ Claudia T. Salomon
_____
Claudia T. Salomon
Corey Calabrese
Claudia.Salomon@lw.com
Corey.Calabrese@lw.com
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Phone: (212) 906-1200

Arthur Eisenberg
aeisenberg@nyclu.org
Perry Grossman
pgrossman@nyclu.org
New York Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Phone: (212) 607-3329

*Attorneys for Plaintiffs*