# Morgan Lewis

**David J. Butler**
+1.202.373.6723
david.butler@morganlewis.com

March 19, 2018

**VIA ECF**

Hon. Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:   *NAACP, Spring Valley Branch, et al. v. East Ramapo Central School District, et al.*, Civil <u>Action No. 7:17-cv-08943</u>

Dear Judge McCarthy:

  Attached please find our letter brief in response to Plaintiffs' letter motion to compel compliance with the third party subpoenas they have served on the non-party members of the Defendant East Ramapo Central School District's board of education.  We write separately to advise this Court that the District and Plaintiffs have agreed to a stipulation regarding the forthcoming hearing on Plaintiffs' motion for preliminary injunction.  The stipulation removes any sense of urgency associated with Plaintiffs' motion to compel.

  In short, the Parties have stipulated to limit the evidence at the hearing to the testimony of the Parties' respective expert witnesses.  The Parties agree that they may seek to admit documents on cross-examination, but the scope of documents is limited to those included with the Parties' pre-hearing briefing, the expert's prior statements, the expert's own deposition transcripts, documents made exhibits to the expert's own deposition transcripts, and publicly available documents.  Accordingly, Judge Seibel will decide the motion for preliminary injunction largely on the basis of the pre-hearing papers and their attachments, but with the benefit of live expert testimony regarding the statistical analysis of the District's voting patterns.  In light of that agreement, the Parties also have agreed to stay all pending pre-hearing discovery requests, both as to parties and to non-parties, until two weeks after Judge Seibel's decision on the motion for preliminary injunction.

  Based upon the foregoing, there appears to be no need for this Court to decide Plaintiffs' motion on an accelerated basis, nor is there any urgency for the Parties to appear to argue the motion on Wednesday, March 21.  Even if this Court were to grant Plaintiffs' motion to compel, no evidence produced in response to the third party subpoenas would be introduced or relied upon in the hearing.

  Nevertheless, Plaintiffs would not agree to stay their motion to compel pending Judge Seibel's decision on their motion for preliminary injunction.  As a condition to entering into the stipulation, Plaintiffs have insisted that we go forward in opposing their motion to compel.  While this strikes us as needlessly wasteful of both the Parties' and the Court's time and energy since the decision on the motion to compel would have no influence either on the hearing or on Plaintiffs' request for a preliminary injunction, at Plaintiffs' insistence—and over our objection—we hereby submit our attached letter brief in response to Plaintiffs' letter motion to compel.  Please let us know whether the Court still would like us to appear this Wednesday afternoon or whether some other approach would be preferred in light of the Parties' stipulation.

                  Respectfully submitted,

                  *David J. Butler*