# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

March 19, 2018

<u>**VIA ECF AND EMAIL**</u>

Hon. Judith C. McCarthy
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *National Association for the Advancement of Colored People,*
       <u>*Spring Valley Branch v. East Ramapo Central School District*</u>, No. 17 Civ. 8943

Dear Judge McCarthy:

      We submit this letter in reply to the Board members' letter dated March 19, 2018 (ECF 107) regarding the need and timing for the Court's resolution of Plaintiffs' motion to compel Board member discovery.

      To Plaintiffs' surprise, counsel for Defendant East Ramapo Central School District ("District") and the Board members submitted with their letter an unsigned draft of the agreement in principle between counsel for Plaintiffs and the District stamped with the header "FOR CONSIDERATION – WITHOUT PREJUDICE" (ECF 107-3) ("Draft Stipulation").  The language in the header of the Draft Stipulation is a clear indication that the document is a draft and cannot be used as evidence for any purpose.  Counsel for Plaintiffs requested that counsel for the District withdraw the Draft Stipulation, which they have refused to do.

      While the parties do have an agreement in principle regarding the hearing on Plaintiffs' Motion for Preliminary Injunction and the scope of evidence that the Court should consider in determining whether to grant Plaintiffs' Motion for Preliminary Injunction, the Stipulation is not finalized.  Importantly, the proposed agreement is subject to the production of data files from the District's expert, Dr. Alford, which Plaintiffs still have not received. Unless and until these data files are produced, there can be no Stipulation, leaving the parties and the Court uncertain regarding the appropriate timing of various discovery matters.

      Even assuming the Parties finalize their agreement in principle regarding Plaintiffs' Motion for Preliminary Injunction, there is nonetheless a need for an expedited resolution of Plaintiffs' motion to compel the Board members' discovery.  Following the preliminary injunction hearing, this case requires an expedited scheduling of the trial on the merits.  Elections

LATHAM&WATKINS LLP

should not be held if the electoral system violates the Voting Rights Act. The ultimate implementation of an electoral system that comports with the Voting Rights Act is, therefore, a matter of considerable urgency.

We seek a resolution of this dispute expeditiously so that the Board members produce any ordered discovery two weeks after the hearing, as agreed to in principle, instead of engaging in further delay tactics. In the interest of expedition it is important to know, sooner rather than later, the ground-rules under which that production is to take place. We request that the Court keep the March 21, 2018 hearing on the calendar, as the parties have now fully briefed the issues.

Respectfully submitted,

/s/ Claudia T. Salomon
Claudia T. Salomon

cc: All Counsel of Record (via ECF and email)