## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NAACP, SPRING VALLEY BRANCH,** *et al.*, | **ECF CASE** |
| **Plaintiffs,** | **Case No. 7:17-cv-08943** |
| **v.** | **DISTRICT JUDGE**<br>**CATHY SEIBEL** |
| **EAST RAMAPO CENTRAL SCHOOL DISTRICT,** *et al.*, | |
| **Defendants.** | **MAGISTRATE JUDGE**<br>**JUDITH C. MCCARTHY** |

## ANSWER TO THE COMPLAINT

Defendant East Ramapo Central School District ("the District"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby submit its Answer to Plaintiffs' Complaint (Dkt. No. 1) ("Complaint"), and for its Answer states as follows:

## PRELIMINARY STATEMENT

The allegation in the unnumbered paragraph that follows the heading "Complaint" states a legal conclusion to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

## NATURE OF THE ACTION

1.      The allegations in Paragraph 1 describe the Complaint itself. Because the Complaint speaks for itself, no response is required. To the extent Paragraph 1 contains statements that do not refer to the Complaint, those statements are legal conclusions to which no response is required. To the extent a response is deemed necessary, the District lacks sufficient information or belief to admit or deny the allegations in Paragraph 1, so the allegations are denied.

2.      Paragraph 2 contains legal conclusions to which no response is required. To the

extent a response is deemed necessary, the District lacks sufficient information or belief to admit or deny the allegations in Paragraph 2, so the allegations are denied.

3.      The allegations in Paragraph 3 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

4.      The allegations in Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

5.      The allegations in Paragraph 5 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

6.      The allegations in Paragraph 6 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

7.      The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 7, so the allegations are denied.

## PARTIES

8.      The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 8, so the allegations are denied.

9.      Denied.

10.      The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 10, so the allegations are denied.

11.      The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 11, so the allegations are denied.

12.      The District lacks sufficient information or belief to admit or deny the allegations

in Paragraph 12, so the allegations are denied.

13.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 13, so the allegations are denied.

14.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 14, so the allegations are denied.

15.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 15, so the allegations are denied.

16.     The District admits that it is a political subdivision of the state of New York, that it operates 14 public schools, that approximate 8,472 students attend public schools in the District, that there are approximately 27,000 people who reside in the District and attend private school, and that the District includes parts of the towns of Ramapo, Haverstraw, and Clarkstown, including parts of the villages of Spring Valley, Monsey, Wesley Hills, New Hempstead, Chestnut Ridge, Suffern, Nanuet, New City, and Pearl River.  The balance of the allegations contained in Paragraph 16 is denied.  To the extent the footnotes contain allegations, no response is required as the cited documents speak for themselves.

17.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 17, so the allegations are denied.  To the extent the footnotes in this paragraph contain allegations, no response is required as the cited documents speak for themselves.

18.     The District admits that the Board consists of nine Trustees who are elected by voters residing in the District, that at-large elections are held on the third Tuesday in May, and that voters elect three board members each year.  The District denies that the most recent at-large election for three seats on the Board was held on May 16, 2017.  The balance of Paragraph 18 contains legal conclusions which does not require a response.  To the extent a response is re-

quired, the allegations are denied.

19.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 19, so the allegations are denied.

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations in Paragraph 20, so the allegations are denied.

<u>**JURISDICTION AND VENUE**</u>

21.     Admitted.

22.     Admitted.

<u>**FACTUAL ALLEGATIONS**</u>

23.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 23, so the allegations are denied.  To the extent the footnotes in this paragraph contain allegations, no response is required as the cited documents speaks for themselves.

24.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 24, so the allegations are denied.

25.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 25, so the allegations are denied.  To the extent the footnote in this paragraph contains allegations, no response is required as the cited document speaks for itself.

26.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 26, so the allegations are denied.

**A.      The District lacks sufficient information or belief to admit or deny the allegations in Heading A, so the allegations are denied.**

27.     The District lacks sufficient information or belief to admit or deny the allegations

in Paragraph 27, so the allegations are denied.  To the extent the footnote in this paragraph contains allegations, no response is required as the cited document speaks for itself.

28.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 28, so the allegations are denied.

29.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 29, so the allegations are denied.

**B.  Denied.**

30.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 30, so the allegations are denied.  To the extent the footnote in this paragraph contains allegations, no response is required as the cited document speaks for itself.

31.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 31, so the allegations are denied.

32.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 32, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.

33.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 33, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.

34.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 34, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.

35.    The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 35, so the allegations are denied.  To the extent the allegation is recounting a report

by Henry Greenberg, no response is required as the report speaks for itself.

36.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 36, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.  To the extent the footnotes in this paragraph contain allegations, no response is required as the cited documents speak for themselves.

37.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 37, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.  To the extent the footnote in this paragraph contains allegations, no response is required as the cited document speaks for itself.

38.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 38, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.  To the extent the footnote in this paragraph contains allegations, no response is required as the cited document speaks for itself.

39.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 39, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.

40.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 40, so the allegations are denied.  To the extent the allegation is recounting a report by Henry Greenberg, no response is required as the report speaks for itself.  To the extent the footnote in this paragraph contains allegations, no response is required as the cited document

speaks for itself.

41.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 41, so the allegations are denied.

