UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, SPRING
VALLEY BRANCH; JULIO CLERVEAUX; CHEVON
DOS REIS; ERIC GOODWIN; JOSE VITELIO
GREGORIO; DOROTHY MILLER; HILLARY MOREAU;
and WASHINGTON SANCHEZ,

                                Plaintiffs,

                  - against -

EAST RAMAPO CENTRAL SCHOOL DISTRICT,

                                Defendant.
------------------------------------------------------------------------x

**ORDER**

No. 17-CV-8943 (CS)

Seibel, J.

On May 8, 2018, the District filed a letter requesting clarification of some of my reasons for denying its motion to dismiss, raising the concern that my April 13, 2018 ruling foreclosed its argument that non-racial factors drove the election results at issue. (Doc. 130.) Plaintiffs responded on May 9, 2018, asserting that the District's letter was without merit. (Doc. 131.)

The District may argue that non-racial factors drove the election results, as that argument is not foreclosed by my ruling. That non-racial factors may explain the election results, however, is not dispositive of a Section 2 claim, *see, e.g.*, *Goosby v. Town Bd. of the Town of Hempstead*, 956 F. Supp. 326, 355 (E.D.N.Y. 1997) ("[T]he fact that divergent voting patterns may logically be explained by a factor other than race does not end the inquiry . . . . [E]ven if proof of a race-neutral cause of divergent voting patterns is forthcoming, the defendant does not automatically triumph.") (alteration and internal quotation marks omitted), *aff'd*, 180 F.3d 476 (2d Cir. 1999), and therefore is not a proper basis for granting a motion to dismiss. When I ruled that "it does not matter if the District's politics are not driven by racial bias," (Tr. at 21:21-22), I meant that

1

where a plausible claim is stated, the possible existence of other explanatory factors does not matter in the motion-to-dismiss context, and that to the extent "driven by racial bias" suggested intentional bias, the absence of intentional bias was irrelevant.

The District also states that it does not understand my ruling that its arguments regarding non-racial justifications were raised for the first time on reply or that the issues of which side's expert is correct are factual questions that require a hearing.  The District submitted a combined brief in opposition to Plaintiffs' motion for a preliminary injunction and in support of the District's cross-motion to dismiss.  (Doc. 76.)  That brief focused almost entirely on the District's opposition to the preliminary injunction, and many of its arguments were based on material not properly considered on a motion to dismiss.  It was only in the reply brief that the District argued – or at least that I understood the District to argue – that the facts as alleged by Plaintiffs alone showed a non-racial explanation for the challenged voting patterns.  As for my ruling concerning the experts, I meant that the issue of how each expert's conclusions bear on the question of whether election outcomes result from policy disagreements or vote dilution are factual questions that cannot be reached on a motion to dismiss.[1]

Finally, Plaintiffs' May 9 letter also notes that the District failed to timely answer the Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).  (Doc. 131.)  The District subsequently filed its Answer on May 10, 2018.  (Doc. 132.)  Given the District's participation in this action, the public policy favoring resolving disputes on the merits, and the fact that the delay did not significantly prejudice Plaintiffs, the District's Answer stands.  *See,*

---

[1]  I did not and do not understand Plaintiffs to be conceding that the election results are not skewed by race-based vote dilution.

*e.g.*, *Panzella v. Cty. of Nassau*, No. 13-CV-5640, 2015 WL 224967, at *1 (E.D.N.Y. Jan. 15,

2015) (collecting cases).

**SO ORDERED.**

Dated: May 11, 2018
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.