53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

**LATHAM & WATKINS LLP**

September 19, 2018

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *National Association for the Advancement of Colored People,*
      *Spring Valley Branch v. East Ramapo Central School District*, No. 17 Civ. 8943

Dear Judge McCarthy:

I write on behalf of Plaintiffs in the above-referenced action to set-forth ongoing discovery disputes among the parties that may require judicial intervention.

**Depositions of Board Members Harry Grossman and Yehuda Weissmandl**

On Tuesday September 18, 2018, the parties met and conferred concerning various outstanding discovery matters, including Plaintiffs' deposition notices for Harry Grossman and Yehuda Weissmandl, which Plaintiffs served over seven months ago.[1]  During that meet and confer, Plaintiffs learned for the first time that board members Harry Grossman and Yehuda Weissmandl are continuing to object to their February 13, 2018 deposition subpoenas on the basis of legislative privilege and/or immunity.  Their objection violates of the Court's April 27, 2018 order (ECF No. 124) and, as set forth in the Court's order, is contrary to well-established

---

[1] The meet and confer was held at the District's request.  Counsel for the District first emailed Plaintiffs on Monday September 17, 2018 to schedule a meet and confer concerning the deposition notices for Messrs. Grossman and Weissmandl, ten days after Plaintiffs emailed the District to schedule depositions for Messrs. Grossman and Weissmandl, among others.  Plaintiffs first learned of this deposition issue on Tuesday afternoon, September 18, 2018, and the District responded to Plaintiffs' September 11, 2018 letter regarding the discovery issues discussed herein on Tuesday evening.  *See* District's 9/18 Letter, attached as Ex. 1; Plaintiffs' 9/11 Letter, attached as Ex. 2; *see also* District's 9/4 Letter attached as Ex. 3.  In light of that timing, and the intervening Yom Kippur holiday, the parties have not had an opportunity to further meet and confer on the issues set forth in this letter.

**LATHAM&WATKINS**LLP

case law that "legislators may, at times, be called upon to . . . testify at depositions." *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 95 (S.D.N.Y. 2003), *aff'd*, 293 F. Supp. 2d 313 (S.D.N.Y. 2003).

As the Court is aware, the issue of legislative privilege has already been fully briefed, argued, and decided upon in this matter. The parties' briefing to the Court on this subject specifically addressed both deposition testimony and document requests. *See, e.g.,* ECF Nos. 86, 106, 107-1. With respect to legislative immunity, the Court has already held that "legislative immunity does not shield the Board members from responding to any of Plaintiffs' discovery requests." April 27, 2018 Order, ECF No. 124 at 8. Nor does the doctrine of legislative privilege shield Messrs. Grossman or Weissmandl from being deposed; they both have already produced documents responsive to the Plaintiffs' Amended Requests for Production which the Court ruled were not covered by the legislative privilege. *See id.* at 9-13. At minimum, Plaintiffs are entitled to depose Messrs. Grossman and Weissmandl to ask about non-privileged documents produced in response to Plaintiffs' requests, and to ask questions that do not call for testimony that would be protected by the legislative privilege. If the District believes any questions during the deposition of Messrs. Grossman and Weissmandl would call for testimony covered by the legislative privilege, they may object at that time.[2]

**2015 Voter File**

Plaintiffs and the District have an ongoing dispute regarding the production of voter history data from the District's election vendor for the 2015 Board election (the "2015 Voter File"). This data includes both the voters that actually cast ballots and the polling places at which those ballots were cast and is necessary for Plaintiffs' experts to analyze racial voting patterns in the District. The District produced the 2015 Voter File to Plaintiffs in .pdf format. On August 22, Plaintiffs reached out to the District to ask whether it would be possible to produce the 2015 Voter File in Microsoft Excel format.[3] The District responded affirmatively, and made its production on August 30, 2018. During the course of their analysis, Plaintiffs' experts discovered that the 2015 Voter File produced to the Plaintiffs suffered from a critical export issue, i.e., the data on the polling places to which each voter was assigned did not accurately reflect the polling places actually used during the 2015 election. This inaccuracy prohibited Plaintiffs' experts from relying on this data.

