# FEERICK LYNCH MacCARTNEY & NUGENT PLLC

## ATTORNEYS AT LAW

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

DENNIS E.A. LYNCH
DONALD J. FEERICK, JR.
J. DAVID MacCARTNEY, JR.
BRIAN D. NUGENT*
MARY E. MARZOLLA*

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
(Not for service of papers)

WESTCHESTER COUNTY OFFICE
235 MAIN STREET, SUITE 330
WHITE PLAINS, NEW YORK 10601
(Not for service of papers)

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

OF COUNSEL
DONALD J. ROSS
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

www.flmpllc.com

All correspondence must be sent to Rockland County Office

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

October 29, 2018

*Via E-Filing*

Hon. Judith C. McCarthy
United States Magistrate Judge
South District of New York
300 Quarropas Street
White Plains, New York 10601-4150

> Re: National Association for the Advancement of Colored People,
> v. East Ramapo Central School District
> Docket No. 17 Civ. 8943

Dear Judge McCarthy:

This letter will supplement my letter communication to Your Honor dated October 26, 2018. In a good faith effort to resolve this issue, I met with Rabbi Oshry yesterday as I could not meet with him sooner as he observes the Jewish Sabbath. Based upon that Meeting, I write to suggest that a Pre-Motion Conference may be appropriate for several reasons.

First, Rabbi Oshry indicates he was not been personally served with any Subpoena on October 9, 2018 or at any other date. Counsel for Plaintiffs' letter dated October 25, 2018 (fifteen days after reported service) does not confirm any waiver of objections to the Subpoena under FCRP 45(d)(2)(B). Deeming any waiver is "a form of sanction" and a very "harsh sanction" at that (1221122 Ontario Ltd. v. TCP Water Sols., Inc., 201 WL2516531, at *3 (N.D. Ill. January 23, 2011), Rabbi Oshry should not be effectively so sanctioned. It is clear that Discovery sanctions can only be imposed where a "party displays willfulness, bad faith or fault." (Am Nat. Bank & Trust Co. v. Equitable Life, 406 F.3d 867, 877 (7th Cir. 2005)). Rabbi Oshry has displayed none, he is not a Party and not having been served with any Subpoena has time to object to the Subpoena and to move to quash as his time to do so has not begun to run.

Second, from my limited contact with Rabbi Oshry yesterday, it is apparent that he needs an interpreter to understand any documents or questions in English. Moreover, from my brief meeting with Rabbi Oshry yesterday, there seems to be some uncertainty or confusion on his part with regard to certain matters that may have a bearing on the alleged non-compliance issues presented by opposing Counsel.

Third, Rabbi Oshry (with a brother also known as Rabbi Oshry) is a non-party and claims by someone else that a Rabbi Oshry "recruited potential candidates for the Board" (October 25, 2018 correspondence of Attorney Salomon) may involve a recognized religious privilege (in re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992) and also suggests that Plaintiffs are involved more in a "fishing expedition" than seeking relevant testimony from this particular non-party. (Henry v. Morgan's Hotel, 216 WL303114, at *2 (S.D.N.Y. January 25, 2016)(collecting cases).

Therefore, should there be any basis to conclude a Subpoena was properly served upon Rabbi Oshry (which is disputed) a Pre-Motion Conference would be the appropriate place for those issues to be considered by this Court.

Respectfully submitted,

Dennis E. A. Lynch

DEAL/sd
cc: All Counsel (*Via ECF*)