53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

**LATHAM & WATKINS LLP**

October 30, 2018

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: *National Association for the Advancement of Colored People,
Spring Valley Branch v. East Ramapo Central School District*, No. 17 Civ. 8943

Dear Judge McCarthy:

      I write on behalf of Plaintiffs in the above-referenced action to inform the Court that Messrs. Freilich, Weissmandl and Grossman continue to defy this Court's orders and refuse to sit for depositions. Each continues to assert legislative immunity as the basis for their blanket objection to be deposed, despite this Court's April 27 and October 19, 2018 Orders specifically finding that legislative immunity is inapplicable to the non-party Board members and ordering the depositions to go forward. On October 22, 2018, Plaintiffs emailed the District to determine whether Messrs. Freilich and Grossman were available for deposition on November 6 and November 15, respectively, and informed the District that Plaintiffs would follow up with a proposed date for Mr. Weissmandl. On October 24, 2018, counsel for the District responded that the District "cannot agree to produce [Messrs. Freilich, Grossman, or Weissmandl] on any date at this time, because we will be appealing Judge McCarthy's order overruling the sitting board members' legislative immunity objections." *See* Oct. 24, 2018 email from R. Levine, Ex. 1 at 4 (including subsequent correspondence).

      The District has once again taken the (incorrect) position that legislative immunity applies to non-party Board members, shielding them from pretrial discovery. Yet, none of the cases cited by the District in support of its position are applicable. To support its claim that legislators are immune from discovery demands, the District exclusively cites cases in its October 24th email that involve *defendants* <u>who were immune from suit</u> and asserting immunity from discovery in their own suit. The District did not cite a single case supporting the proposition that legislators are immune from responding to third party discovery merely because they are legislators. On October 26, 2018, Plaintiffs responded to the District notifying them of our intent to file this motion.

As the Court's prior orders make clear, legislative immunity is not meant to protect third parties from participating in pretrial discovery, nor is it meant to shield legislators from discovery regarding non-legislative acts. *See* ECF 170 at 3-5, 9-10; ECF 124 at 3, 8-9. Indeed, the Court's orders are consistent with clearly established Second Circuit precedent that legislators are not immune from responding to third party discovery. *See Rodriguez v. Pataki,* 280 F. Supp. 2d 89, 95 (S.D.N.Y. 2003), aff'd, 293 F. Supp. 2d 313 (S.D.N.Y. 2003). This is especially true where, as here, Plaintiffs have sought discovery from the Board members regarding non-legislative acts, including their campaigns and communications with third parties. *See* ECF 170 at 7; ECF 124 at 8-9.

Moreover, the District has acknowledged that Messrs. Frelich, Weissmandl, and Grossman are not immune from discovery because those witnesses have produced documents in this case. The District cannot pick and choose what discovery to provide, and their production of certain documents while refusing to make the witnesses available for deposition amounts to selective waiver. *Favors v. Cuomo*, 285 F.R.D. 187, 212 (E.D.N.Y. 2012) ("[C]ourts have been loath to allow a legislator to invoke the privilege at the discovery stage only to selectively waive it thereafter in order to offer evidence to support the legislator's claims or defenses.")

The District's arguments to the contrary are frivolous, and its continued refusal to make these sitting Board members available for depositions is nothing more than a delay tactic. Indeed, the District all but acknowledged that its frivolous arguments will not prevail in the District Court, and reaffirmed its commitment to delay by preemptively threatening an appeal to Second Circuit. *See* Ex. 1 at 2. *Cf. also* ECF 165 (denying District's request to extend pre-trial deadlines by ten weeks). Earlier in this case, the District Court counseled the parties to be judicious in their requests for sanctions. *See* ECF 113. Since that time, the District has used the Court's advice as a blank check to delay and obstruct. As it has flouted the Court's orders, the District's attorneys have taken to quoting the District Court's language about sanctions as a taunt that Plaintiffs can do nothing about their conduct. *See* Ex. 1 at 1 (stating "should you choose to file your various sanctions motions against us, it seems quite possible that *someone* will be admonished by the Court. I don't think it will be us.").[1] Enough is enough. This is now the *third time* that Plaintiffs have had to seek the Court's intervention to compel discovery of the non-party Board members, who were served with deposition notices over eight months ago. Plaintiffs, therefore, respectfully request that the Court issue an order directing Messrs. Freilich, Weissmandl and Grossman to sit for depositions on November 6, 14 and 15, respectively, at 9:00 a.m. at the offices of Latham & Watkins LLP, 885 3rd Ave., New York, New York, 10022.[2]

---

[1] If the District does not appeal the Court's order or when the District Court denies its appeal, Plaintiffs intend to seek sanctions under Federal Rule of Civil Procedure 37(b)(C) in the form of attorneys' fees incurred by Plaintiffs in connection with bringing this letter motion to compel and opposing the appeal, and any other costs incurred in connection with the District's litigation of this frivolous objection.

[2] As of this filing, Plaintiffs have re-served their subpoenas for Messrs. Frelich, Weissmandl, and Grossman for these dates. *See* Subpoenas for Freilich, Weissmandl and Grossman, attached as Ex. 2.

LATHAM&WATKINS LLP

                                                    Respectfully submitted,
                                                    /s/ Claudia T. Salomon
                                                    Claudia T. Salomon

cc: All Counsel of Record via ECF