# EXHIBIT 1

| | |
|---|---|
| **From:** | Levine, Randall Mark <randall.levine@morganlewis.com> |
| **Sent:** | Friday, October 26, 2018 7:14 PM |
| **To:** | Matystik, Jennifer (NY) |
| **Cc:** | Clubok, Andrew (DC); Salomon, Claudia (NY); Turner, Serrin (NY); Johnson, Rakim (NY); Calabrese, Corey (NY); Swaminathan, Abhinaya (NY); pgrossman@nyclu.org; aeisenberg@nyclu.org; eharrist@nyclu.org; kjason@nyclu.org; Novakovski, Andrej (NY); Zubick, Marc (CH/NY); Butler, David J.; Cravens, William S.D.; Adler, Adam J.; Wingard, Adam Taylor; Mangas, Russell (CH); Kollm, Clara; Pearce, Thomas (NY) |
| **Subject:** | RE: NAACP Spring Valley et al. v. ERCSD et al. |

Jennifer:

Thanks for your email.  As initial matter, I note that your statements that "[t]his is the second time the Court has ordered your clients to sit for depositions," and that our arguments regarding legislative immunity have "lost twice" are both wrong.  Judge McCarthy ruled in her order of 10/19 as follows: "Having reviewed its prior order, the Court agrees with the District that the April 27 Order did not explicitly address whether the legislative immunity or legislative privilege doctrines preclude Plaintiffs from taking the Board members' depositions." Doc. No. 170.  Judge McCarthy's order of 10/19 was the first time that the Court expressly overruled the sitting Board members' legislative immunity objections to your third party deposition subpoenas.

With regard to you threatened motion for sanctions against us, the only frivolous argument being advanced is your demand that we "withdraw" our "intent to appeal" Judge McCarthy's ruling.  Under Federal Rule of Civil Procedure 72, we have an absolute right to "serve and file objections" to Judge McCarthy's order, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

For the reasons we have explained, we believe that Judge McCarthy's ruling is contrary to law, and we are entitled to seek further review.  We understand that you disagree with our position.  That doesn't make our arguments frivolous.  Ironically, the case that *you* rely upon most heavily -- *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 95 (S.D.N.Y. 2003), aff'd, 293 F. Supp. 2d 313 (S.D.N.Y. 2003) – is an appeal from an order of a magistrate judge overruling legislative immunity objections to discovery in a Voting Rights Act case.  The parties' arguments in that case were not frivolous and neither are ours.

Nor does the holding of *Rodriguez* in any way foreclose our arguments here.  In that case, the court stated in dicta that "courts have indicated that, notwithstanding their immunity from suit, legislators may, at times, be called upon to produce documents or testify at depositions." 280 F. Supp. 2d at 95.  There is no authority for the proposition that *this case* is one of those times.  The *Rodriguez* court did not compel any sitting legislator to testify. *Id.* at 96 ("the plaintiffs are not seeking any depositions of legislators or their staffs).  Indeed, no federal court has ever compelled sitting legislators to testify about their legislative activities in any voting rights case of which we are aware.  That is undoubtedly because the Supreme Court expressly stated that only "[i]n some extraordinary instances [legislators] might be called to the stand at trial to testify concerning the purpose of the official action. . . ." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977).  There is nothing extraordinary about this case that would warrant such an extraordinary action here.

We also disagree over whether it matters to the legislative immunity question whether the sitting board members are named as defendants or are compelled to testify by third party subpoenas.  In our view it makes no difference.  Immunity from suit means both an immunity from liability and immunity from compelled judicial process, including discovery. *E.g., X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999) ("[I]mmunity protects the official not

1

just from liability but also from suit on such claims, thereby sparing him the necessity of ... submitting to discovery on the merits ... ."). It would be absurd, arbitrary, and counter to the public policy goals of legislative immunity to hold that sitting legislators can be subjected to all of the burdens and risks attendant to discovery as third parties, but be shielded from the same if they are named as defendants. We do not see any logical basis for drawing such a distinction and there is no authority for such a distinction in any of the cases you've cited.

