53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

**LATHAM & WATKINS LLP**

October 30, 2018

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: *National Association for the Advancement of Colored People,
    Spring Valley Branch v. East Ramapo Central School District*, No. 17 Civ. 8943

Dear Judge McCarthy:

We write on behalf of Plaintiffs in the above referenced action and in response to Yehuda Oshry's October 29, 2018 letter to the Court. (Dkt. 173.) We respectfully request the Court to grant Plaintiffs' October 25, 2018 motion to compel non-party Mr. Oshry to produce documents and provide testimony pursuant to subpoenas *duces tecum* and *ad testificandum*. (Dkt. 171.)

### A. Mr. Oshry Was Properly Served

Mr. Oshry's counsel stated that Mr. Oshry "was not personally served with any Subpoena." (Dkt. 173 at p. 1.) As demonstrated by the process server's affidavit submitted with Plaintiffs' motion, that is incorrect. (Dkt. 171-3.) Mr. Oshry evaded service for weeks, but the process server personally served Mr. Oshry (on his *eleventh* attempt) at his home on October 9, 2018 at 4:15 p.m. *Id.* at p. 2.

As detailed in Plaintiffs' October 25, 2018 motion to compel compliance, Plaintiffs' counsel also sent Mr. Oshry two letters via FedEx, tried calling numerous phone numbers for Mr. Oshry, and left a voicemail for Mr. Oshry on his voicemail inbox at the yeshiva. (Dkt. 171 at p. 2.) Mr. Oshry's denials that he was served, and suggestions that he was "uncertain" or "confus[ed]" about his compliance with the subpoenas are unavailing. (Dkt. 173 at p. 2; *see also*, *e.g.*, *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2017 WL 6361746 at *2 (S.D.N.Y. Nov. 14, 2014) (finding that the Second Circuit does not require personal service, and alternate forms of service may be used, particularly where individuals are evading service); *see also Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (approving service of subpoena by certified mail and affixing to a door after three attempts to serve personally).) This is particularly so given that Mr. Oshry reached out to counsel to represent him, and filed a letter with this Court less than 24 hours after Plaintiffs' counsel filed the motion to compel compliance

and *before Mr. Oshry even received notice of Plaintiffs' motion by FedEx*. (*See* Dkt. 172; *see also* Dkt. 171; *see also*, Ex. A, (Oct. 29, 2018 FedEx confirmation).)

### B. Mr. Oshry Possesses Material, Relevant, Discoverable Information

Mr. Oshry also challenges Plaintiffs' motion to compel by claiming, without support, that Plaintiffs are engaged in a fishing expedition. (Dkt. 173 at p. 2.) To the contrary, as discussed in Plaintiffs' motion to compel, discovery in this case indicates that Mr. Oshry is responsible for selecting the white, Orthodox slate of candidates to run for the Board of the East Ramapo Central School District. The issue of slating is critical to Plaintiffs' claims. *United States v. City of Euclid*, 580 F. Supp. 2d 584, 608 (N.D. Ohio 2008).

Mr. Oshry also claims that Plaintiffs' subpoenas implicate a "recognized religious privilege." (Dkt. 173 at p. 2.) They do not. As an initial matter, there is no federally recognized "religious privilege," nor does the case cited by Mr. Oshry indicate that there is such a privilege. *In Re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) (discussing the attorney-client privilege). Moreover, the subpoenas served on Mr. Oshry do not seek information regarding his religious beliefs, nor does his October 29 letter explain how requests relating to Mr. Oshry's slating activities and knowledge regarding the Board candidates and elections implicate any protectable interest.

* * *

For the above stated reasons, Plaintiffs respectfully request that the Court issue an order compelling Mr. Oshry to comply with the subpoenas *duces tecum* and *ad testificandum* served upon him. If the Court determines a pre-motion conference would be beneficial, Plaintiffs are available to discuss these issues at the currently scheduled hearing on November 5, 2018.

Respectfully submitted,

/s/ Claudia T. Salomon
Claudia T. Salomon

cc: All Counsel of Record via ECF