# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SPRING VALLEY BRANCH; JULIO CLERVEAUX; CHEVON DOS REIS; ERIC GOODWIN; JOSE VITELIO GREGORIO; DOROTHY MILLER; HILLARY MOREAU; and WASHINGTON SANCHEZ,<br><br>               Plaintiffs,<br><br>      v.<br><br>EAST RAMAPO CENTRAL SCHOOL DISTRICT and MARYELLEN ELIA, IN HER CAPACITY AS THE COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK,<br><br>               Defendants. | 17 Civ. 8943 (CS) (JCM) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties, third parties and third-party witnesses possess confidential documents, things and information that may be disclosed in response to discovery requests or otherwise in the above-captioned action (the "Action"), and that must be protected to preserve the personal information and other interests of the parties and third parties; and,

WHEREAS, the undersigned parties have, through their respective counsel, stipulated to the entry of this Protective Order (the "Order") to prevent unnecessary dissemination or disclosure of such confidential documents, things and information and to limit access to and use of such documents, things and information;

IT IS HEREBY ORDERED that:

### Definitions

1.    The term "Confidential Information" as used in this Order shall mean and include

all information that the designating party believes constitutes, discloses or relates to personally

identifiable information, personally identifiable information of minors, and information the

public disclosure of which is either restricted by law or could, in the good faith opinion of the

designating person, adversely affect the producing person's privacy obligations or personal

interests. It may include, without limitation, documents, things and information produced in this

Action in connection with formal discovery or otherwise; documents, things and information

produced by third parties that the producing or designating party is under an obligation to

maintain in confidence; answers to interrogatories and responses to requests for admission or

other discovery requests; deposition testimony and transcripts; any electronically stored

information, or any copy, extract, or complete or partial summary prepared therefrom, and any

document or thing covered by Fed. R. Civ. P. 34; and tangible things or objects that are

designated confidential pursuant to this Order. The information contained therein and all

samples, copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal,

suggest or otherwise disclose such Confidential Information shall also be deemed Confidential

Information. Documents, things and information originally designated as Confidential

Information pursuant to this Order shall not retain Confidential status after any ruling by any

Court denying such status.

      2.     The term "Highly Confidential Information" as used in this Order shall

mean and include all information that the designating party reasonably and in good faith believes

warrants heightened protection from disclosure, and that the restrictions against disclosure

provided for information designated "Confidential" pursuant to paragraph 1 are inadequate,

because harm to the designating party reasonably could be expected to result from disclosure of

such information to non-lawyers. It may include, without limitation, documents, things and

information produced in this Action in connection with formal discovery or otherwise; answers to interrogatories and responses to requests for admission or other discovery requests; deposition testimony and transcripts; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all samples, copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Highly Confidential Information shall also be deemed Highly Confidential Information. Documents, things and information originally designated as Highly Confidential Information pursuant to this Order shall not retain Highly Confidential Information status after any ruling by any Court denying such status.

        3.     The term "designating party" shall mean the party or third party (i.e., a person or entity not a party to the Action) producing or designating documents, things or information as Confidential or Highly Confidential Information under this Order.

        4.     The term "receiving party" shall mean any person to whom Confidential Information or Highly Confidential Information is disclosed in accordance with the terms of this Order.

### Designation of Confidential Information and Highly Confidential Information

        5.     Any party or third party that produces or discloses any documents, things or information that it believes in good faith constitutes Confidential Information shall designate the same by marking "CONFIDENTIAL" on all documents and things containing such information.

        6.     Any party or third party that produces or discloses any documents, things or information that it believes in good faith constitutes Highly Confidential Information shall designate the same by marking "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on all documents and things containing such information.

