# Morgan Lewis

November 2, 2018

**Via ECF**
The Honorable Judith C. McCarthy
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

Re: *NAACP, et al. v. E. Ramapo Cent. Sch. Dist., et al.*, No. 7:17-cv-08943-CS

Dear Judge McCarthy:

      On behalf of Defendant the East Ramapo Central School District ("District") and the non-party members of the Board of Education, Yehuda Weissmandl, Harry Grossman, and Joel Frielich, we appreciate this opportunity to respond to Plaintiffs' October 30, 2018 Letter Motion to Compel Board Member Depositions and for Sanctions, Doc. No. 176. Plaintiffs have asked this Court to compel the Board members to appear for depositions over their legislative immunity objections—relief which this Court already has granted. Plaintiffs further appear to ask this Court to sanction the Board members merely for exercising their right to appeal this Court's prior order under Rule 72. Plaintiffs' requests are entirely meritless.

      As is their practice, Plaintiffs have attached to their Letter Motion a copy of the relevant communications among counsel relating to this dispute. Doc. No. 176-01. We fully stand by all of our statements in our communications with Plaintiffs' counsel. In summary, and as we have explained to Plaintiffs:

- **The Board Members Have the Right to Object to this Court's Prior Order.** Under Federal Rule of Civil Procedure 72, the non-party Board members have the right to "serve and file objections" to this Court's order overruling their legislative immunity objections to Plaintiffs' third party subpoenas, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Board members may not be sanctioned merely for exercising rights expressly granted by the Federal Rules.

- **No Discovery of the Board Members is Permitted Pending Appeal.** Because the determination whether immunity applies is "conclusive with regard to a … right to avoid pre-trial discovery," *Locurto v. Safir*, 264 F.3d 154, 164 (2d Cir. 2001), government officials may not be compelled to submit to discovery unless and until the immunity questions are fully and finally resolved against them. To preserve the Board members' immunity objections, we have accordingly declined to schedule depositions or make the Board members available while their appeal remains pending.

- **There has been No Waiver, much less a Selective Waiver.** Plaintiffs argue that the Board members have "acknowledged" that they "are not immune from

      discovery" because they have produced documents in this case. Ltr. at 2. That argument ignores that the Board members objected to document discovery on immunity grounds and that this Court compelled them to produce documents over their objection. The Board members have preserved their objections.

- **Our Immunity Arguments Are Well Supported and Asserted in Good Faith.** Plaintiffs assert that the Board members' legislative immunity objections are "frivolous" and no more than a "delay tactic." Ltr. at 2. We obviously disagree with that characterization. While reasonable minds might disagree, as we have shown in the prior briefing before this Court and again in our Rule 72 objections, the Board members' arguments that they are immune from compelled testimony under the doctrine of legislative immunity is well founded in binding precedents and has been asserted in good faith. The Supreme Court has expressly held that only "[i]n some extraordinary instances [legislators] might be called to the stand at trial to testify concerning the purpose of the official action." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977). This is not such an "extraordinary instance" as would justify such extraordinary discovery. Indeed, no court—save this Court—has *ever* compelled a sitting legislator to testify in a civil action like this one, whether as a third party witness or as a defendant. For their part, Plaintiffs fail to cite any case, from any jurisdiction, that undermines the Board members' arguments. We are entitled to seek review of this Court's unprecedented ruling.

    In sum, to the extent Plaintiffs' Letter Motion seeks an order compelling the Board members to testify, this Court already has granted that relief. The Board members are entitled to seek review of this Court's prior order, and may not be compelled to testify pending appeal. To the extent Plaintiffs seek sanctions against the Board members for exercising their appellate rights under the Federal Rules, Plaintiffs' request is entirely inappropriate and should be rejected.

                                            Respectfully submitted,

                                            *s/ David J. Butler*

cc: All Counsel of Record            David J. Butler