# EXHIBIT C

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

**LATHAM & WATKINS** LLP

October 12, 2018

**VIA EMAIL**

David J. Butler
Morgan Lewis
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Re:     *National Association for the Advancement of Colored People,
        Spring Valley Branch v. East Ramapo Central School District*, No. 17 Civ. 8943

Dear Counsel:

    This letter responds to the District's September 18, 2018 letter regarding the deficiencies in the District's document production.

    *Plaintiffs' March 9, 2018 Document Request*

    As discussed during the September 20, 2018 Status Conference before Judge McCarthy and the September 26, 2018 meet and confer between the parties, Plaintiffs agreed to narrow the March 9, 2018 Request for Production in good faith to address the concerns the District raised in its September 18, 2018 letter.  Although Plaintiffs and the Court clearly articulated the narrowed request during the September 20, 2018 Status Conference, and Plaintiffs once again repeated that narrowed request during the parties' September 26, 2018 meet and confer, the modified request is set forth in writing below:

- "All document productions You made to or received from any party or non-party in the matter of *Montesa et al. v. Schwartz et al.*, No. 12. Civ. 6057 (S.D.N.Y.) related to:  (1) any named Plaintiff in the *NAACP, Spring Valley Branch v. ERCSD*, No. 17 Civ. 8943 (S.D.N.Y.) matter; (2) the individuals likely to have discoverable information that Plaintiffs may use to support their claims or defenses as identified in Plaintiffs' August 10, 2018 Initial Disclosures served on August 10, 2018, in the *NAACP, Spring Valley Branch v. ERCSD*, No. 17 Civ. 8943 (S.D.N.Y.) matter; or (3) any witnesses You intend to call as a witness or depose in the *NAACP, Spring Valley Branch v. ERCSD*, No. 17 Civ. 8943 (S.D.N.Y.) matter.  This request

includes, but is not limited to, documents that You have produced, documents You received, documents not currently in Your possession, and/or documents in 'cold storage.'"

Please confirm by October 15, 2018 that the District intends to comply with this request.

*Text Message and Social Media Documents*

It is Plaintiffs' understanding that ERCSD_GROSSMAN_00000490-503, ERCSD_GROSSMAN_00000742-796, and ERCSD_Boe_00000075-1824 is the entirety of the District's production reflecting text and social media documents. The District represented that these are conversations "over the social media text communication service 'whatsapp.'" (Sept. 18, 2018 Ltr.). Did the District only search for WhatsApp communications, or did it search for other texts and/or social media communications? Further, all three documents appear to be taken from one custodian, Mr. Grossman, including ERCSD_BoE_00000075: the conversation starts when Mr. Grossman was added to the communication (ERCSD_BoE_00000075 (noting that a number "added you" on November 3, 2015)) and stops when Mr. Grossman stopped being a part of the whatsapp communication (ERCSD_BoE_00001728 (noting that "You left" on April 30, 2018 and showing no messages until a number "added you" on May 30, 2018)). How did the District process and produce such communications? For example, if the District collected a WhatsApp message from one custodian, would that custodian's messages be condensed into one single file? Or, if the District collected WhatsApp messages from multiple custodians, did it merge collected data from multiple custodians into one single document?

In the District's September 18, 2018 letter, you state that you conducted "thorough interviews of all third party subpoena recipients" and determined that "they do not possess any further responsive documents from social media or text messaging services." (Sept. 18, 2018 Ltr.). However, it is Plaintiffs' understanding that at least some of the third party subpoena recipients have social media accounts, such as Facebook and Twitter. *See, e.g.*, https://twitter.com/AronWieder (Mr. Wieder's twitter account). Furthermore, on information and belief, it is likely that Mr. Berkowitz communicated through texts with members of the private school community as witnesses at Board meetings. Please confirm whether or not this is the case. In addition, please confirm whether the District or any vendor actually searched and/or collect any of the third party subpoena recipients' computers, cell phones, or any other potential source of relevant documents to confirm that they did "not possess any further responsive documents from social media or text messaging services?"

*Improper Document Collection*

In the District's September 18, 2018 letter, you state that "[t]he documents produced by Mr. Wieder were collected from him directly and produced to you as we received them. Mr. Wieder is neither a party to this case nor an employee or agent of the District. As a third party, the effort to collect responsive documents from Mr. Wieder in this manner was appropriate and proportional." (Sept. 18, 2018 Ltr.).

