# EXHIBIT E

# Morgan Lewis

**David J. Butler**
+1.202.373.6723
david.butler@morganlewis.com

November 1, 2018

VIA EMAIL

Claudia T. Salomon
Latham & Watkins
885 Third Avenue
New York, New York 10022-4834

Re: *National Association for the Advancement of Colored People, Spring Valley Branch v. East Ramapo Central School District*, **No. 17-cv-8943.**

Dear Counsel:

This letter responds to your letter dated Friday, October 12, 2018 regarding alleged deficiencies in the District's document production.

**The *Montesa* Discovery Record.** We are in receipt of your restated request for the materials from the *Montesa* discovery record, including "all document productions" related to the seven[1] named Plaintiffs in this case, as well as any individual identified in Plaintiffs initial disclosures. Plaintiffs further request data related to any person the District "intends to call as a witness or depose." Oct. 12, 2018 Letter.

*First*, your restated request, by itself, does not justify or explain Plaintiffs' purported need for *any* of the materials requested. Please explain why you reasonably need the documents from the *Montesa* discovery record for purposes of this case.

*Second*, Plaintiffs' restated request does virtually nothing to thin the universe of potentially responsive data, and if anything, only magnifies the burden on the District by requiring a document-by-document review of the *Montesa* case's expansive discovery record. In particular, the restated request would include all documents of which Cathy Russell, the District's Clerk, is a custodian, and also all unidentified "Representatives of the East Ramapo Central School District." Plaintiffs' Aug. 10, 2018 Initial Disclosures. By

---

[1] On October 15, 2018, Jennifer Matystik informed me that Plaintiff Washington Sanchez currently lives in Ecuador with no indication of returning. Accordingly, he will likely be dismissed from the case after further negotiations.

Morgan, Lewis & Bockius LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States
+1.202.739.3000
+1.202.739.3001

requesting "all document productions" made to or received from *Representatives of the East Ramapo Central School District* and Ms. Russell, Plaintiffs have for all intents and purposes requested the entire *Montesa* discovery record, but just stated it another way. As the Court has already recognized, "to request a document dump, essentially, of all the documents discovery produced in *Montesa* is overburdensome." Sept. 20 Hr'g Tr. at 21:19–20. Moreover, the vast majority of the *Montesa* case documents are facially irrelevant to this litigation, as Plaintiffs have identified custodians rather than content (likely because, as we have repeatedly stated, the *Montesa* record has nothing to do with the claims in this case under the Voting Rights Act).

*Third*, in order to parse the discovery record as Plaintiffs request, the entire discovery record would still need to be "thawed" from cold storage. The District is obligated to safeguard its limited funds against disproportionate requests. Given the expense and marginal (if any) value to this litigation, the District insists on cost-shifting before it will consider thawing the *Montesa* record. Despite proposing this compromise in our September 18, 2018 letter, Plaintiffs have not responded.

Please provide specific explanation for Plaintiffs' need for the requested data, explain why it matters whether the documents you seek come from the *Montesa* discovery record or from some other source of data available to or within the District's possession, custody, or control, provide a further narrowed request excluding "Representatives of the East Ramapo School District," and indicate whether Plaintiffs agree to shoulder the costs of thawing out the *Montesa* discovery record from cold storage.

**Text Message and Social Media Documents.** As previously stated, the District has conducted a thorough investigation of all third party subpoena recipients for responsive data. Based on this investigation, there are no responsive documents beyond what has already been produced. In that regard, we note that Plaintiffs have made substantially similar representation with regard to their interviews of their clients and the majority of the named Plaintiffs who have produced *zero* responsive documents. Sept. 11, 2018 Letter from Salomon to Butler ("[W]e conducted thorough interviews of all named Plaintiffs. During those interviews, we learned which individuals maintained any potentially responsive documents. We determined, based on such interviews, that Julio Clerveaux, Hillary Moreau, Jose Vitelio Gregorio, and Washington Sanchez do not possess any further responsive document."). If a "thorough interview" is good enough for Plaintiffs, then it should be good enough for the District.

With regard to the identified bates ranges (ERCSD_GROSSMAN_00000490–503, 742–796; and Boe_00000075–1824), Mr. Grossman's custodial file contained the most complete WhatsApp conversation, encompassing all other identified custodians; as a result of the de-duping process, only the version from Mr. Grossman's custodial file was produced. The other participants are named within the WhatsApp conversation.

**Document Collection.** As required by the Federal Rules of Civil procedure, the District conducted a reasonable investigation. Any further questions about the methods by which data were collected are appropriately directed to each witness during deposition. As you noted, Mr. Wieder sat for deposition on October 10, 2018 and answered questions under oath about his methods; he testified that he did not send or receive responsive materials from his non-primary email accounts.

**Search Terms.** As you are well aware, the parties have repeatedly discussed exchanging utilized search terms. Each time we have conferred on the subject, you have refused to tell us what search terms you used for purposes of your investigation and identification of responsive records. This is a two-way street. Unless and until you provide the search terms that you used for collection and review for each document custodian, including Plaintiffs and third parties, the District will not agree to produce its protected attorney work product. *See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15-cv-0293, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017) ("Unless [Defendants'] choice is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the court should play no role in dictating the design of the search, whether in choosing search terms, selecting search terms, or, as here, designating custodians.").

**Date Range.** As stated in my September 18, 2018 letter, the District has already produced responsive documents related to the years (plus one) analyzed by your experts. The District intends to stand on its objection for documents created before 2012.

Sincerely,

*s/ David J. Butler*

David J. Butler

c: All counsel of record