# Morgan Lewis

**David J. Butler**
+1.202.373.6723
david.butler@morganlewis.com

November 7, 2018

**VIA CM/ECF**
Hon. Judith C. McCarthy, U.S.M.J.
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**Re:** *NAACP, et al. Spring Valley Branch v. ERCSD et al.*, **No. 7:17-cv-8943.**

Dear Judge McCarthy:

Pursuant to this Court's Order governing discovery disputes (ECF No. 62), Defendant East Ramapo Central School District (the "District") responds to Plaintiffs' November 1, 2018 letter to the Court as follows.

## I. Third-Party Board Members Have Provided Proportional Discovery

The third-party Board members have produced a significant number of documents pursuant to Plaintiffs' subpoenas. Contrary to Plaintiffs' assertion, every third-party Board member has provided documents for production. Not surprisingly, many of the email communications among the Board members were duplicates, and during the de-duplication process it was determined that two Board members—Messrs. Germain and Lefkowitz—had no non-duplicative responsive documents to produce. In light of the fact that five of the named Plaintiffs have not produced *any* responsive documents (ECF No. 194-7 at 1), this should not be surprising to Plaintiffs' counsel.

The document collections for the third-party Board members was thorough, proportional, and consistent with the Federal Rules of Civil Procedure. In order to identify potentially responsive documents, counsel interviewed the Board members, specifically discussing Plaintiffs' requests for production. In the case of Mr. Wieder, he reviewed all of his email records over a period of several years, and forwarded materials to counsel for review and production. Ultimately 541 documents were produced from Mr. Wieder's custodial file. Although Mr. Wieder performed the collection himself, counsel guided him through the collection and selection processes and reviewed the results. Counsel's involvement in that process readily distinguishes this case from the cases relied on by Plaintiffs. *See Nat'l Day Laborer Org. v. U.S.*, 877 F. Supp. 2d 87, 108–10 (S.D.N.Y. 2012) ("[A] review of the literature makes it abundantly clear that a court cannot simply trust the

Hon. Judith C. McCarthy, U.S.M.J.
November 7, 2018, Page 2

defendant agencies' unsupported assertions that the *lay custodians have designed and conducted a reasonable search*." (emphasis added)). Moreover, this is the same process Plaintiffs have followed in their own third-party productions. Ex. A (Nov. 2, 2018 Dep. Tr. of Oscar Cohen at 194:7–17 ("It was asked if I could retrieve whatever files that I felt might be related to this case.")).

Finally, Mr. Wieder testified in his deposition about the document collection process, at length, and confirmed that he has not used the additional email addresses identified by Plaintiffs for any purposes related to this litigation or his past service on the Board. Ex. B (Oct. 10, 2018, Dep. Tr. of Aaron Wieder); *see also id.* at 35:9–14 ("I physically went through every e-mail"). Mr. Wieder's collection of documents, and the collections by the other third-party Board members were appropriate and proportional pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45.[1] Plaintiffs have failed to identify any specific deficiencies in those collections or productions, much less any prejudice they have suffered.

**II.   The District Has Appropriately Cabined Disproportionate Discovery**

Plaintiffs fault the District for providing third-party discovery related to: (1) each Board Member's respective candidacy or application for the District's Board of Education, instead of *any* elected position, (2) during the past *seven* years (2012–18), instead of during the past *thirteen* years (2005–18). Plaintiffs have again completely lost sight of the appropriate scope of discovery in this case. Plaintiffs' claim concerns the current voting and election process for the District's Board of Education, not for any other elected office. Moreover, the seven year time period covered by the third-party Board members' productions already goes beyond the six year time period addressed by the Plaintiffs' own expert. Plaintiffs have not explained why documents beyond these limitations are relevant to their claims or sufficient to outweigh the burden it would impose on third-party Board members. *See* Fed. R. Civ. P. 45(d)(1).

For the foregoing reasons, Plaintiffs' request for briefing on its proposed motion to compel is unnecessary.[2]

**III.   The District's Position Regarding Plaintiffs' Request for Extension**

During the conference of November 5, 2018, Plaintiffs proposed that the Court should extend the fact discovery deadlines. The District objected to any extension to the discovery deadlines that would permit Plaintiffs to serve additional requests for production or other written discovery, or to serve additional fact witness deposition notices or subpoenas, because the burden of fact discovery that already has been imposed on the District is extreme and far beyond any reasonable proportions necessary to this case. Plaintiffs have sought to explore in discovery areas having no logical connection with the

---

[1]   In the case of all the other third-party Board members, counsel coordinated the collection and search for responsive documents directly with the Board members. Those Board members did not do searches themselves.

[2]   Plaintiffs' request for attorneys' fees pursuant to Rule 37 is, at best, premature, and is otherwise improper.

Hon. Judith C. McCarthy, U.S.M.J.
November 7, 2018, Page 3

substance of their case under the Voting Rights Act. At times they appear to have done so for no purpose other than to burden the District.

Plaintiffs' repeated justifications for imposing invasive, unreasonable discovery burdens on the District always center around their supposed desire to demonstrate that the District has not been "responsive" to the needs of the "public school community." That justification is inadequate and legally wrong. The Voting Rights Act does not recognize the existence of a "public school community." The Voting Rights Act is about *elections*. It prohibits election practices that discriminate against voters and candidates on account of *race*. It is not about *schools* or *students*. The Voting Rights Act does not care about private schools or public schools. Plaintiffs repeated efforts to shift the focus of this case to *education* and school-related matters and away from the showings they have to make to be able to prevail concerning *elections* and *voting* are a distortion that this Court should, at last, take steps to restrain.

Even if Plaintiffs' justifications made sense under the law (and they don't) they would still not provide adequate justifications for the burdens they seek to impose. Whether or not a government body is adequately "responsive" is a subjective assessment to be made by the voters. No amount of discovery will ever be adequate to prove that a government body either is, or is not, "responsive." That is a determination that can be made only by voters through the democratic process.

In all events, this Court must institute some rational, reasonable limits on the burden Plaintiffs will be permitted to impose on the District. The District therefore proposes that, if the Court is to extend the discovery deadlines, it should do so in a measured and contained way. The District would not oppose an extension that allowed for the parties to comply with already outstanding discovery after the November 20 deadline. For example, if Plaintiffs need more time to complete productions of documents, the District would not oppose allowing document productions to continue through the expert discovery period. Likewise, if more time is needed to schedule fact depositions for witnesses where the depositions already have been noticed, the District would not oppose allowing such depositions to be scheduled during the expert discovery period.

The District will not agree, however, to any extension of the discovery deadlines that would permit Plaintiffs to serve new discovery requests or deposition notices after the November 20 deadline.

               Respectfully submitted,

               *s/ David J. Butler*
               David J. Butler


c:  All counsel of record