# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRING VALLEY BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, JULIO CLERVEAUX, CHEVON DOS REIS, ERIC GOODWIN, JOSE VITELIO GREGORIO, DOROTHY MILLER, HILLARY MOREAU, AND WASHINGTON SANCHEZ,<br><br>       Plaintiffs,<br><br>   v.<br><br>EAST RAMAPO CENTRAL SCHOOL DISTRICT and MARYELLEN ELIA, IN HER CAPACITY AS THE COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK,<br><br>       Defendants. | 17 Civ. 8943 (CS)(JCM) |

## NOTICE OF NON-PARTY SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs Spring Valley Branch of the National Association for the Advancement of Colored People, Julio Clerveaux, Chevon Dos Reis, Eric Goodwin, Jose Vitelio Gregorio, Dorothy Miller, Hillary Moreau and Washington Sanchez (collectively, the "Plaintiffs"), have requested that non-party David J. Butler produce to Plaintiffs the documents described in Attachment A to the subpoena *duces tecum* dated November 8, 2018, attached hereto, on or before 9:00 a.m. on November 19, 2018, to Latham & Watkins, 885 3rd Avenue, New York, New York 10022.

Dated: November 8, 2018
 New York, New York

_____
Claudia T. Salomon
Corey Calabrese
Claudia.Salomon@lw.com
Corey.Calabrese@lw.com
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Phone: (212) 906-1200

Arthur Eisenberg
aeisenberg@nyclu.org
Perry Grossman
pgrossman@nyclu.org
New York Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
Phone: (212) 607-3329

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| NAACP, Spring Valley Branch, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 7:17-cv-08943 |
| East Ramapo Central School District, et al. | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: David J. Butler

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022 | Date and Time:<br>11/19/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/08/2018

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
NAACP, Spring Valley Branch, et al. , who issues or requests this subpoena, are:

Claudia T. Salomon, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, (212) 906-1200
claudia.salomon@lw.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 7:17-cv-08943

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

As used herein, the following terms have the meaning described below:

## DEFINITIONS

1. The term "this Action" means the above-captioned lawsuit.

2. The term "District" refers to Defendant East Ramapo Central School District, together with its employees, agents and any other person that or who is acting or has ever acted for or on behalf of it (including accountants, advisors, consultants, and attorneys).

3. The term "Board" refers to the Board of Education for the District, together with its employees, agents, and any other person that or who is acting or has ever acted for or on behalf of it (including accountants, advisors, consultants, and attorneys).

4. The terms "communication," "document," "identify," "parties," "person" and "concerning" are defined as set forth in Local Civil Rule 26.3.

5. The term "draft" shall mean any formulation, outline, sketch, conceptualization or version of a document created prior to the final version of that document.

6. The terms "You" and "Your" mean David J. Butler and, without limitation, any affiliate, agent, representative, employee or other Person acting or purporting to act on Your behalf or under Your control.

7. The term "relate" and its variants, including "relating to" or "related to," shall mean and encompass the terms "concern," "refer," "describe," "evidence," "prove," "disprove," "summarize," "reflect," "contain," "concern," "analyze," "explain," "mention," "discuss," "constitute" and any variants of those terms, and shall be construed to bring within the scope of the Requests all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of, the subject

matter of the Requests, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, support, demonstrate, show, study, describe, analyze, embody, mention, contradict or result from the matter specified, or otherwise evidence the existence of the subject matter of the Requests.

8. The term "including" shall be construed as "including, but not limited to" and shall not limit the scope of any Requests.

9. The terms "any," "all," "each," "and" and "or" shall be construed according to Local Civil Rule 26.3.

10. To the extent necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular. The use of masculine, feminine or neutral gender shall include each gender, as appropriate in context.

11. Any terms not defined herein shall have the meaning set forth in the Complaint.

## INSTRUCTIONS

A. You are instructed to provide or make available for inspection and copying documents in Your possession, custody or control.

B. All documents and communications shall be produced in the format provided in Attachment B – Production Format Protocol.

C. If You contend that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), You shall timely identify such ESI with reasonable particularity and provide the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, the likely costs that might be incurred

in producing such ESI, the method used for storage of such ESI (e.g., the type of system used to store the ESI) and the places in which such ESI is kept.

