# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SPRING VALLEY BRANCH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAST RAMAPO CENTRAL SCHOOL DISTRICT, et al., <br><br> Defendants. | ECF CASE <br><br> Case No. 17 Civ. 8943 (CS)(JCM) <br><br> DISTRICT JUDGE CATHY SEIBEL <br><br> MAGISTRATE JUDGE JUDITH C. McCARTHY |

**DEFENDANT EAST RAMAPO CENTRAL SCHOOL DISTRICT'S GENERAL RESPONSE AND OBJECTION TO PLAINTIFFS' ADDITIONAL STATEMENT OF FACTS**

Insofar as a response is deemed necessary, Defendant the East Ramapo Central School District ("the District") hereby submits its general responses, denials, and objections to Plaintiffs' Additional Statement of Material Facts Omitted by the District That Preclude Summary Judgment," ECF No. 389 ¶¶ 95–143 ("Additional Statement"), which was filed in response to the District's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, ECF No. 378-1.

The District objects that Plaintiffs' Additional Statement raises no disputed issues of fact material to the District's Motion for Summary Judgment. Furthermore, Plaintiffs have not cross-moved for summary judgment, so the District has no obligation under Federal Rule of Civil Procedure 56 or the local rules to respond or object. Nevertheless, in an abundance of caution and for the avoidance of doubt, the District expressly reserves, and does not waive, any and all objections to Plaintiffs' assertions of fact in their Additional Statement.

The District further notes that all of the statements included therein: 1) are not material to the two legal grounds on which the District has moved for summary judgment; 2) grossly mischaracterize the cited evidence and/or 3) are not supported by admissible evidence.

In particular, the Additional Statement includes pages of assertions concerning the racial make-up of the public schools, ECF No. 389 ¶ 95, purportedly low voter turnout rates among minorities in the District, *id.* ¶¶ 98–100, monitors' reports from 2015 and 2016 regarding school budget cuts, *id.* ¶¶ 131–32, 138–42, and a July 2013 incident in which the District's former counsel engaged in a shouting match with a White parent at a board meeting, *id.* ¶ 136. None of these assertions—even if they were admissible or supported—is material to the two legal issues this Court must resolve on summary judgment.

Plaintiffs' Additional Statement also grossly misrepresents much of the evidence cited. As just one example, Plaintiffs assert that Black board member Bernard Charles testified that the 2013 campaign was a "very, very racially divided campaign," under a heading that reads "The Campaigns Of The Private School Slating [sic] Exhibit Racial Appeal." *Id.* ¶ 126. Mr. Charles said no such thing and Plaintiffs must know that they have materially falsely represented Mr. Charles's testimony. In fact, Mr. Charles testified that ***Steve White's Power of Ten group and the candidates on its slate tried to make the 2013 campaign all about race and religion,*** and they sought to discredit Mr. Charles (a Black man) because he had reached out to the Orthodox and Hasidic community in the spirit of compromise. He testified:

> They [the Power of Ten candidates] would say things like, "He's not a member of our community. We won't support him. He's all for the Jews." This was their whole campaign. . . . That was their platform. . . . People would walk up to me that I didn't even know, saying, "Oh, people are talking bad about you." I said, "What are they saying?" They're saying, "Oh, you're not part of this community," and I said, "Don't pay it any attention." I said, "You know me. I've lived here all my life. You know the things that I do. Don't pay it any attention." I said, "They're trying to win a campaign. They can smear my name all day long. My name is stronger than what they got, and you can tell by the votes that my name is stronger than what they got." So they say whatever they want. It doesn't matter to me. I didn't attack anybody during this campaign, and I didn't need to. I'm running on my good name, and that's it. . . . ***this is a very, very racially divided campaign because that's what they turned it into. They turned it into a black and white campaign.***

Ex. 1 (Deposition Transcript of Bernard Charles) at 236:17–238:7 (emphasis added).

Finally, Plaintiffs include in their Additional Statement several pages summarizing the unreliable conclusions of their testifying experts, Drs. Baretto and Collingwood, ECF No. 389 ¶¶ 105–10, to which the District objects as inadmissible for the reasons set forth in the District's *Daubert* motions, ECF Nos. 361; ECF No. 404, and cannot be relied upon to defeat summary judgment. *See* Federal Rule 56(c)).

The District reserves all rights to object to the admissibility of evidence cited in Plaintiffs' Additional Statement should this case proceed to trial.

Dated: April 18, 2019

Respectfully submitted,
**MORGAN, LEWIS & BOCKIUS LLP**

s/ David J. Butler
David J. Butler
Randall M. Levine
101 Park Avenue
New York, NY 10178
T: (212) 309-6000
F: (212) 309-6001
    -and-
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
david.butler@morganlewis.com
randall.levine@morganlewis.com

William S.D. Cravens
Stephanie Schuster
Clara Kollm
Adam Adler
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
william.cravens@morganlewis.com
stephanie.schuster@morganlewis.com
clara.kollm@morganlewis.com
adam.adler@morganlewis.com

*Counsel for Defendant East Ramapo Central School District*