Case 7:17-cv-08943-CS-JCM Document 174 Filed 09/27/19 Page 1 of 3

MANDATE

18-3481
NAACP v. East Ramapo Central School District

N.Y.S.D. Case #
17-cv-8943(CS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of September, two thousand nineteen.

Present:  RALPH K. WINTER,
          ROSEMARY S. POOLER,
          REENA RAGGI,
                    *Circuit Judges*.

_____

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SPRING VALLEY BRANCH, JULIO CLERVEAUX, CHEVON DOS REIS, ERIC GOODWIN, JOSE VITELIO GREGORIO, DORTHY MILLER, HILLARY MOREAU,

             *Plaintiffs-Appellees*,

         v.                                                          18-3481-cv

EAST RAMAPO CENTRAL SCHOOL DISTRICT,

             *Defendant-Appellant*,

HARRY GROSSMAN, YEHUDA WEISSMANDL, JOEL FREILICH,

             *Appellants*.[1]

_____

---

[1] The Clerk of Court is directed to amend the caption as above.

MANDATE ISSUED ON 09/27/2019

| | |
|---|---|
| Appearing for Appellants: | Randall M. Levine, Morgan, Lewis & Bockius LLP (David J. Butler, Stephanie Schuster, James D. Nelson, *on the brief*), Washington, D.C. |
| Appearing for Appellees: | Ryan S. Baasch, Latham & Watkins LLP (Claudia T. Salomon, Corey A. Calabrese, Marc N. Zubick, Russell Mangas, Latham & Watkins LLP; Arthur Eisenberg, Perry M. Grossman, New York Civil Liberties Union, *on the brief*), Washington, D.C. |

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Appellees' motion to dismiss the appeal is **GRANTED**.

Appellants East Ramapo Central School District, Harry Grossman, Yehuda Weissmandl, and Joel Freilich (collectively, the "Board Members") appeal from the November 19, 2018, order of the United States District Court for the Southern District of New York (Seibel, *J.*), affirming the October 19, 2018, order of the magistrate judge. The district court's order directed Grossman, Weissmandl, and Freilich to appear for their depositions on November 20, 2018, and rejected their arguments that they could not be forced to appear for depositions because they were entitled to legislative immunity. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Board Members argue that they are entitled to official legislative immunity that protects them against being called as witnesses at depositions regardless of whether they are parties in the action. According to the Board Members, we have jurisdiction over their appeal of the district court's order requiring them to sit for depositions because the collateral order doctrine permits interlocutory appeals of discovery orders that reject claims of official immunity. We disagree because the Board Members are not parties to this action and have not raised a colorable claim of official immunity.

Immunities shield a party from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (describing "immunity from suit" as "entitlement not to stand trial or face the other burdens of litigation"). As non-parties, the Board Members' claim that their status as legislators shields them from serving as witnesses at depositions sounds in evidentiary privilege, and, as non-party witnesses seeking to challenge an order compelling them to appear for depositions, they have not presented a question of their entitlement to immunity. *See Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 591 F.2d 174, 175-76 (2d Cir. 1979) (considering whether a former Commodity Futures Trading Commission staff member could refuse to answer questions in a deposition on the basis of a governmental privilege). Despite the Board Members' attempts to construe their claims as seeking the protection of legislative immunity rather than an evidentiary privilege, the Board Members in this case have sought to exercise an evidentiary privilege to avoid attending a deposition. As we did in *National Super Spuds*, we understand the protection that the Board Members seek to employ against being deposed as an evidentiary privilege.

Because the Board Members' claims rest on an evidentiary privilege, we lack jurisdiction over their appeal of the non-final order compelling their attendance at depositions. "An order compelling testimony in an ordinary civil or criminal action is neither a final order (under s[ection] 1291) nor an interlocutory order granting an injunction (under s[ection] 1292(a)(1)) and it is not appealable." *Id.* at 177 (alteration omitted) (internal quotation marks omitted). Instead, "[t]o obtain appellate review, the subpoenaed person ordinarily must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under § 1291." *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 490 F.3d 99, 104 (2d Cir. 2007) (internal quotation marks omitted); *see also Nat'l Super Spuds*, 591 F.2d at 177. As this Court has explained, the contempt requirement "serves a useful purpose in curtailing appeals, with consequent delay in litigation," allowing "[b]oth sides [to] benefit from having a second look." *Nat'l Super Spuds*, 591 F.2d at 180. "The person ordered to respond may decide . . . that the importance of the issue and the risk of adverse appellate determination do not warrant being branded as a contemnor. Conversely, the person seeking the information . . . may decide that the quest is not important enough to seek a contempt citation . . . ." *Id.* (citation omitted). This requirement applies whether the witness "is a party to the litigation or a non-party witness." *In re Air Crash at Belle Harbor*, 490 F.3d at 104. The Board Members concede that they have not been held in contempt for refusing to comply with the district court's November 19, 2018, order. Under well-settled law, we therefore lack jurisdiction over this appeal.

Accordingly, the motion to dismiss for lack of jurisdiction by the National Association for the Advancement of Colored People, Spring Valley Branch, Julio Clerveaux, Chevon Dos Reis, Eric Goodwin, Jose Vitelio Gregorio, Dorthy Miller, and Hillary Moreau is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3