UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, SPRING
VALLEY BRANCH; JULIO CLERVEAUX;
CHEVON DOS REIS; ERIC GOODWIN; JOSE
VITELIO GREGORIO; DOROTHY MILLER;
HILLARY MOREAU; and WASHINGTON
SANCHEZ,

              Plaintiffs,

v.

EAST RAMAPO CENTRAL SCHOOL DISTRICT and
MARYELLEN ELIA, IN HER CAPACITY AS THE
COMMISSIONER OF EDUCATION OF THE STATE
OF NEW YORK,

              Defendants.

17 Civ. 8943 (CS) (JCM)

---

## DECLARATION OF PERRY GROSSMAN

PERRY GROSSMAN, pursuant to the provisions of 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a member of the bar of this Court and of the State of New York, and counsel for Plaintiffs in the above-captioned matter. I have served as counsel to the Plaintiffs in all aspects of this matter since June 2017. The plaintiffs in this case were represented by counsel from the New York Civil Liberties Union (NYCLU) and the law firm of Latham & Watkins LLP. I submit this declaration in support of Plaintiffs' application for attorneys' fees as prevailing plaintiffs in this case.

2. This declaration will focus upon my professional background and experience, particularly in voting rights matters, that support the hourly rate sought on my behalf, which is also reflected in the version of my resume attached as Exhibit 1 to this declaration. It will explain the methods I utilized for recording contemporaneous time records. It will discuss my

effort to exercise sound billing judgment in arriving at a fair and reasonable fee request for the hours I expended in prosecuting this case.

3. I graduated with a Bachelor of Arts degree from Swarthmore College in 2003 and a Juris Doctor from Stanford Law School in 2008. I was admitted to the practice of law in the State of California in 2008 and admitted to the practice of law in New York in 2015. From 2010 to 2011, I was a law clerk for the Honorable Barry G. Silverman of the U.S. Court of Appeals Court for Ninth Circuit.

4. I am admitted to the following federal courts: United States District Courts for the Southern District of New York (2017); Eastern District of New York (2017); Northern District of California (2008); Central District of California (2008); Eastern District of California (2008); United States Courts of Appeals for the Second Circuit (2008) and Ninth Circuit (2017); United States Supreme Court (2013).

5. Since 2017, I have been the Senior Staff Attorney in the Voting Rights Project at the NYCLU where I have a specialized practice in voting rights litigation. I supervise and directly participate in the NYCLU's docket of voting rights litigation, including *New York v. United States Dep't of Commerce*, 351 F. Supp. 3d 502, 519 (S.D.N.Y.), *aff'd in part, rev'd in part and remanded sub nom. Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019) (enjoining addition of citizenship question to the 2020 Decennial Census); *League of Women Voters of New York State v. New York State Board of Elections*, No.160342/2018, 2018 WL 10419714 (N.Y. Sup. Ct.) (state constitutional challenge to statutes prohibiting voters registered within 25 days of an election from casting a ballot); *Gill v. Whitford*, 138 S. Ct. 1916 (2018) (counsel of record for ACLU as amicus curiae in support of appellees challenging constitutionality of a partisan gerrymander); *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019) (co-author of amicus brief in partisan gerrymandering case on behalf of ACLU).

6. I have taught, lectured, and written on voting rights and election law. I am currently an adjunct professor of law at Fordham University School of Law where I teach a course on the clinical and doctrinal foundations of voting rights advocacy to second- and third-year law students and serve on selection committee of Santangelo Voting Rights Public Interest Fellowship. I have been an invited speaker on voting rights and election law issues at Fordham Law School, Columbia Law School, New York University Law School, CUNY Law School, Cardozo Law School, and New York Law School. I have published a law review article on litigation under Section 2 of the Voting Rights Act in the *University of Michigan Journal of Law Reform*. I am also a frequent contributing writer on voting rights and civil rights issues for *Slate*.

