UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

NATIONAL ASSOCIATION FOR THE :
ADVANCEMENT OF COLORED PEOPLE,
SPRING VALLEY BRANCH; JULIO : DECLARATION IN
CLERVEAUX; CHEVON DOS REIS; ERIC SUPPORT OF
GOODWIN; JOSE VITELIO GREGORIO; : COUNSEL FEES
DOROTHY MILLER; HILLARY MOREAU APPLICATION
AND WASHINGTON SANCHEZ, :

                           17 Civ. 8943 (CS) (JCM)

                     PLAINTIFFS, :

  V.

EAST RAMAPO CENTRAL SCHOOL :
DISTRICT AND MARY ELLEN ELIA, IN HER
CAPACITY AS THE COMMISSIONER OF :
EDUCATION OF THE STATE OF NEW YORK,

                                          :

                     DEFENDANTS.
------------------------------------------------------------------x

     ARTHUR EISENBERG, a member of the bar of this Court and of the State of New York hereby declares under penalty of perjury:

     1. I am co-counsel in the above-captioned matter. I submit this declaration in support of plaintiffs' application for attorneys' fees as "prevailing plaintiffs" in this case.

     2. The plaintiffs in this case were provided with counsel from the New York Civil Liberties Union Foundation (NYCLU) and Latham & Watkins, LLP. Perry Grossman and I are the principal lawyers from the NYCLU assigned to this case. Mr. Grossman is submitting a separate declaration in support of that portion of the fee application attributable to his work on this case. I am submitting this

declaration to substantiate that portion of the NYCLU fee application arising out of my work on this case and in support of the work performed by Kevin Jason, who served as a staff attorney with the NYCLU from October 2016 to late 2019. I submit this declaration, as well, to document the expert witness fees paid by the NYCLU in this matter.

3. Accordingly, this declaration will focus principally upon the professional background and experience that support an hourly rate of $650 for my work in this matter and upon the fact that this fee request is based upon the contemporaneous recording of my time records. It will also support the reasonable hourly rate of $300 for Mr. Jason whose time was also recorded contemporaneously with the tasks involved. I will also discuss my effort to arrive at a fair and reasonable fee request in the exercise of sound billing judgment. Finally, I will discuss the NYCLU's intended disposition of any fees awarded on the basis of this fee application.

4. The NYCLU, as the New York State affiliate of the American Civil Liberties Union, maintains its principal offices in New York City. But, as a statewide organization, the NYCLU has chapter and regional offices in upstate New York, in Westchester County and on Long Island. These offices provide the NYCLU with a presence and capacity for engaging with the local communities around the state. Litigators from the NYCLU do not work out of the chapter and regional offices. Accordingly, when the NYCLU contemplates litigation anywhere

in the state, it is necessary to utilize the NYCLU litigators who maintain offices in New York City. Mr. Grossman and I maintain our offices at the NYCLU's primary location in lower Manhattan. Mr. Jason also worked out of those offices.

5. As reflected in the resume appended to this declaration as Exhibit A, I am a graduate of the Cornell Law School and began working for the New York Civil Liberties Union (NYCLU) in 1971 where I have had extensive experience litigating civil rights cases involving issues respecting free speech, voting rights and equal protection of the laws. I was admitted to practice law in New York State in 1972 and I am a member of the bar of the federal district courts in New York (S.D.N.Y., E.D.N.Y., W.D.N.Y. and N.D.N.Y.), the U.S. Courts of Appeals for the Second Circuit, Fourth Circuit and Eighth Circuit and the Supreme Court of the United States. I had served as the Legal Director of the NYCLU for more than 25 years and, in that regard, I directed the NYCLU's litigation program. I currently serve as the Executive Counsel to the NYCLU and have functioned in that capacity since 2019.

6. I have also been an adjunct professor of law at the University of Minnesota Law School and at the Cardozo School of Law where I currently teach. In those capacities, I have taught courses in constitutional law, constitutional litigation, civil rights law and election law.

7. I have been engaged in a range of voting rights cases representing individuals in direct litigation or as the author or co-author of briefs, *amicus curiae*, submitted on behalf of the NYCLU and/or the American Civil Liberties Union. Those cases have involved issues related to partisan gerrymandering (*Gill v. Whitford*, 138 S.Ct. 1916 (2018)); the right to cast write-in ballots (*Burdick v. Takushi,* 504 U.S. 428 (1972); filing deadlines for Presidential candidates (*Anderson v. Celebrezze*, 460 U.S. 780 (1983)); one person, one vote principles (*Board of Estimate v. Morris*, 489 U.S. 688 (1989)); the right of college students to vote in college communities (*Pitcher v. Dutchess County*, SDNY, 12-CV-8017 (KMK)) and equal mailing rates for all political parties (*Greenberg v. Bolger*, 497 F.Supp. 756 (EDNY 1980).

8. I have also published a book and several essays on voting rights issues. I was the co-author, with Professor Burt Neuborne, of the ACLU handbook on voting rights entitled *The Rights of Candidates and Voters* (2nd ed. 1980). And, as set forth in Exhibit A appended to this declaration, I have written essays and articles on electoral issues including on partisan gerrymandering, campaign finance reform, the Voting Rights Act and racial gerrymandering.

9. Throughout this litigation, I reviewed and, on occasion, provided editorial suggestions for principal documents in the case. I consulted with NYCLU lawyers and with lawyers from Latham & Watkins regarding litigation strategy and I assisted in preparing counsel for oral arguments in this case.

