UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE, SPRING
VALLEY BRANCH, *et al.*,

                                    Plaintiffs,                          **ORDER**

                     - against -                        No. 17-CV-8943 (CS)

EAST RAMAPO CENTRAL SCHOOL DISTRICT,

                                    Defendant.
------------------------------------------------------------------------x

Seibel, J.

       The Court is in receipt of Defendant's Proposed Compromise Remedial Plan, (Doc. 658), and Plaintiff's response thereto, (Doc. 659). If the Court understands correctly, Plaintiffs agree on the ward plan but do not agree with Defendant's positions that all nine positions should be up for election in the next election, that candidates for a ward must reside in the ward, that no special election should be held in advance of the regularly scheduled May 2021 election, that implementation of the plan should await data from the 2020 decennial census, that implementation should await the Second Circuit's decision on Defendant's appeal of my liability ruling, that a voter education program will require two months' lead time, and that evaluation of polling place locations will require two months' lead time. I further infer that Plaintiffs do not agree with Defendants' proposed allocation of incumbents to each ward.[1]

---

[1] I so infer based on: 1) Plaintiff's position that there should be a special election for the four seats that would have been open had the May 2020 election gone forward (which the Court believes – subject of course to correction by the parties – to be those currently occupied by Grossman, Berkowitz, Freilich and Anderson), with three of those seats being allocated to the new majority-minority Wards 1, 2 and 3; and 2) Defendant's allocation of Ward 1 to Leveille and Ward 2 to Charles-Pierre, with no incumbent allocated to Ward 3. I presume – again subject to correction – that Defendant's allocations were based on the incumbents' residences, but I am not clear on why allocation of incumbent seats is necessary if Defendants get their way and all

1

I am mindful that "[t]he Court must . . . defer to the choice of the governing legislative body so long as the choice is consistent with federal statutes and the Constitution. The degree of deference is quite strong. A district court may not substitute its own remedial plan for defendant's legally acceptable one, even if it believes another plan would be better." *United States v. Vill. of Port Chester*, 704 F. Supp. 2d 411, 447–48 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). Accordingly, I do not concern myself with Plaintiffs' preferences except to the extent, if any, that their objections demonstrate that Defendant's proposal will not remedy the Section 2 violation I have found.

The parties shall attend a telephonic conference on October 9, 2020 at 10 a.m. By 10 a.m. on October 7, 2020, Plaintiffs shall state by letter which of the Defendant's proposals, if any, Plaintiffs believe prevent that proposal from remedying the violation. Plaintiffs may cite authority for their positions but should not argue them. Defendant may respond, again with authority but without argument, by 2 p.m. on October 8, 2020.

**SO ORDERED.**

Dated: October 5, 2020
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

nine seats are up in the next election. I also do not know how Plaintiffs would propose to allocate the seats if the ruling were to go their way.