# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SPRING VALLEY BRANCH, et al.,** | **ECF CASE** |
| | **Case No. 7:17 Civ. 8943 (CS)(JCM)** |
| **Plaintiffs,** | **DISTRICT JUDGE CATHY SEIBEL** |
| v. | **MAGISTRATE JUDGE JUDITH C. McCARTHY** |
| **EAST RAMAPO CENTRAL SCHOOL DISTRICT, et al.,** | |
| **Defendants.** | |

MORGAN, LEWIS & BOCKIUS LLP
David J. Butler
Randall M. Levine
101 Park Avenue
New York, NY 10178
T: (212) 309-6000
F: (212) 309-6001
-and-
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001

William S.D. Cravens
Clara Kollm
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................2

   I.   Special Circumstances Disfavor An Award In This Case .......................................2

   II.   Non-Compensable Fees And Costs Should Be Excluded From Any Award .........4

       A.  The Court Should Exclude Fees For 366.38 Hours Related to Dr. Cole and Plaintiffs' Withdrawn Preliminary Injunction Motion .....................................5

       B.  The Court Should Exclude 223.2 Hours Related to Plaintiffs' Unopposed Third-Party Discovery ..........................................................................6

       C.  Total Non-Compensable Fees and Costs ..........................................................8

CONCLUSION..................................................................................................10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Farrar v. Hobby*,
   506 U.S. 103 (1992)..................................................................................................2

*Ford v. Tennessee Senate*,
   No. 2:06-CV-2031, 2008 WL 4724371 (W.D. Tenn. Oct. 24, 2008).......................6

*Judicial Watch, Inc. v. U.S. Dep't of Commerce*,
   470 F.3d 363 (D.C. Cir. 2006).................................................................................6

*Kerr v. Quinn*,
   692 F.2d 875 (2d Cir. 1982).....................................................................................2

*Milwe v. Cavuoto*,
   653 F.2d 80 (2d Cir. 1981)...................................................................................3, 4

*Pope v. Albany Cnty.*,
   No. 1:11-cv-0736 (LEK/CFH), 2015 WL 5510944 (N.D.N.Y. Sept. 16, 2015) .....................4

*Sw. Ctr. for Biological Diversity v. Bartel*,
   No. 98-CV-2234 .......................................................................................................6

ii

## INTRODUCTION

The District's public school students—the same students whose interests Plaintiffs repeatedly claim to represent in this lawsuit—will suffer significant harm if this Court awards the $4.3 million in attorneys' fees and costs recommended in the December 29, 2020 Report and Recommendation. Such an award would force an almost 2% reduction of the District's operating budget for this school year, at a time when the District already operates under a contingency budget and is under significant additional stress due to increased operating costs relating to the ongoing pandemic. Moreover, an award in this case would be punitive rather than compensatory, since Plaintiffs have repeatedly made clear that any award they receive will not be used to compensate their *pro bono* counsel, and because it was not the prospect of compensation that incentivized Plaintiffs' counsel to take this case in the first instance. Under these circumstances, and in accordance with Second Circuit precedent, this Court should exercise its discretion and either dramatically reduce or simply award $1.00 in attorneys' fees and costs, in order to provide appropriate support to the public school students in the District.

In the alternative, if the Court determines a fee award of greater magnitude is appropriate, any award should be reduced to exclude certain fees and costs that are not compensable but that were nevertheless included in the Plaintiffs' fee petition and incorporated in Judge McCarthy's recommendation. These include fees and costs associated with: (1) the preliminary injunction motion that Plaintiffs withdrew before it could be decided; (2) Plaintiffs' first expert witness, Dr. Cole, who was subsequently withdrawn; and (3) Plaintiffs' efforts to obtain discovery and testimony from certain third parties that the District did not oppose or hinder in any way. That $349,748.84 reduction would reduce the recommended award to $3,983,947.49[1].

---

[1] *See supra* note 9.