**C.     The District lacks sufficient information or belief to admit or deny the allegations in Heading C, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.**

42.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 42, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

43.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 43, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

44.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 44, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

45.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 45, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

46.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 46, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

47.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 47, so the allegations are denied.  To the extent the allegation is recounting a report,

no response is required as the report speaks for itself.

48.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 48, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

49.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 49, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

50.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 50, so the allegations are denied.  To the extent the allegation is recounting a report, no response is required as the report speaks for itself.

**D.      Heading D contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations in Heading D, so the allegations are denied.**

51.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 51, so the allegations are denied.

52.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 52, so the allegations are denied.  To the extent this paragraph recounts state assessments, reports, or data, no response is required as the assessments, reports, and data speak for themselves.

53.     The District lacks sufficient information or belief to admit or deny the allegations in Paragraph 53, so the allegations are denied.

## VOTING RIGHTS ACT ALLEGATIONS

54.     Paragraph 54 contains legal conclusions to which no response is required.  To the

extent a response is required, the allegations are denied.

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

**A.     No response is required as heading A does not contain any allegations.**

56.     Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

57.     Paragraph 57 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.  To the extent that the allegations in Paragraph 57 recount the 2011-2015 American Community Survey, no response is required as the survey speaks for itself.

58.     Paragraph 58 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

**B.     No response is required as heading B does not contain any allegations.**

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.  To the extent the footnote in this paragraph con-

tains allegations, no response is required as the cited document speaks for itself.

62.    Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

63.    Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

64.    Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

65.    Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

66.    Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

67.    Paragraph 67 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.  To the extent the footnote in this paragraph contains an allegation, no response is required as the cited document speaks for itself.

68.    Paragraph 68 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

69.    Paragraph 69 contains legal conclusions to which no response is required.  To the

extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

71.     Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

## CLAIM FOR RELIEF

72.     Paragraph 72 reasserts the allegations contained in paragraphs 1 through 71 of the Complaint.  Because the paragraph does not contain any allegations, no response is required.  To the extent a response is required, the District reasserts its response to each of paragraphs 1 through 71.

73.     Paragraph 73 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

74.     Paragraph 74 contains legal conclusions to which no response is required.  To the extent a response is required, the District lacks sufficient information or belief to admit or deny the allegations, so the allegations are denied.

## DEMAND FOR RELIEF

75.     Paragraphs "1" through "6" under the heading "Demand for Relief" are demands for relief to which no response is required.  To the extend a response is deemed necessary, the District denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Defendant East Ramapo Central School District (the "District") asserts the following affirmative defenses to the claims asserted in the Complaint :

1.      Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and/or repose.

2.      Plaintiffs' claims fail, in whole or in part, because they are non-justiciable.

3.      Plaintiffs' claims are non-justiciable, in whole or in part, because the District lacks legal authority under state law to alter or amend its system of elections and the Court lacks jurisdiction over any state party with such authority under state law that may be compelled to give effect to any order entered by the Court intended to remedy Plaintiffs' alleged injury.

4.      Plaintiffs' claims are barred, in whole or in part, by doctrine of election of remedies.

5.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches and estoppel.

6.      Plaintiffs' claims fail, in whole or in part, to state a claim upon which relief may be granted.

7.      Plaintiffs' claims fail, in whole or in part, to state a claim upon which relief may be granted under the Voting Rights Act, because the results of at-large elections in the District are not motivated by racial bias or animus in the electorate, and non-racial justifications explain election results in the District.

8.      Plaintiffs' claims fail, in whole or in part, for failure to join necessary parties.

9.      Plaintiffs' claims fail, in whole or in part, for lack of standing.

10.     No acts or omissions on the part of Defendants proximately caused any injury or

damage to Plaintiffs.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res judicata*.

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of *collateral estoppel*.

13.     Defendants reserve the right to amend this Answer, including adding additional claims, defenses, affirmative defenses, counter-claims and third-party claims, upon further discovery of this matter.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing the Complaint with prejudice, awarding Defendants their costs in defending this action, and granting such other and further relief as is just and proper.

Dated: May 10, 2018                    MORGAN, LEWIS & BOCKIUS LLP

                                       s/ *David J. Butler*
                                       David J. Butler
                                       Randall Levine
                                       101 Park Avenue
                                       New York, NY 10178
                                       T: (212) 309-6000
                                       F: (212) 309-6001
                                          -and-
                                       1111 Pennsylvania Avenue, NW
                                       Washington, DC 20004
                                       T: (202) 739-3000
                                       F: (202) 739-3001
                                       david.butler@morganlewis.com
                                       randall.levine@morganlewis.com

                                       *Counsel for Defendant*
                                       *East Ramapo Central School District*

## CERTIFICATE OF SERVICE

I hereby certify that on, May 10, 2018, a true and correct copy of the foregoing was

served by e-mail on the following:

> Perry Grossman
> pgrossman@nyclu.org
> Kevin Eli Jason
> kjason@nyclu.org
> New York Civil Liberties Union
> 125 Broad Street
> New York, NY 10004
>
> Corey Anne Calabrese
> corey.calabrese@lw.com
> Elizabeth Anna Parvis
> elizabeth.parvis@lw.com
> Claudia Theda Salomon
> claudia.salomon@lw.com
> Latham & Watkins LLP (NY)
> 885 Third Avenue
> New York, NY 10022
>
>
> *Counsel for Plaintiffs*
>
>
> s/ David J. Butler
> David J. Butler

1