Upon discovery of the data export issue, Plaintiffs immediately reached out to the District for a corrected version of the file, which the District has refused to produce. As is clear in the

---

[2] Plaintiffs received the District's First Consolidated Privilege Log on September 18, 2018. In addition to claiming the attorney-client and attorney work-product privileges, the District has claimed legislative privilege over numerous documents. Plaintiffs are currently reviewing the sufficiency of the District's privilege log, including its compliance with the Court's April 27, 2018 Order. Should Plaintiffs take issue with any of the assertions of privilege, legislative or otherwise, with respect to specific documents, Plaintiffs will meet and confer with the District in a good faith attempt to resolve the dispute before bringing the issue before the Court.

[3] Plaintiffs' request was for the 2015-2018 voter files, but the only outstanding issue is with regard to the 2015 Voter File.

**LATHAM&WATKINS**LLP

District's most recent email on the issue, the District refuses to even ask its election vendor whether it is possible to generate the 2015 Voter File with the correct polling places. *See* Sep. 17, 2018 email from R. Levine, attached as Ex. 4. Instead, the District claims that it does not have to correct its production because "a party has no obligation to create new documents in discovery." *Id.* But that is not what Plaintiffs seek here. As Plaintiffs do not have access to the election vendor's software program or the data contained therein, Plaintiffs merely request that the District produce the *correct* data from this program, which the District is required to do to meet its discovery obligations.

The District has told Plaintiffs that they should manually transfer the 2015 election file from .pdf to Microsoft Excel format. Plaintiffs undertook that process for the 2013 and 2017 elections, and because of the enormity of the files (which contain nearly 15,000 rows of information), each file took a week and a team of six to ten staff members and paralegals working around the clock to convert the files. It would be unduly burdensome for Plaintiffs to repeat the process with the 2015 election, especially if the District's vendor has the capability to produce a corrected version of the 2015 Voter File.

Finally, Plaintiffs produced their expert report pursuant to the discovery schedule on September 14, 2018, but due to the incorrectly produced data, their report did not include an analysis of the 2015 actual voters. Should the Court grant Plaintiffs' request, Plaintiffs seek permission to supplement their report once the District makes the 2015 Voter File available in a usable format.

**Plaintiffs' Requests for Documents Produced in *Montesa et al. v. Schwartz et al.***

On March 9, 2018, Plaintiffs served the District with a request for "[a]ll document productions You made to or received from any party or non-party in the matter of *Montesa et al. v. Schwartz et al.*, No. 12. Civ. 6057, (S.D.N.Y.)." *See* Plaintiffs' Second Request for Production at 5, attached as Ex. 5. Plaintiffs made this request immediately following the District's deposition of Mr. Willie Trotman, during which the District used documents produced in *Montesa* to impeach Mr. Trotman. *See, e.g.*, Exhibit 4 from Dep. of Willie Trotman, attached as Ex. 6. To date, the District has not produced any documents responsive to this request and cites relevance and undue burden for its lack of compliance with its discovery obligations. *See* District's 9/18 Letter at 2-3.

With respect to relevance, the District has waived any such objection having admitted the relevance of the *Montesa* documents by using them in the deposition of one of Plaintiffs' witnesses. Additionally, the District has stated that the *Montesa* documents include, among other things, the following: "(1) the full record files of the District's students with disabilities; (2) records relating to federal Title I, II, and III grant applications and funding; (3) records relating to contractors retained by the District to provide education services; (4) records relating to the District's real estate transactions and lease terms; and (5) records relating to the District's purchase and loan of textbooks and educational materials for students in public and private schools." *See id.* In her March 9, 2018 ruling on the District's motion *in limine* to exclude such

**LATHAM&WATKINS**LLP

documents, Judge Seibel held that such documents are relevant to Plaintiffs' claims.  *See.* Mar. 9, 2018 Tr. at 9-10, 17-19, attached as Ex. 7.  The issue of relevance is therefore resolved.

   Regarding undue burden, the *Montesa* documents have already been collected, reviewed and produced and the District has stated that they are with an external vendor in "cold storage."  The District's burden, therefore, is minimal.  Plaintiffs also withdrew their requests for similar documents, apart from what was produced in *Montesa*, in order to minimize the burden on the District.

         Respectfully submitted,
         /s/ Claudia T. Salomon
         Claudia T. Salomon

cc: All Counsel of Record