Your "selective waiver" argument also is *obviously* wrong, since Judge McCarthy ordered the third parties to produce documents over their objections. By definition, there has been no waiver.

Finally, we note that this is the second time in as many days that you have threatened to file a motion for sanctions against us. Your most recent threats follow from your earlier attempt to file a motion for sanctions against us – a request so obviously without merit that the Court dispensed with it in a matter of minutes. Doc. No. 113 ("As for a motion for sanctions, I am not saying Plaintiffs cannot make one, but they may want to preserve their resources for other matters.").

Your approach is unusual, to say the least, and it won't work. Your threats cannot dissuade us from advocating for our clients' interests and making good faith arguments in their behalf. Ultimately, the District Court and, if necessary, the Second Circuit will resolve our dispute. Whatever the outcome, however, our arguments are substantial, well supported, and asserted in good faith. Accordingly, should you choose to file your various threatened sanctions motions against us, it seems quite possible that *someone* will be admonished by the Court.

I don't think it will be us.

Regards,

Randy

**Randall Mark Levine**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6541 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
randall.levine@morganlewis.com | www.morganlewis.com
Assistant: Sharon Ann Gantt | +1.202.373.6049 | sharon.gantt@morganlewis.com


**From:** Jennifer.Matystik@lw.com <Jennifer.Matystik@lw.com>
**Sent:** Friday, October 26, 2018 5:18 PM
**To:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Cc:** Andrew.Clubok@lw.com; Claudia.Salomon@lw.com; Serrin.Turner@lw.com; Rakim.Johnson@lw.com; Corey.Calabrese@lw.com; Abhinaya.Swaminathan@lw.com; pgrossman@nyclu.org; aeisenberg@nyclu.org; eharrist@nyclu.org; kjason@nyclu.org; Andrej.Novakovski@lw.com; Marc.Zubick@lw.com; Butler, David J. <david.butler@morganlewis.com>; Cravens, William S.D. <william.cravens@morganlewis.com>; Adler, Adam J. <adam.adler@morganlewis.com>; Wingard, Adam Taylor <adam.wingard@morganlewis.com>; Russell.Mangas@lw.com; Kollm, Clara <clara.kollm@morganlewis.com>; Thomas.Pearce@lw.com
**Subject:** RE: NAACP Spring Valley et al. v. ERCSD et al.

[EXTERNAL EMAIL]
Randy,

This is the second time the Court has ordered your clients to sit for depositions. Their refusal to do so is sanctionable.

Your email conflates the rule that parties immune from suit are immune from discovery *in a suit filed against them* with the circumstances of this case—Messrs. Grossman, Weissmandl, and Freilich have not been sued and there is no

2

"immunity" from producing non-privileged, court-ordered, third-party discovery. It is well established that "notwithstanding their immunity from suit, legislators may, at times, be called upon to produce documents or testify at depositions." *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 95 (S.D.N.Y. 2003), *aff'd*, 293 F. Supp. 2d 313 (S.D.N.Y. 2003). The very case law you cite actually highlights the fact that the doctrine of legislative immunity is inapplicable here. For example, *Francis v. Coughlin*, a case upon which you apparently rely for the proposition that that legislative immunity not only protects immunity from suit, but also immunity from pre-trial discovery, only concerns *defendants* who are being sued. 849 F.2d 778 (2d Cir. 1988). There, the issue was whether the defendants who were being sued should have been subject to pretrial discovery after the district court dispensed with defendants' qualified immunity defense in a footnote. *Id.* at 780 (citations omitted). Unlike that case, the subpoenaed parties at issue here are not being sued. As Judge McCarthy wrote, "[b]ecause the Board members are nonparties to the instant action . . . there are no claims over which legislative immunity can be asserted." April 27 Order at 9 (ECF No. 124). Your argument to the contrary is frivolous, has lost twice, and is clearly intended to delay these proceedings.