7.      If a designating party elects to produce original files, records or things for inspection and the inspecting party desires to inspect those files, records or things, no confidentiality designations need be made by the designating party in advance of the initial inspection.  The party inspecting such files, records or things nevertheless shall maintain the confidentiality of all original files and records that it reviews on an Outside Attorney's-Eyes-Only basis.  Thereafter, upon selection by the inspecting party of specific documents and things for copying, the designating party shall mark copies of such documents and things that contain Confidential or Highly Confidential Information with the appropriate designation at the time the copies are produced to the inspecting party.

8.      Confidential Information or Highly Confidential Information that originated with a third party and is subject to the terms of any confidentiality obligation to that third party, may be designated "Confidential Information" or "Highly Confidential Information" and shall, once designated, be subject to the restrictions on disclosure specified in Paragraphs 10, 11, and 12 herein.

9.      In the event any party or third party produces Confidential or Highly Confidential Information that has not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or if the designating party has not correctly designated such information, the designating party may designate or redesignate the information to the same extent as it could have designated the information before production by a subsequent notice in writing specifically identifying the newly designated or redesignated information accompanied by a replacement set of such undesignated or misdesignated documents or things bearing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation thereon, in which event the parties thereafter shall treat such information in

-4-

accordance with the terms of this Order, and shall use their best efforts to correct any prior disclosure of such information that is inconsistent with the new designation or redesignation. Further, at the designating party's request, the receiving party shall immediately return or destroy the documents and things that lacked or were incorrectly marked with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation to the designating party upon receipt of the replacement set of documents or things bearing the new or corrected designation (or no designation, if appropriate). No showing of error, inadvertence or excusable neglect shall be required for any such new or corrected designation.

   10. Notwithstanding the designation of documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, all documents and information protected by law, including but not limited to documents and information protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99 ("FERPA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") will not be produced except in compliance with the strictures of the applicable law.

### Disclosure of Confidential or Highly Confidential Information

   11. Documents, things and information designated "CONFIDENTIAL" shall not be given, shown, made available, communicated or otherwise disclosed in any way to any person or entity other than the following "qualified persons":

     a. Litigation counsel of record for the parties.

     b. Members or employees of any of the law firms assisting in this Action, as well as any independent litigation support providers retained by such firms to assist in this Action and who are under a duty of confidentiality (e.g., outside document management and copy services, graphic artists, visual aid providers and the like).

c.     The Court and Court personnel and stenographic/videographic reporters and translators at depositions taken in this Action.

d.     Attorneys employed by the parties and employees of the parties or affiliates who may be called as witnesses in this Action or who are involved in the prosecution, defense, or management of this Action.

e.     Independent consultants or experts and their staff not employed by or affiliated with a party or with a party's licensee or licensor, retained by the attorneys for a party either as technical consultants, expert consultants or expert witnesses for purposes of this Action, provided that such persons agree in writing to be bound by the provisions of this Order, in the form of the Declaration of Compliance attached as Exhibit A.

f.     Any person identified on the face of a document or thing as an author, sender, addressee, recipient, copy recipient or blind copy recipient (and, for the avoidance of doubt, only the document or thing on which such person is identified).

g.     The parties and the board members, directors, officers, employees, who are assisting with or making decisions concerning this Action, as well as the parties' insurers, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of this Action for use in accordance with this Order.

h.     Any officer, employee or retained expert of the designating party during examination, either at deposition or at any hearing or trial.

i.     Any other person only upon (i) order of the Court entered upon notice to the parties, or (ii) written stipulation of, or statement on the record by, the designating party who provided the Confidential Information being disclosed; provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing to be bound by the terms

-6-

and conditions of this Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Information in a manner or for purposes other than those permitted hereunder

           . j.      The receiving party shall give notice of this Order and advise any person allowed access to Confidential Information of that person's obligation to comply with the terms of this Order before said person is given access to any Confidential Information.