The District seems to indicate, then, that third party document collections were performed differently than party document collections. The District previously represented during meet and confers that it conducted a forensic document collection for all custodians. The documents produced by the District suggest otherwise. It is Plaintiffs' understanding that the District did not conduct a forensic document collection for at least Mr. Wieder, as Mr. Wieder admitted during his deposition on October 10, 2018. Moreover, Mr. Wieder testified that District's counsel provided Mr. Wieder with a different applicable date range than the one in Plaintiffs' March 15, 2018 Amended Requests for Productions, namely from January 1, 2005 through the present. Finally, Mr. Wieder testified that, although he has four email accounts, he only searched his Yahoo email account and did not search his Rockland County email account, his NYSHA, Inc. account, or his personal gmail account. He explained that this was because he did not send or receive any emails from or to those accounts that were responsive to Plaintiff's subpoena, as limited by his attorney's instructions. Although his attorney instructed him at his deposition not to disclose the content of those instructions, it is apparent from discovery in this case that Mr. Wieder did indeed send and receive responsive materials from at least one of the accounts that he did not search. *See, e.g.*, ERCSD_WIEDER_00000001 (e-mail from aronbwieder@gmail.com). As such, Plaintiffs demand that Mr. Wieder, and the other third party subpoena recipients, perform a reasonable search of all of his email accounts (and anywhere else that he might possess responsive documents),[1] for all documents responsive to Plaintiffs' as-issued subpoena.

*District's Search Terms*

In order to fully address the sufficiency of the District's document collections and productions, please provide Plaintiffs by October 15 with the full list of search terms the District applied to its own documents and to third party documents. Please provide Plaintiffs with the terms exactly as they were applied, including any term limiters, or date range or custodian limiters.

*Communications Relating to Other Public Office*

Plaintiffs do not understand your concern regarding "documents relating to public offices *other* than the school board." (Sept. 18, 2018 Ltr.). It is our understanding that you claim that such documents would not be relevant to this matter. That is not the case. Such information is relevant to the existence of slating organizations and/or the extent to which minority voters or candidates are able to participate in the slating process.

Specifically, evidence of the existence of a slating mechanism and access (or lack thereof) of minorities to that mechanism is one of the factors considered in Section 2 Voting Rights Act cases. *See Goosby v. Town Bd. of Hempstead, N.Y.*, 180 F.3d 476, 491 (2d Cir. 1999) (citing

---

[1] Mr. Wieder testified that he also did not search any of his computers, mobile devices, or hard copy files because those areas would not have contained responsive documents pursuant to the limitations imposed by his attorney on Plaintiffs' subpoena. To the extent that the District's attorneys instructed Mr. Wieder to limit his search in ways not agreed to by the parties or ordered by the Court, Plaintiffs demand that Mr. Wieder perform a reasonable search of all areas where he may possess documents responsive to Plaintiffs' as-served subpoena.

**LATHAM&WATKINS**LLP

*Thornburg v. Gingles*, 478 U.S. 30, 44-45 (1986)). Information regarding Board members' other public offices is relevant because it specifically relates to the existence of an influential non-governmental organization that assures those members a seat on the Board as well as other public positions.

Cognizant of the relevance of documents and communications related to other public offices, Plaintiffs' March 15, 2018 Amended Request for Production specifically requested "communications and documents relating to each Board Member's candidacy or application for or receipt of **any public office**. . . ." (March 15, 2018 Plaintiffs' Amended Request for Production) (emphasis added). The Court indicated that such a narrowed request is acceptable during the September 20, 2018 Status Conference.

*Date Range*

In the District's September 18, 2018 letter, you state that "[t]he third party subpoena recipients' records were searched for documents going back to 2012." (Sept. 18, 2018 Ltr.). It is Plaintiffs' understanding that the District has failed to search for and does not intend to produce any documents created before 2012. If so, the District's limitation is inappropriate for many reasons.

Documents and communications prior to 2012 are relevant and highly probative under several of the Senate factors. First, such documents relate to the Board's procedural and substantive responsiveness to the particularized needs of the minority community prior to 2012. *See Goosby*, 180 F.3d at 491-92 (citing *Gingles*, 478 U.S. at 45). Second, such documents relate to the "the extent to which minority group members bear the effects of **past discrimination** in areas such as education, . . . which hinder their ability to participate effectively in the political process." *Id.* at 491 (citing *Gingles*, 478 U.S. at 44-45) (emphasis added). Third, they are also relevant to the "use of overt or subtle racial appeals in political campaigns." *Id.* Finally, Plaintiffs are perplexed by the District's objection to documents and communications prior to 2012 when one of the factors courts consider is "**the history of voting-related discrimination**." *Id.* (emphasis added).

We are available to meet and confer on the issues discussed above at the District's earliest convenience. Given the number of upcoming depositions in this matter and the importance of promptly resolving these disputes, Plaintiffs request that the District respond to this letter no later than Monday, October 15, 2018.

Sincerely,

Claudia T. Salomon