D. If any portion of a document is responsive to the Requests, You are to produce the entire document, including any and all attachments, enclosures, cover letters, transmittal sheets, exhibits and appendices.

E. If any Request is deemed objectionable on the grounds of privilege, work product or any other privilege or immunity from disclosure, answer the Request with such non-privileged information as may be available, and identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. Additionally, You shall set forth the following information: (i) the type of document (*e.g.*, letter or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s) or sender(s) of the document; (v) the addressee(s) or recipient(s) of the document; (vi) where not apparent, the relationship of the author, addressees, and recipients to each other; and (vii) the factual and legal basis for the privilege assertion.

F. If any Request is objected to as overbroad, You are instructed to respond to the Request as narrowed to conform to Your objection within the time period specified herein.

G. Unless otherwise noted, the applicable date range for these Requests is January 1, 2005, through the present (the "Relevant Period"), and shall include all documents and information that relate to such period, even though prepared or published outside of the Relevant Period.

H. These Requests shall be deemed continuing in nature to require further and supplemental production by You as and whenever You acquire or create additional documents between the time of Your initial production and the time of trial, in accordance with the Federal

Rules of Civil Procedure. All responsive Documents dated, prepared, drafted, sent, obtained or received during, or that refer to or concern, such time period, shall be produced unless otherwise indicated.

## **REQUESTS FOR PRODUCTION**

Produce all documents relating to the following matters:

1. All communications with non-clients related to: selecting, nominating, or supporting candidates for election or nomination to the Board, including vacancies; and solicitation, receipt, or expression of support or endorsement for candidates for the Board, including suggestions to consider or support candidates based on their race.

# ATTACHMENT B

# PRODUCTION FORMAT PROTOCOL

I. **PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)**

A. **Load files.** Except where noted below, all ESI is to be produced in electronic format, with file suitable for loading into a compatible litigation support review database. All productions will include both image and metadata load files, as described below in Paragraph III, Load File Format.

B. **Metadata Fields and Processing.** Each of the metadata and coding fields set forth in Paragraph IV that can be extracted from a document shall be produced for that document. You are not obligated to populate manually any of the fields in Paragraph IV if such fields cannot be extracted from a document, with the exception of the CUSTODIAN, PRODVOLID, and TIMEZONE, which shall be populated by You.

C. **System Files.** Common system and program files need not be processed, reviewed or produced. Upon request, You shall provide an index of the system files excluded from production and the criteria (e.g., non-human readable file, etc.) for not processing the files.

D. **Email.** Email shall be collected in a manner that maintains reliable email metadata and structure. Whenever possible, email shall be collected from Your email store or server. Metadata and "header fields" shall be extracted from email messages.

E. **De-Duplication.** Removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA- 1 hash values at the document level). De-duplication will be performed globally across data sets.

F. **Thread Suppression.** You may also use email thread suppression to reduce duplicative production of email threads by producing the most recent email containing the thread of emails, as well as all attachments within the thread. If an email thread splits into two separate threads, then both threads shall be included in the production. If an email has an attachment and subsequent replies omit that attachment, then the original email with the attachment shall also be included in the production.

G. **TIFFs.** Single-page Group IV TIFF images shall be provided using at least 300 DPI print setting. Each image shall have a unique file name, which is the Bates/control number of the document. Original document orientation shall be maintained *(i.e.,* portrait to portrait and landscape to landscape). TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document. Documents containing color need not be produced initially in color. However, if an original document contains color necessary to understand the meaning or content of the document, You will honor reasonable requests for a color image of the document.

H. **Microsoft "Auto" Feature and Macros.** Microsoft Office applications, including Word, Excel and PowerPoint, may contain "auto" feature settings that would cause a document date or similar information within the document, file names, file paths, etc. to automatically update when

processed. If You identify "auto date", "auto file name", "auto file path" or similar features within the documents that would deliver inaccurate information for how the document was used in the ordinary course of business, a TIFF image branded with the words "Auto Date", "Auto File Name", "Auto File Path" or similar words that describe the "auto" feature shall be produced. Similarly, if a document contains a "macro", the document shall be branded with the word "Macro".

I. **Embedded Objects.** Non-image files embedded within documents, such as spreadsheets within a PowerPoint, will be extracted as separate documents and treated like attachments to the document in which they were embedded. Graphic objects embedded within documents or emails, such as logos, signature blocks, and backgrounds shall not be extracted as separate documents.