7. I have testified on voting rights and election law issues before the New York State Senate, New York State Assembly, the New York City Council, the New York City Charter Revision Commission, and the California State Legislature.

8. Prior to joining the NYCLU, I was an associate in the San Francisco office of the law firm of Bingham McCutchen LLP from 2008 until 2010 and in the Oakland office of the law firm of Boies Schiller & Flexner LLP from 2011 through January 2017. Throughout my tenure at both firms, I was consistently and substantially involved, often as team leader, in the voting rights and civil rights matters detailed on my resume (Exhibit 1). Among my voting rights matters during that period were *Northwest Austin Municipal Utility District No. 1. v. Holder*, 557 U.S. 193 (2009) (representing minority voting rights organizations, *inter alia*, as amici curiae in support of the United States and intervenors); *Shelby County v. Holder*, 570 U.S. 529 (2013) (representing voting rights litigators as amici curiae in support of the United States and intervenors); and voter protection cases arising out of the November 2016 election. *See, e.g., Arizona Democratic Party v. Arizona Republican Party*, No. CV-16-03752-PHX-JJT (D. Ariz.);

*Ohio Democratic Party v. Ohio Republican Party*, No. 16-CV-02645 (N.D. Ohio); *Pennsylvania Democratic Party v. Republican Party of Pennsylvania*, No. CV 16-5664 (E.D. Pa.).

9. Throughout my tenure at both firms, I was also consistently and substantially involved in litigating complex, high-stakes commercial matters representing companies, primarily in competition law matters before federal and state courts and regulatory bodies. I was listed by Super Lawyers as a Rising Star in the Northern California market for 2015 and 2016. At the time I left Boies Schiller & Flexner LLP in January 2017, my billable rate was $790 per hour.

10. I have been involved in every facet of this litigation since June 2017 in both a direct and supervisory capacity, including developing the factual and legal bases for the Plaintiffs' complaint; opposing Defendant's motion to dismiss; addressing party discovery, including expert discovery, as well third party discovery; opposing the interlocutory appeal of non-parties to discovery orders; opposing Defendant's motions for summary judgment and to exclude expert testimony; prosecuting the case at trial; and opposing defendant's emergency motions for a stay both before this Court and the Second Circuit.

11. The fee request for my time spent on this matter advanced by and on behalf of the NYCLU is reasonable in all respects. The fee request rests upon contemporaneous time records and reflects the exercise of billing judgment to reduce the number of "billable hours." The time entries submitted with this application reflect only time entries that I recorded contemporaneously in a Microsoft Word file. My contemporaneous records reflect the date, the tasks performed and the amount of time spent on the tasks detailed to the tenth of an hour. I have consolidated my diaries into a Microsoft Excel spreadsheet to facilitate the tabulation of my hours spent on this case and my exercise of billing judgment in this application. My contemporaneous records of the time for which the NYCLU is seeking recovery of fees are

appended to this declaration as Exhibit 2. I have not included any entries for which I did not maintain contemporaneous time records.

12. I have reviewed my time records in an effort to ensure that the time associated with the described tasks is not excessive. In the exercise of billing judgment, I have excluded entries devoted exclusively to the preparation of Plaintiffs' preliminary injunction motion that was withdrawn, including time spent preparing the memorandum of law and reply memorandum of law in support Plaintiffs' motion for a preliminary injunction; working on the report of Dr. Amy Stuart Wells; and working on the declarations, deposition, or affidavit of Dr. Stephen Cole. I have excluded any entries for travel time in this case.

13. After limiting this application to address only my contemporaneous time records and removing certain time records in the exercise of billing judgment, the total number of my billable hours for which the NYCLU is requesting fees is limited to 1,461.

14. In this case, the NYCLU is seeking fees for my work at a rate of $550 per hour based on my experience and specialized practice in the voting rights field.

15. For the foregoing reasons, declarant respectfully requests that fees and costs be awarded in the amounts set forth in the motion papers.

Dated: New York, New York

June 25, 2020

Perry Grossman