10. The fee request advanced by and on behalf of the NYCLU is reasonable in all respects. My fee request rests upon contemporaneous time records and reflects the exercise of billing judgment to reduce the number of "billable hours" included within the NYCLU fee request. In that regard, I record my time each day in a diary that I maintain on my desk. My handwritten entries associated with this case have been transcribed from my diary into a document typed by a staff assistant for presentation in this application. The contemporaneous records reflect the date, the tasks performed and the amount of time devoted to the tasks. The transcription of those time records is appended to this document as Exhibit B to this declaration.

11. In the exercise of billing judgment, the NYCLU is seeking fees only for the work undertaken by Mr. Grossman, Mr. Jason and myself. It is not seeking compensation for the work of attorneys, paralegals and other NYCLU staff members who might have provided assistance on a less consistent basis. I have also reviewed my time records in an effort to ensure that the time associated with the described tasks is not excessive. In the exercise of billing judgment, I have eliminated from this request the time that I devoted to preparing papers in connection with the preliminary injunction motion that was withdrawn. I also do not seek compensation for the time I devoted to observing the conduct of the trial or for any travel time I incurred in this case. And I do not seek compensation for the time devoted to my review of papers in opposition to Defendants' stay

application in the Second Circuit. My contemporaneous time records indicate that by eliminating those litigation events and tasks, in the exercise of billing judgment, I have devoted 185.6 hours to this case.

12. The case of *Centro de la Comunidad v. Town of Oyster Bay*, 2019 WL 2870721 (EDNY CV-10-2622 (6/18/2019)) involves the most recent attorneys' fees award that I have received from a court in a contested litigation. The principal activities in that case covered a period of time between 2010 and 2017. My fee request in that case was based upon an hourly rate of $600 per hour, which was found reasonable by the District Court in that case. This case covers a more recent period of time, 2017-2020. I therefore seek, in this case, a rate of $650 per hour. The tasks set forth in my time sheets amount to 185.6 hours. As applied to the tasks identified in my timesheets, I seek a total fee award in the amount of $120,640.

13. Kevin Jason received a B.A. degree from Columbia University in 2010. In 2014, he received a J.D. degree and an M.A. degree in Public Policy from Stanford University. Upon graduation, he clerked for the Honorable Steven M. Gold in the Eastern District of New York from September, 2014 through September, 2015. He then clerked for the Honorable Andrew L. Carter, Jr. in the Southern District of New York from October, 2015 through September, 2016. Mr. Jason joined the NYCLU staff as a fellow in October, 2016 and served as a Staff Attorney with the NYCLU from September, 2017 until October, 2019. He is

currently a Staff Attorney at the NAACP Legal Defense Fund. Mr. Jason's resume is set forth as Exhibit C appended to this declaration.

14. The time that Mr. Jason has devoted to this case was entered contemporaneously into a computer program maintained by the NCYLU for recording billable time. That record is set forth as Exhibit D appended to this declaration. According to that record, Mr. Jason devoted 122.44 hours to this case. However, in the exercise of billing judgment, we are deducting from Mr. Jason's total hours, the time that he devoted to the preparation of papers in support of the preliminary injunction that plaintiffs ultimately withdrew. There are nine entries upon Mr. Jason's time sheets between November 6, 2017 and December 7, 2017 that reflect work undertaken in the preparation of the withdrawn preliminary injunction motion. Those entries total 26.48 hours. Deducting those hours from the 122.44 hours recorded by Mr. Jason in his time records results in 95.96 hours for which the NYCLU seeks compensation here.

15. The NYCLU seeks compensation for Mr. Jason's work at a rate of $300 per hour. This rate is consistent with the fee awarded in the *Oyster Bay* suit. That case involved Jordan Wells, a 2013 law school graduate, who worked as a Staff Attorney with the NYCLU. The NYCLU fee application in that case included a request that Mr. Wells should be compensated for his work at a rate of $300 per hour. That request was found to be reasonable in an opinion issued in 2019. *Centro de la Comunidad v. Town of Oyster Bay, supra*, at 7-8. Mr. Jason's

situation is almost identical to that presented by Mr. Wells. In Mr. Wells' case, the counsel fees award of $300 was issued six years after his law school graduation. In the case of Mr. Jason, the current request that he be awarded fees at a rate of $300 per hour is being made six years after his law school graduation. And Mr. Jason, like Mr. Wells, is an eminently competent and skilled young lawyer with a strong academic background. For these reasons, a $300 per hour rate should be applied to Mr. Jason's 95.96 hours of work on this case and his component of the fee award should amount to $28,788.

16. The expenses incurred by the NYCLU in this case include expert witness fees and expenses amounting to $128,919. That amount is detailed in Exhibit E appended to this declaration which consists of a table that I have prepared drawn from a page of the New York Civil Liberties Union Foundation, Inc., General Ledger Detail Report for the Period 2/1/2008 – 3/31/2020. That Report includes an accounting of the NYCLU's finances associated with this case. The Report sets forth, *inter alia*, the names of expert witnesses in the case, the payments made by the NYCLU to those experts and the dates of those payments. The table appended as Exhibit E accurately reflects that information and it is further substantiated by the invoices and documentation submitted by the experts. The column on the right of the table appended as Exhibit E identifies those invoices or documentation associated with the payments made by the NYCLU.

17. The award requested by the NYCLU for the time that Perry Grossman,

Kevin Jason and I devoted to this case amounts to $952,978. The expert witness fees for which the NYCLU seeks compensation totals $128,919.

18. The NYCLU intends to devote a significant portion of any fees awarded on the basis of this fee application to support educational opportunity and equity for the children in the East Ramapo public schools.

19. Accordingly, declarant respectfully requests that fees and costs be awarded in the amount of $1,081,897 to the NYCLU as a reasonable fee award in this case, for the reasons set forth here and in the submissions by Latham & Watkins, LLP and by Perry Grossman.

Dated:   New York, New York
         June 25, 2020

*Arthur Eisenberg* (signature)
Arthur Eisenberg