<u>**ARGUMENT**</u>

**I.    Special Circumstances Disfavor An Award In This Case.**

As explained in the District's opposition to Plaintiffs' fee petition, when an award would be "unjust" it should not be granted.  ECF No. 631 at 13–14 (citing *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982)); *see also Farrar v. Hobby*, 506 U.S. 103, 118 (1992) (O'Connor, J. concurring) ("After all, where the only reasonable fee is no fee, an award of fees would be unjust; conversely, where a fee award would be unjust, the reasonable fee is no fee at all.").  Examples of awards that may be "unjust" include those that amount to a windfall to plaintiffs while operating as a significant penalty to the defendant, and awards that do not serve the statutory purposes of fee awards. *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982) ("Since the principal statutory purpose is not served by an award in those circumstances, the addition of counsel fees to a judgment may be considered unjust and denied by the district court."); *id.* at 878 ("Where an award of counsel fees would be something of a windfall to a plaintiff and a significant penalty to a defendant, such an award may be denied.").  In this case, any award of fees to plaintiffs will be a windfall to Plaintiffs' counsel and a penalty to the District's public school students, *and* would not serve to further the statutory purposes of fee awards generally.  In such circumstances, the Court should exercise its discretion and forgo a fee award entirely, or only order nominal fees.

*First*, an award here would operate as a windfall for Plaintiffs' counsel.  Plaintiffs have made it clear that their counsel does not intend to keep any of the fees awarded.  Instead, counsel has repeatedly said that they intend to donate any award to an unidentified charity for the supposed benefit of the District's public school students.  That plan would not benefit the District's public school children to the same extent as funding their daily education, and fails to fulfill the objective of statutory attorney fees for a prevailing party.  Moreover, it is not at all clear that any such charity

2

exists.  Nonetheless, any funds ordered by the Court would unquestionably have to be taken  from District's contingency budget and would make fewer funds available to provide education programming and services to the very public school students whose interests Plaintiffs claim to represent.  And even if a charity could be identified, it could not replace the day-to-day teaching and support positions and public school programs that would have to be eliminated if the recommended award was made.

At the same time, the recommended $4.3 million award would punish the District for electing to defend itself in this litigation.  But punishment is not the reason for the statute's authorization to award fees to a prevailing party.  Rather, the reason for an award "is to permit and encourage plaintiffs to enforce their civil rights."  *Milwe v. Cavuoto*, 653 F.2d 80, 84 (2d Cir. 1981) (citation omitted).  That clearly is not necessary here.  In addition, even if punishment were a legitimate purpose of a fee award (which it is not), an award here would not punish the Board that exercised the District's right to defend itself—it would punish the District's public school students—the very students whose interests Plaintiffs claim to represent in this litigation.[2]  As shown in the Declaration or Dr. Ray Giamartino, Jr., the Interim Superintendent of  the District, a significant award of attorney fees in this case will have "a lasting negative effect on East Ramapo public school students and the community as a whole."  Ex. A (Decl. of Ray Giamartino, Jr.) ¶ 11. For example, the award could necessitate cutting music and art classes for all students before the fourth grade (*id.* ¶ 10(l)); eliminating the position of Junior Network Specialist, which exists to

---

[2] Judge McCarthy declined to find an award to be unjust here because the District decided to expend significant resources to defend this case.  However, the District's exercise of its legislative judgment about the appropriate resources to commit to the defense of the litigation does not help this Court exercise its own discretion to decide the amount of an appropriate fee award.  The Court's considerations and the policies implicated are entirely different.  Ultimately, the Court must decide for itself whether a fee award would be just under the circumstances.

assist bilingual families and schools in need of technical support (*id.* ¶ 10(e)); and removing up to fourteen classroom teachers, which would increase the class sizes for the classes (*id.* ¶ 10(k)).  *See also* Ex. A ¶ 10(a)–(m).

*Second*, the recommended award would not further the purpose of fee-shifting statutes. The Second Circuit has instructed  that "the "principal factor" underlying the decision to allow fee shifting in certain types of cases is "whether a person in the plaintiff's position would have been deterred or inhibited in seeking to enforce civil rights without an assurance that his attorneys' fees would be paid if he were successful.""  *Milwe*, 653 F.2d at 84 (quoting *Zarcone v. Perry*, 581 F.2d 1039, 1044 (2d Cir.1978)).  In this case, where plaintiffs attracted "competent counsel" on a *pro bono* fee basis with no expectation of recovery, there was "no financial disincentive or bar to vigorous enforcement of the plaintiff's civil rights." *Id.* (quoting *Zarcone*, 581 F.2d at 1044).