Moreover, Messrs. Grossman, Weissmandl, and Freilich have already produced documents pursuant to the Court's April 27, 2018 order, and have therefore waived any broad-based immunity from discovery. The District's actions are tantamount to selective waiver. *Favors v. Cuomo*, 285 F.R.D. 187, 212 (E.D.N.Y. 2012) ("[C]ourts have been loath to allow a legislator to invoke the privilege at the discovery stage only to selectively waive it thereafter in order to offer evidence to support the legislator's claims or defenses." (internal citations omitted); *see also* April 27 Order at 13 n.7 ("The Board members will not be permitted to invoke the privilege and later 'strategically waive it[.]'"). As the District is aware, the Board members cannot cherry pick the manner in which they would like to participate in discovery, by, as they have done, producing certain documents but refusing to sit for depositions.

In light of the above, it is clear that the District's contemplated appeal is nothing more than a delay tactic intended to prejudice Plaintiffs. Your legal arguments are frivolous and have no colorable chance of doing anything more than delaying ultimate discovery. As such, if the District does not withdraw its stated intent to appeal by Monday, October 29 and agree to make Messrs. Freilich, Weissmandl, and Grossman available for depositions on November 6, 14, and 15, respectively, Plaintiffs will move for sanctions.

Regards,


**Jennifer J. Matystik \***

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834
Direct Dial: +1.212.906.1884
Fax: +1.212.751.4864
Email: jennifer.matystik@lw.com
http://www.lw.com

*Admitted to practice in California only.



**From:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Sent:** Wednesday, October 24, 2018 3:03 PM
**To:** Matystik, Jennifer (NY) <Jennifer.Matystik@lw.com>
**Cc:** Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Salomon, Claudia (NY) <Claudia.Salomon@lw.com>; Turner, Serrin (NY) <Serrin.Turner@lw.com>; Johnson, Rakim (NY) <Rakim.Johnson@lw.com>; Calabrese, Corey (NY) <Corey.Calabrese@lw.com>; Swaminathan, Abhinaya (NY) <Abhinaya.Swaminathan@lw.com>; pgrossman@nyclu.org; aeisenberg@nyclu.org; eharrist@nyclu.org; kjason@nyclu.org; Novakovski, Andrej (NY) <Andrej.Novakovski@lw.com>; Zubick, Marc (CH/NY) <Marc.Zubick@lw.com>; Butler, David J. <david.butler@morganlewis.com>; Cravens, William S.D. <william.cravens@morganlewis.com>; Adler, Adam J. <adam.adler@morganlewis.com>; Wingard, Adam Taylor <adam.wingard@morganlewis.com>; Mangas, Russell (CH) <Russell.Mangas@lw.com>; Kollm, Clara

<clara.kollm@morganlewis.com>; Pearce, Thomas (NY) <Thomas.Pearce@lw.com>
**Subject:** RE: NAACP Spring Valley et al. v. ERCSD et al.

Jennifer:

Thanks for your email.  Clara will work with you separately regarding the deposition of Ms. Moreau.  Please let us know as soon as you can regarding Mr. Trotman.  We are still on for the November 2 deposition of Dr. Cohen.

With respect to the second part of your email regarding depositions of sitting board members, we cannot agree to produce them on any date at this time, because we will be appealing Judge McCarthy's order overruling the sitting board members' legislative immunity objections. It is well settled that  "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).  That proposition applies fully to the context of third party discovery from government officials asserting objections by way of legislative immunity.  All forms of official immunity, whether absolute or qualified, are "an immunity *from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (emphasis in original). "Immunity from suit … not only insulates the officials from liability, but it also conveys a concomitant entitlement not to stand trial or face the other burdens of litigation, *including the conduct of pretrial discovery*." *Francis v. Couglin*, 849 F.2d 778, 780 (2d Cir. 1988) (per curiam) (internal quotation marks and citation omitted) (emphasis added); *accord X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999) ("[I]mmunity protects the official not just from liability but also from suit on such claims, thereby sparing him the necessity of … submitting to discovery on the merits … .").