        12.      Documents, things and information designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be given, shown, made available, communicated or otherwise disclosed in any way to any person or entity other than the following:

           a.      Litigation counsel of record for the parties.

           b.      Members or employees of any of the law firms assisting in this Action, as well as any independent litigation support providers retained by such firms to assist in this Action and who are under a duty of confidentiality (e.g., outside document management and copy services, graphic artists, visual aid providers and the like).

           c.      The Court and Court personnel and stenographic/videographic reporters and translators at depositions taken in this Action.

           d.      The receiving party shall give notice of this Order and advise any person allowed access to Highly Confidential Information of that person's obligation to comply with the terms of this Order before said person is given access to any Highly Confidential Information.

### No Waiver of Privilege or Immunity; Return of Privileged Documents and Irrelevant Documents

13.    Inadvertent or otherwise production of documents, things or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver or forfeiture of, and shall not otherwise prejudice any claim that such material or related material is privileged, protected as attorney work product, or is otherwise immune from discovery, provided that the designating party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and things and all copies thereof shall promptly be destroyed or returned to the designating party upon request.  After a request for the return of inadvertently produced documents and things is made by a designating party, no use shall be made of such documents and things other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown or disclosed to any person who had not already been given access to them before receipt of the request to return them.  No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the protection and provisions of this paragraph.

14.    A designating party may request the return of any inadvertently produced documents or things that bear no relevance to any claim or defense in this Action.  If the receiving party agrees that any such documents or things are irrelevant to the Action, it promptly shall return the documents and things and all copies thereof to the designating party.  The receiving party shall promptly notify the designating party if it believes that any such documents or things are in fact relevant to the subject matter involved in this Action.  If after meeting and conferring, the parties are unable to agree about the relevance of any such documents or things, the designating party may seek an order from the Court for the return of the documents or things.

15.     This Order shall be interpreted to provide the maximum protection allowed to the designating party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to such inadvertent production under this Order. However, if for any reason, a Court finds that section 502(d) is inapplicable to such inadvertent production, then Rule 502(b) will apply in its absence.

### Use and Control of Confidential and Highly Confidential Information

16.     All Confidential and Highly Confidential Information disclosed pursuant to this Order shall be used by any recipient thereof solely for purposes of this Action and not for any other purposes. It shall be the duty of each party and each individual having notice of this Order to comply with the terms of this Order from the time of such notice.

17.     Designations of confidentiality of deposition testimony may be made on the record of depositions or thereafter in accordance with this paragraph. All deposition testimony shall be treated as "CONFIDENTIAL" without regard to whether a designation of confidentiality was made on the record, and shall be subject to this Order, for a period of fourteen (14) days from the date of transmission of the official written transcript by the court reporter to the parties, during which time the party or third party producing the witness may designate in writing some or all of the transcript as Confidential. No portion of the transcript shall be deemed Confidential after the fourteen day period described herein if the party or third party producing the witness does not designate in writing some or all of the transcript as Confidential. Any subsequent confidentiality designations shall be governed by Paragraph 9 of this Order or the Federal Rules of Civil Procedure and Local Rules of the Southern District of New York.

18.     At the time of filing with the Court of any Confidential or Highly Confidential Information or any pleadings, motions or other papers disclosing any Confidential

or Highly Confidential Information, the filing party shall seek leave of Court to file such

materials under seal pursuant to Paragraph 1.A of the Individual Practices of Judge Cathy Seibel

and the Local Rules and practices of the Southern District of New York.

19.     In advance of any court proceedings in this Action (including hearings or

trials) or appeal therefrom during which Confidential or Highly Confidential Information might

be disclosed (including through the presentation of evidence or argument), counsel shall confer

concerning potential procedures for protecting the confidentiality of such Confidential or Highly

Confidential Information (including any documents, information or transcripts used in the course

of any court proceedings). Absent agreement of the parties, upon motion of the disclosing party,

any such Confidential or Highly Confidential Information may only be disclosed in connection

with any court proceedings in accordance with such steps (if any) as the Court may order. If no

agreement is reached by the parties and no motion is made by the disclosing party, then the

Confidential or Highly Confidential Information may be disclosed in the court proceeding

without restriction.  In the event that any Confidential or Highly Confidential Information is used

in any court proceedings in this Action or any appeal therefrom, such Confidential or Highly

Confidential Information shall not lose its status as Confidential or Highly Confidential

Information through such use.