J. **Compressed Files.** Compression file types (*e.g.,* .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a manner that ensures a container within a container is decompressed into the lowest uncompressed element resulting in individual files. The container file itself shall not be produced.

K. **Text Files.** For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates/control number of the first page of the document. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a physical file. In these instances a text file created using OCR will be produced in lieu of extracted text.

L. **Redaction.** If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced. You will provide searchable text for those portions of the document that have not been redacted.

M. **Native Files.** Various types of files, including but not limited to spreadsheets, media files, PowerPoint presentations, documents with embedded media files, documents with "macros", etc., lose significant information and meaning when produced as an image. Unless redacted or for some other good cause, these types of documents shall be produced as a native document file. Any files that are produced in native format shall be produced with a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format, as well as all extracted text and applicable metadata set forth in Paragraph IV.

N. **Endorsements.** You will brand all TIFF images in the lower right-hand corner with the corresponding Bates/control numbers, using a consistent font type and size. The Bates number must not obscure any part of the underlying data. You will brand all TIFF images in the lower left-hand corner with all confidentiality designations, as needed, in accordance with the Stipulated Protective Order entered by the Court in this action.

O. **Exception Report.** You shall compile and retain an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

a) **Password-Protected Files.** To the extent any produced documents are password-protected, You must either unlock the document prior to production or provide passwords in order to allow access by the Receiving Party. If You are unable to process a document because of unknown passwords or other encryption that cannot be cracked using reasonably standard means, You shall retain a listing of such documents in an exception report.

## II. PRODUCTION OF PHYSICALLY STORED INFORMATION (HARD COPY DOCUMENTS)

A. **TIFFs.** Hard copy paper documents shall be scanned as single page, Group IV compression TIFF images using a print setting of at least 300 dots per inch (DPI). Each image shall have a unique file name, which is the Bates/control number of the document. Original document orientation shall be maintained *(i.e.,* portrait to portrait and landscape to landscape).

B. **Metadata Fields.** The following information shall be produced for hard copy documents and provided in the data load file at the same time that the TIFF images and the Optical Character Recognition (OCR)-acquired text files are produced. Each metadata field shall be labeled as listed below:

| FIELD NAME | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|
| **PRODBEGBATES** | The production Bates number associated with the first page of a document. | ABC0000001 |
| **PRODENDBATES** | The production Bates number associated with last page of a document. | ABC0000003 |
| **PRODBEGATTACH** | The production Bates number associated with the first page of the parent document. | ABC0000001 |
| **PRODENDATTACH** | The production Bates number associated with the last page of the last attachment in the document family. | ABC0000008 |
| **PGCOUNT** | Total number of pages for a document. | 00006 |
| **CUSTODIAN** | The name of the primary person the files belong to. This field should be populated as last name, first name. | Doe, John |
| **PRODVOLID** | Production volume name. | ABC_PROD001 |
| **TEXTLINK** | The path to the full extracted OR OCR text of the document. Text files should be named per control number or Bates number if the document is produced. | \TEXT\ABC000001.txt |

C. **OCR Acquired Text Files.** When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing", "auto-rotation" and the like should be turned on when documents are run through the process.

D. **Database Load Files/Cross-Reference Files.** Documents shall be provided with (a) a delimited metadata file (.dat or .txt) and (b) an image load file (.opt), as detailed in Paragraph IV.

E. **Unitizing of Documents.** In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records *(i.e.,* paper documents should be logically unitized). In the case of an organized compilation of separate

documents - for example, a binder containing several separate documents behind numbered tabs - the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize documents correctly.

## III. REQUESTED LOAD FILE FORMAT FOR ESI

a) **Delimited Text File**: A delimited text file (.DAT or .CSV) containing the fields listed in Paragraph III should be provided. The delimiters for the file can be Concordance defaults, but defined delimiters are acceptable:

Comma - ASCII character 20 ( )

Quote - ASCII character 254 (þ)

Newline - ASCII character 174 (®)

b) **Image Cross-Reference File (Load File)**: The Image cross-reference file (.OPT) is a comma delimited file consisting of six fields per line. There must be a line in the cross-reference file for every image in the database. The format for the file is as follows:

ImageID,VolumeLabel,ImageFilePath,DocumentBreak,PageCount

- ImageID: The unique designation used to identify an image. This should be the Bates number of the document.