## II.    Non-Compensable Fees And Costs Should Be Excluded From Any Award.

Judge McCarthy awarded fees for 75% of the hours in Plaintiffs' request, reducing the hours by 25% across-the-board for overstaffing (ECF No. 671 at 16), excessive or duplicative billing entries (*id.* at 17), and wasteful motions practice (*id.* 18–19).[3]  The 25% reduction, however, does not account for fees and costs that are not compensable at all, but that were included in the

---

[3] Notably, comparable cases in this Circuit have reduced fee awards by as much as 75% for similar overstaffing and overbilling.  ECF No. 631 at 15 n.66 (citing *Pope v. Albany Cnty.*, No. 1:11-cv-0736 (LEK/CFH), 2015 WL 5510944, at *1 (N.D.N.Y. Sept. 16, 2015)).  The total fee award in *Pope* was $1,602,886.00—reduced from the $6,295,935.00 request—which accounted for four years of litigation, including a full preliminary injunction hearing and an eleven day trial. *Id.*  This Court should at least increase the across-the-board reduction recommended by Judge McCarthy from 25% to as much as 75% in light of Judge McCarthy's findings of overstaffing, overbilling, and wasteful motions practice, and the relatively shorter time period of litigation in this case as compared to *Pope*.  Greater reduction also is warranted given the high level of "fluff" in Plaintiffs' counsel's billing entries—including but not limited to charging the District $2,080.00 so that Ms. Solomon could attend an ACLU webinar.  *See* ECF No. 631 at 5 n.15 (citing the billing entry at ECF No. 603-21 at 304).

Plaintiffs' fee petition.  Those non-compensable fees and costs should be excluded before application of Judge McCarthy's referenced discounts, if any award is to be made.

### A. The Court Should Exclude Fees For 366.38 Hours Related to Dr. Cole and Plaintiffs' Withdrawn Preliminary Injunction Motion.

Although Plaintiffs represent that they do not seek to tax the District for attorneys' fees incurred related to either their withdrawn expert, Dr. Cole, or their withdrawn motion for preliminary injunction (ECF No. 604 at 10; ECF No. 600 (Eisenberg Decl.) ¶ 11), 366.38 hours of their charged time related Dr. Cole or Plaintiffs' withdrawn motion for preliminary injunction.  *See* ECF No. 632-4 (Ex. D to Butler Decl.).  While Judge McCarthy noted that these entries likely were inadvertently included in Plaintiffs' petition, she also held that "these fees, as recognized by Plaintiffs, are not compensable."  ECF No. 671 at 15 (citing *Cooper v. Sunshine Recoveries Inc.*, No. 00CIV8898(LTS)(JCF), 2001 WL 740765, at *3 (S.D.N.Y. June 27, 2011)).  As a result, those non-compensable hours should have been subtracted from the Plaintiffs' petition before Judge McCarthy applied the necessary discounts and calculated the recommended award.  They do not appear to have been subtracted.  Accordingly, if any award is made, the following hours, identified by timekeeper, should be removed from the total hours for each timekeeper before application of the 25% discount under Judge McCarthy's analysis:

**TABLE 1**

| Timekeeper | Hours Attributable to Cole / PI (ECF No. 632-4) |
| --- | --- |
| Clubock | 2.5 |
| Salomon | 56.8 |
| Calabrese | 68.3 |
| Johnson | 0 |
| Mangas | 0 |
| Novakovski | 38.2 |
| Pearce | 24.2 |
| Scully | 0 |

| Timekeeper | Hours Attributable to Cole / PI (ECF No. 632-4) |
|---|---|
| Swaminathan | 0 |
| Cusick | 0 |
| Sahner | 0 |
| Sagara | 109.3 |
| Walton | 0 |
| Eisenberg | 4.25 |
| Grossman | 33.6 |
| Jason | 29.23 |
| **TOTAL:** | **366.38 Hours** |

**B. The Court Should Exclude 223.2 Hours Related to Plaintiffs' Unopposed Third-Party Discovery.**

Plaintiffs included in their fee petition 223.2 hours in attorneys' fees and $15,901.72 in costs related to third party discovery that the District did not oppose. As the District previously pointed out, such costs typically are not recoverable under fee-shifting statutes and should be excluded. *See* ECF No. 631 at 8. Judge McCarthy's report and recommendation did not address these non-compensable third party discovery costs, and they were included in the recommended award.