Because the determination whether immunity applies is "conclusive with regard to a … right to avoid pre-trial discovery," *Locurto v. Safir*, 264 F.3d 154, 164, (2d Cir. 2001), government officials need not submit to discovery unless and until the immunity questions are fully and finally resolved against them. Were it otherwise, and discovery permitted to go forward while immunity objections remained pending on appeal, the official's right to avoid discovery would be forever lost. *Id.; see also Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) ("[C]lose control of discovery is essential to the preservation of meaningful official immunity.").

It is thus well-settled that courts may not subject government officials to discovery when questions of the officials' immunity are outstanding—even if the perceived burden of such discovery may appear comparatively small, and even where the required stay of discovery may prolong ultimate resolution of the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009); *Alali v. DeBara*, No. 07-CV-2916(CS), 2008 WL 4700431, at *3 (S.D.N.Y. Oct. 24, 2008) (Seibel, J.) ("Discovery was stayed in this case and all related cases pending this Court's decision on Defendants' summary judgment motion [on official immunity].").  Indeed, not even a "desire to avoid prolonged motion practice in what ought to be a relatively straightforward case" is cause for ignoring "the Supreme Court's admonition" that immunity objections must be resolved fully and finally before permitting discovery of the officials. *Francis*, 849 F.2d at 780; *see also Martin v. Malhoyt*, 830 F.2d 237, 256-57 (D.C. Cir. 1987) ("[D]iscovery is itself one of the burdens from which defendants are sheltered by the immunity doctrine."); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of immunity] is before the trial court or the case is on appeal, the trial court should stay discovery.").

Accordingly, as a matter of the foregoing clearly established law, the sitting board members may not be compelled to appear for depositions at this time.

Regards,

Randy

**Randall Mark Levine**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6541 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

randall.levine@morganlewis.com | www.morganlewis.com
Assistant: Sharon Ann Gantt | +1.202.373.6049 | sharon.gantt@morganlewis.com

**From:** Jennifer.Matystik@lw.com <Jennifer.Matystik@lw.com>
**Sent:** Monday, October 22, 2018 6:35 PM
**To:** Levine, Randall Mark <randall.levine@morganlewis.com>; Kollm, Clara <clara.kollm@morganlewis.com>; Thomas.Pearce@lw.com
**Cc:** Andrew.Clubok@lw.com; Claudia.Salomon@lw.com; Serrin.Turner@lw.com; Rakim.Johnson@lw.com; Corey.Calabrese@lw.com; Abhinaya.Swaminathan@lw.com; pgrossman@nyclu.org; aeisenberg@nyclu.org; eharrist@nyclu.org; kjason@nyclu.org; Andrej.Novakovski@lw.com; Marc.Zubick@lw.com; Butler, David J. <david.butler@morganlewis.com>; Cravens, William S.D. <william.cravens@morganlewis.com>; Adler, Adam J. <adam.adler@morganlewis.com>; Wingard, Adam Taylor <adam.wingard@morganlewis.com>; Russell.Mangas@lw.com
**Subject:** RE: NAACP Spring Valley et al. v. ERCSD et al.

[EXTERNAL EMAIL]
Randy-

We can confirm Mr. Gregorio for November 9. Ms. Moreau is not available on November 8, but is available on November 20. Please confirm whether that date works for the District. We are still trying to finalize Ms. Hatton's availability, but expect to do so by mid-week.

As previously agreed, we have confirmed November 2 with Dr. Cohen. We also agreed to your request to reschedule Mr. Trotman's deposition, and are working to confirm his availability for another date.

With respect to the three board members that the Court ordered to sit for depositions, we propose November 6 for Mr. Freilich's deposition and November 15 for Mr. Grossman's deposition. Please let us know if those dates work for the District, and we will notice subpoenas. We will revert back shortly with a proposed date for Mr. Weissmandl.

Regards,

**Jennifer J. Matystik ***

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834
Direct Dial:  +1.212.906.1884
Fax:  +1.212.751.4864
Email: jennifer.matystik@lw.com
http://www.lw.com

*Admitted to practice in California only.

5