20.     Nothing in this Order shall prevent or otherwise restrict counsel for a party

from rendering legal advice to such party with respect to the Action, and in the course thereof,

relying upon an examination of Confidential or Highly Confidential Information; provided,

however, that in rendering such advice and in otherwise communicating with the party, counsel

shall not disclose Confidential or Highly Confidential Information to unauthorized persons.

21.    Nothing in this Order shall prevent any party or third party from disclosing its own Confidential or Highly Confidential Information in any manner that it considers appropriate.

22.    If a party intends to reveal Confidential or Highly Confidential Information of another party or third party at a trial, court appearance or hearing that is open to the public, the party intending to reveal such Confidential or Highly Confidential Information shall provide notice to the opposing Party and provide the opposing party an opportunity to object, unless consent from the designating party or third party previously has been obtained.

### Duration of Order; Objections and Modifications

23.    This Order shall remain in force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties hereto.  This Order shall continue in effect after the conclusion of this Action and shall continue to be binding upon all persons to whom Confidential or Highly Confidential Information is disclosed hereunder.

24.    Upon final termination of this Action (including all appeals), the receiving party shall, within sixty (60) calendar days after such termination, either return to the designating party, or destroy all Confidential and Highly Confidential Information in its possession, with the exception that outside counsel and the persons identified in Paragraph 10(d) may retain copies of the pleadings or other papers filed with the Court or served in the course of the Action, and outside counsel may in addition retain one file copy of all documents and things produced in the course of discovery, including deposition transcripts, deposition exhibits, the trial record and all work product.  Nothing herein shall restrict the ability of the parties or their counsel to retain information, documents or things that were not designated Confidential or Highly Confidential Information by the designating party.

-11-

25.    If a receiving party learns that Confidential or Highly Confidential Information produced to it is disclosed to or comes into the possession of any person other than in a manner authorized by this Order, the receiving party responsible for the unauthorized disclosure immediately shall inform the designating party of such unauthorized disclosure within five business days (5) and shall make a good faith effort to retrieve any documents or things so disclosed and to prevent further disclosure by each unauthorized person who received such information.

26.    Any receiving party may at any time request that the designating party modify or remove the Confidential Information or Highly Confidential Information designation with respect to any document, thing or information.  Such requests shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information or Highly Confidential Information that the receiving party contends is not Confidential Information or Highly Confidential Information and the reasons supporting its contention.  If the designating party does not agree to modify or remove the Confidential Information or Highly Confidential Information designation within seven (7) calendar days, then the party contending that such documents, things or information are not Confidential Information or Highly Confidential Information may file a motion to remove such documents, things or information from the restrictions of this Order.  In any such proceeding, the designating party must show that there is good cause for certain documents to have been designated Confidential Information or Highly Confidential Information and the burden of proving that documents, or information should retain their designation as Confidential Information or Highly Confidential Information shall remain with the designating party.

**Miscellaneous**

27.    This Order may be modified only by written agreement of the parties or further order of the Court, and shall not prejudice the rights of any party or third party to seek additional or different relief from the Court that is not specified in this Order.

28.    All electronically stored information produced by the Plaintiffs and the District and subject to this Order, regardless of whether it is designated Confidential Information, Highly Confidential Information, or receives no such designation, shall be password protected or directly uploaded to a secure File Transfer Protocol ("FTP") website.  Information shared by the Commissioner shall be in a format designated by her and, if possible, agreeable to all parties.

29.    All electronically stored information produced and received by the parties and subject to this Order, regardless of whether it is designated Confidential, Highly Confidential Information, or receives no such designation, shall be stored in a secure platform.