- VolumeLabel: The name of the volume.

- ImageFilePath: The full path to the image file.

- DocumentBreak: If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document.

- PageCount: Number of pages in the document.

Sample Data

```
CNTRL00000001,VOL001,\IMAGES001\CNTRL00000001.TIF,Y,,,1
CNTRL00000002,VOL001,\IMAGES001\CNTRL00000002.TIF,Y,,,2
CNTRL00000003,VOL001,\IMAGES001\CNTRL00000003.TIF,,,,
CNTRL00000004,VOL001,\IMAGES001\CNTRL00000004.TIF,Y,,,4
CNTRL00000005,VOL001,\IMAGES001\CNTRL00000005.TIF,,,,
CNTRL00000006,VOL001,\IMAGES001\CNTRL00000006.TIF,,,,
CNTRL00000007,VOL001,\IMAGES001\CNTRL00000007.TIF,,,
```

## IV. REQUESTED METADATA FIELDS FOR ESI

| FIELD NAME | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|
| **PRODBEGBATES** | The production Bates number associated with the first page of a document. | ABC0000001 |
| **PRODENDBATES** | The production Bates number associated with last page of a document. | ABC0000003 |
| **PRODBEGATTACH** | The production Bates number associated with the first page of the parent document. | ABC0000001 |
| **PRODENDATTACH** | The production Bates number associated with the last page of the last attachment in the document family. | ABC0000008 |
| **NATIVELINK** | The full path to a native copy of a document. | \natives\001\ABC0000001.htm |
| **PGCOUNT** | Total number of pages for a document. | 00006 |
| **ATTACHCOUNT** | Number of attachments within a document family. | 0 (Numeric) |
| **FILENAME** | The file name of a document. | Document Name.xls |
| **FROM** | The name of the person in the FROM field of every email. | John Doe <jdoe@acme.com> |
| **TO** | Recipients of the email. Multiple email addresses should be separated by semicolons. | Jane Smith <jsmith@acme.com |
| **CC** | Recipients in the cc: field of the email. Multiple email addresses should be separated by semicolons. | Bob Johnson <bjohnson@acme.com>; Sally May <smay@acme.com> |
| **BCC** | Recipients in the bcc: field of the email. Multiple email addresses should be separated by semicolons. | John Doe <jdoe@acme.com> |
| **EMAILSUBJECT** | Subject of an email. | Re: resume |
| **DATESENT** | Date when an email was sent. | MM/DD/YYYY |
| **TIMESENT** | Time an email was sent. | HH:MM:SS |
| **DOCAUTHOR** | The author of a document from entered metadata. | John Doe |
| **DOCTITLE** | The extracted document title for a loose file or attachment. | Resume.docx |
| **DATELASTMOD** | The date a document was last modified. | MM/DD/YYYY |
| **TIMELASTMOD** | The time the document was last modified. | HH:MM:SS |
| **CUSTODIAN** | The name of the primary person the files belong to. This field should be populated as last name, first name. | Doe, John |
| **FILEEXT** | The file extension of a document. | docx |

| FIELD NAME | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|
| **APPLICATION** | Type of document by application. | MS Word, MS Excel, etc. |
| **TIMEZONE** | The time zone the document was processed in. | PST, CST, EST, etc. |
| **DATECREATED** | The date the document was created. | MM/DD/YYYY |
| **TIMECREATED** | The time the document was created. | HH:MM:SS |
| **DATERECEIVED** | Date an email was received. | MM/DD/YYYY |
| **TIMERECEIVED** | Time an email was received. | HH:MM:SS |
| **HASH** | The MD5 or SHA Hash value or "de-duplication key" assigned to a document. | 9CE469B8DFAD1058C3B1E745001158EA |
| **PRODVOLID** | Production volume name. | ABC_PROD001 |
| **TEXTLINK** | The path to the full extracted OR OCR text of the document. Text files should be named per control number or Bates number if the document is produced. | \TEXT\ABC000001.txt |
| **LANGUAGE** | Identifies languages in document (separated by a semicolon for multiple values). | English; Spanish |