Under fee-shifting statutes, a plaintiff's recoverable fees should be attributable to fighting an issue "opposing government resistance." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 373 (D.C. Cir. 2006) (quoting *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (holding government was not required to pay fees attributable to the plaintiff's opposition to a third party's motion to stay a preliminary injunction)); *Ford v. Tennessee Senate*, No. 2:06-CV-2031, 2008 WL 4724371, at *6 (W.D. Tenn. Oct. 24, 2008) (reducing attorney's fees in Voting Rights Act case because "Defendants should not be liable for attorney's fees incurred as a result of the actions of a third-party."); *Sw. Ctr. for Biological Diversity v. Bartel*, No. 98-CV-2234 BJMA, 2007 WL 2506605, at *8 (S.D. Cal. Aug. 30, 2007) ("[A] fee award against the government must

6

exclude that part attributed to a third party's positions in which United States did not take a position adverse to the prevailing plaintiff.").

Plaintiffs spent 61.4 hours on third-party discovery of a local newspaper, Community Connections, and 161.8 hours and $15,901.72 in costs on third-party discovery related to Rabbi Yehuda Oshry.  *See* ECF Nos. 632-6 & 632-7 (Exs. F (Community Connections) & G (Oshry) to Butler Decl.).  Both Community Connections and Rabbi Oshry were represented by independent counsel.  The District did not oppose Plaintiffs' various filings against Community Connections or Rabbi Oshry. Accordingly, such fees and costs cannot be "attributable to fighting an issue opposing government resistance" and are thus not properly taxed to the District.  The following hours separated by timekeeper, in addition to $15,901.72 in costs, should thus be removed from any award.

## TABLE 2

| Timekeeper | Hours Attributable to Community Connections (ECF No. 632-6) | Hours Attributable to Oshry (ECF No. 632-7) |
|---|---|---|
| Clubock | 0 | 0 |
| Salomon | 1 | 13.9 |
| Calabrese | 0 | 0 |
| Johnson | 0 | 0 |
| Mangas | 41.9 | 88.7 |
| Novakovski | 0 | 8.6 |
| Pearce | 10.9 | 0 |
| Scully | 0 | 0 |
| Swaminathan | 0 | 7.6 |
| Cusick | 0 | 0 |
| Sahner | 0 | 0 |
| Sagara | 7.6 | 40.3 |
| Walton | 0 | 0 |
| Eisenberg | 0 | 0 |
| Grossman | 0 | 2.7 |
| Jason | 0 | 0 |
| **TOTAL:** | **61.4 Hours** | **161.8 Hours** |

**C.  Total Non-Compensable Fees and Costs.**

If the non-compensable hours identified in Section II are subtracted from the total hours

for each timekeeper, the revised totals for each timekeeper would be as shown in Table 3:

**TABLE 3**

| Timekeeper | Total Hours Requested[4] | Non-Compensable Hours Billed[5] | Recoverable Hours |
|---|---|---|---|
| Clubock | 371.1 | 2.5 | 368.6 |
| Salomon | 826.3 | 71.7 | 754.6 |
| Calabrese | 2404.4 | 68.3 | 2336.1 |
| Johnson | 1466 | 0 | 1466 |
| Mangas | 1814 | 130.6 | 1683.4 |
| Novakovski | 2945.9 | 46.8 | 2899.1 |
| Pearce | 1011.7 | 35.1 | 976.6 |
| Scully | 1506.6 | 0 | 1506.6 |
| Swaminathan | 1543 | 7.6 | 1535.4 |
| Cusick | 769 | 0 | 769 |
| Sahner | 636.3 | 0 | 636.3 |
| Sagara | 1463.6 | 157.2 | 1306.4 |
| Walton | 264.8 | 0 | 264.8 |
| Eisenberg | 185.6 | 4.25 | 181.35 |
| Grossman | 1461 | 36.3 | 1424.7 |
| Jason | 122.44 | 29.23 | 93.21 |
| **TOTAL:** | **18,791.74 Hours** | **589.58 Hours** | **18,202.16 Hours** |

---

[4] ECF Nos. 599-2 (Grossman); 600-2 (Eisenberg); 600-4 (Jason); & 603 21 (Latham).
[5] This column sums the figures for each timekeeper in Tables 1 & 2.