30.    In the event Confidential or Highly Confidential Information disclosed during the course of this Action is sought by any person or entity not a party to this Action, whether by subpoena in another action or service with any legal process, the person or entity receiving such subpoena or service shall promptly notify in writing outside counsel for the designating party if such subpoena or service demands the production of Confidential or Highly Confidential Information of such designating party, such that the designating party has sufficient opportunity to object to the requested disclosure.  Any such person or entity seeking such Confidential or Highly Confidential Information by attempting to enforce such subpoena or other legal process shall be apprised of this Order by outside counsel for the person or entity upon whom the subpoena or process was served.  Nothing herein shall be construed as requiring any person or entity covered by this Order to contest a subpoena or other process, to appeal any order

requiring production of Confidential or Highly Confidential Information covered by this Order, or to subject itself to penalties for non-compliance with any legal process or order.

      31.    In the event any person or entity covered by this Order shall violate or threaten to violate the terms of this Order, the aggrieved party or third party immediately may apply to obtain injunctive relief against any such person or entity violating or threatening to violate any of the terms of this Order, and in the event that the aggrieved party or third party does so, the responding person or entity, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party or third party possesses an adequate remedy at law.

      32.    Nothing in this Order shall prevent any party or third party from seeking additional or different relief from the Court that is not specified in this order. The section titles in this Order are for convenience of organization only, and are not part of, nor are they relevant to the construction of this Order.

**SO STIPULATED**

**LATHAM & WATKINS LLP**

By: _Claudia T. Salomon_
Claudia T. Salomon
885 Third Avenue
New York, New York 10022
Tel: (212) 906-1200
claudia.salomon@lw.com

*Attorneys for Plaintiffs*


**OFFICE OF THE ATTORNEY
GENERAL OF THE STATE OF NEW
YORK**

By: _____

**NEW YORK CIVIL LIBERTIES UNION
FOUNDATION**

By: _____
Perry Grossman
125 Broad Street
New York, NY 10004
Tel: (212) 607-3347
pgrossman@nyclu.org

*Attorneys for Plaintiffs*


**MORGAN LEWIS & BOCKIUS, LLP**

By: _David Butler (on consent)_
David J. Butler
Randall M. Levine

-14-

Monica Connell
Elyce Matthews
William Taylor
120 Broadway, 24th Floor
New York, New York 10271
Tel: (212) 416-8965
monica.connell@ag.ny.gov
elyce.matthews@ag.ny.gov
william.taylor@ag.ny.gov

*Attorneys for Defendant Commissioner of
Education for the State of New York*

1111 Pennsylvania Avenue, NW |
Washington, DC  20004
Tel: (202) 739-3000
randall.levine@morganlewis.com
david.butler@morganlewis.com

*Attorneys for Defendant East Ramapo Central
School District*

SO ORDERED on this _6th_ day of February 2018:

_Judith C. McCarthy_

Hon. Judith C. McCarthy, U.S.M.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
SPRING VALLEY BRANCH; JULIO
CLERVEAUX; CHEVON DOS REIS; ERIC
GOODWIN; JOSE VITELIO GREGORIO;
DOROTHY MILLER; HILLARY MOREAU;
and WASHINGTON SANCHEZ,

                 Plaintiffs,

   v.

EAST RAMAPO CENTRAL SCHOOL
DISTRICT and MARYELLEN ELIA, IN
HER CAPACITY AS THE
COMMISSIONER OF EDUCATION OF
THE STATE OF NEW YORK,

                 Defendants.

17 Civ. 8943 (CS) (JCM)

<u>**DECLARATION OF COMPLIANCE**</u>

I, _____ do declare and state as follows:

1.    I live at _____, I am employed as (state position)

_____by (state name and address of employer)

_____.

2.    I have read the Protective Order entered in this case, a copy of which has

been given to me.

3.    I understand and agree to comply with and be bound by the provisions of

the Protective Order and consent to the jurisdiction of the United States District Court for the

Southern District of New York to enforce the terms of the Protective Order, including that upon

receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

       4.     Further, I declare, as provided by 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20__.

 

_____
(Signature)