The corresponding hourly rates and discounts may then be applied to the revised totals for each timekeeper as shown in Table 4:

**TABLE 4**

| Timekeeper | Recoverable Hours | Recoverable Hours Reduced by 25%[6] | Approved Rate[7] | Recoverable Fees[8] |
|---|---|---|---|---|
| Clubock | 368.6 | 276.45 | $600.00 | $165,870.00 |
| Salomon | 754.6 | 565.95 | $600.00 | $339,570.00 |
| Calabrese | 2336.1 | 1752.075 | $300.00 | $525,622.50 |
| Johnson | 1466 | 1099.5 | $275.00 | $302,362.50 |
| Mangas | 1683.4 | 1262.55 | $300.00 | $378,765.00 |
| Novakovski | 2899.1 | 2174.325 | $125.00 | $271,790.63 |
| Pearce | 976.6 | 732.45 | $ 275.00 | $201,423.75 |
| Scully | 1506.6 | 1129.95 | $125.00 | $141,243.75 |
| Swaminathan | 1535.4 | 1151.55 | $125.00 | $143,943.75 |
| Cusick | 769 | 576.75 | $125.00 | $72,093.75 |
| Sahner | 636.3 | 477.225 | $125.00 | $59,653.13 |
| Sagara | 1306.4 | 979.8 | $75.00 | $73,485.00 |
| Walton | 264.8 | 198.6 | $ 75.00 | $14,895.00 |
| Eisenberg | 181.35 | 136.0125 | $600.00 | $81,607.50 |
| Grossman | 1424.7 | 1068.525 | $550.00 | $587,688.75 |
| Jason | 93.21 | 69.9075 | $300.00 | $20,972.25 |
| | | | **TOTAL:** | **$3,380,987.26** |

---

[6] "Recoverable Hours" - (("Recoverable Hours")/4) = "Recoverable hours Reduced by 25%"
[7] ECF No. 671 at 21.
[8] For each timekeeper, the "Recoverable Fees" in Table 4 results from multiplying "Recoverable Hours Reduced by 25%" by "Approved Rate."

## **CONCLUSION**

For the foregoing reasons, the District respectfully suggests that the Court limit the attorney fee award to plaintiffs to $1.00, or some nominal amount, or, in the alternative, reduce the amount recommended by $349,748.84[9], in order to eliminate non-compensable fees and costs identified above.

Dated:  January 12, 2021                           Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

s/ David J. Butler
David J. Butler
Randall M. Levine
101 Park Avenue
New York, NY 10178
T: (212) 309-6000
F: (212) 309-6001
          -and-
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
david.butler@morganlewis.com
randall.levine@morganlewis.com

William S.D. Cravens
Clara Kollm
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
william.cravens@morganlewis.com
clara.kollm@morganlewis.com

---

[9] Judge McCarthy recommended a total award of $4,333,696.33.  ECF No. 671 at 24 (sum of $3,714,834.38 (attorneys' fees), $192,463.92 (expert fees), and $426,398.03 (costs)). As explained in Section II, the recoverable attorneys' fees should be limited to $3,380,987.26, and $15,901.72 in costs should be removed (total recoverable costs thus equals $410,496.31 or $426,398.03 - $15,901.72).  Total recoverable fees and costs is thus $3,983,947.49, which results from summing $3,380,987.26 (revised recoverable attorneys' fees) + $192,463.92 (expert fees) + $410,496.31(revised recoverable costs).  The difference between the total award ($4,333,696.33) and the recoverable fees and costs ($3,983,947.49) is $349,748.84.

10

*Counsel for Defendant East Ramapo Central
School District*