## Levine, Randall Mark

| | |
|---|---|
| **From:** | Levine, Randall Mark |
| **Sent:** | Monday, July 12, 2021 6:07 PM |
| **To:** | 'Russell.Mangas@lw.com' |
| **Cc:** | Butler, David J.; Andrew.Clubok@lw.com; Corey.Calabrese@lw.com; aeisenberg@nyclu.org; pgrossman@nyclu.org |
| **Subject:** | RE: NAACP v ERCSD - Award Payment |
| **Attachments:** | March 21 email to Mangas.pdf |

Russ:

We have proposed two very workable solutions to your objections to the Board's plan to make pro rata payments to each of the plaintiffs, as ordered by the Court.  We would appreciate a response to those suggestions, or some other approach that complies with the terms of the final judgment.  We will take any workable alternative to the Board for its consideration, but we need to do so promptly.

I also need to correct several misstatements in your recent email.  I never told you that the "District couldn't make the payment until its new budget is approved on October 15."  That couldn't have happened, since there is no budget approval in October.  All school districts in NY – including ERCSD – vote on their annual budgets on the third Tuesday in May.

On March 21, I sent you an email (attached) advising that payment would have to be made from the District's 2021/22 fiscal year budget, and that the District was expecting to receive additional state and federal aid.  Although we weren't sure when the additional aid dollars would be available, we were assured that it would not be later than October 15, 2021.  That is why the judgment says that the payment shall be made "on or before October 15, 2021."

We last spoke on May 6, 2021.  During that conversation, I told you that the Board was planning on taking up some issues relating to the litigation, including payment of the judgment, and I suggested some possible alternatives to paying the judgment to the plaintiffs.  Specifically, I asked you and your clients to consider whether, for example, in lieu of payment to the Plaintiffs, the funds could be directed to public school programs of Plaintiffs' choosing.  I also asked whether Plaintiffs would be interested in participating in the Board's upcoming consideration of possible ward redistricting in light of the release of new census data.

You told me that you would discuss the ideas with your clients and get back to me.  You never got back to me.  We took your silence to be a rejection.

Contrary to your assertion, nothing in the Board's recent payment resolution "contradicts" the terms of the final judgment, what we discussed, or what Plaintiffs have said in their pleadings.  The resolution follows the exact wording of the final judgment.  And the designation of pro rata payments is, as I have repeatedly explained, the only way for the District to satisfy the judgment and ensure that no individual plaintiff later asserts a claim for payment of any portion of the judgment against the District.  Nothing in the resolution stops any Plaintiff from directing the payment to Latham and NYCLU if that's what they agreed to do, and we assume that is what will happen.

Your most recent email is the first time you have mentioned using a client trust account.  Instead, in your earlier emails, you have instructed "the District to send those funds directly to Latham and NYCLU," that "the fee award should be paid to Latham and NYCLU," and that "[o]ne payment of $4,392,394.95 plus accrued interest should be deposited to an account that will be identified by Latham," and  "[a] second payment of $1,053,745.04 plus accrued interested should be deposited in an account that will be identified by NYCLU."  Your prior instructions plainly conflict with the final judgment.  Paying money to Latham & Watkins and the NYCLU is not the same as paying money to the Plaintiffs.  In the

absence of written confirmation from either the plaintiffs or the Court stating that a payment to Latham and NYCLU will satisfy the judgment, the District cannot agree to do so.

You now appear to be suggesting using a client trust account. We're open to the idea but would need to understand the details. Please explain your proposal in full and if it complies with the terms of the final judgment we'll propose it to the Board. Alternatively, the District could issue checks to each of the individual Plaintiffs and send them to Latham at whatever address is convenient, and then you can arrange for the checks to be deposited however you want.

If none of the suggestions we have proposed is acceptable, then maybe we should jointly seek guidance from the Court. It seems to us that really shouldn't be necessary, but the District has a strong interest in putting this matter behind us as soon as possible. We look forward to your prompt response, and your written confirmation on behalf of Plaintiffs that interest on the judgment will not accrue from last Thursday (July 8), pending resolution of the payment protocol we have been addressing.

-- Randy


**Randall Mark Levine**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6541 | Main: +1.202.739.3000 | Mobile: +1.202.352.7474
randall.levine@morganlewis.com | www.morganlewis.com
Assistant: Tamika C. Jones | +1.202.739.5216 | tamika.jones@morganlewis.com



---

**From:** Russell.Mangas@lw.com <Russell.Mangas@lw.com>
**Sent:** Sunday, July 11, 2021 12:22 PM
**To:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Cc:** Butler, David J. <david.butler@morganlewis.com>; Andrew.Clubok@lw.com; Corey.Calabrese@lw.com; aeisenberg@nyclu.org; pgrossman@nyclu.org
**Subject:** RE: NAACP v ERCSD - Award Payment

[EXTERNAL EMAIL]
Randy,

We will confer internally and respond to your email in full later this week. But generally, we agree that time and expense could be avoided through simple cooperation. When last we spoke you told me the District couldn't make the payment until its new budget is approved on October 15. I told you I would follow up before that date with deposit instructions. Instead of contacting me to tell me the District's plans had changed, and asking me to provide those instructions early, you drafted a resolution for the Board to approve that included sending checks to individual plaintiffs, which contradicted both what you and I had previously discussed and what Plaintiffs had said publicly in their pleadings. There is much feeling on Plaintiffs' part that what you did was an intentional and transparent attempt to sow confusion and discord in the community and make it look like Plaintiffs were going back on their commitments to donate a large portion of those funds. Frankly, it is hard to argue with that assessment given your failure to communicate with us in advance of taking such actions.

With respect to the Court's order on the fee award, there is nothing in that order that provides deposit instructions or requires the District to cut checks to individual plaintiffs. For that matter, there is nothing in the Court's order that

requires (or even allows for) the allocation that the District has unilaterally decided on.  As Plaintiffs' agent and attorney we have given the District instruction that the award should be deposited in Latham and NYCLU's trust accounts, the details of which we will provide to you.  Is it the District's position that it may ignore Plaintiffs' express instructions and/or that a Court order is required to implement the deposit in the manner Plaintiffs have directed?  If so, please explain what basis the District has to ignore those instructions.

We have been assuming that in other matters Morgan Lewis regularly directs/deposits funds to the trust account of the opposing party's attorneys at the instruction of those attorneys without the need for a separate court order, and that Morgan Lewis also maintains a trust account and has regularly instructed opposing counsel, at the direction of its clients, to deposit funds to that account, also without the need for a separate court order.  Is that assumption correct?  If so, we would like to better understand why, instead of following that typical and customary practice, Morgan Lewis and the District have decided to treat our clients differently.  Please let us know.

Thanks,

**Russell Mangas**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.7697

---

**From:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Sent:** Thursday, July 8, 2021 1:14 PM
**To:** Mangas, Russell (CH) <Russell.Mangas@lw.com>
**Cc:** Butler, David J. <david.butler@morganlewis.com>; Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Calabrese, Corey (NY) <Corey.Calabrese@lw.com>; aeisenberg@nyclu.org; pgrossman@nyclu.org
**Subject:** RE: NAACP v ERCSD - Award Payment

Russ:

We are trying to work with you to address your concern about how the District should make the payment to satisfy the judgment. In order to do that, we need simple cooperation, not threats.

The judgment you drafted says what it says.  As reflected in my email to you this past March (attached), we always understood the judgment to require payment to the plaintiffs, directly.  That is usually what happens in civil rights cases, because the Supreme Court held in *Evans v. Jeff D.*, 475 U.S. 717, 730-731 (1986), that the attorney's fee award belongs to the client, not the attorney.  If payment is to be made some other way, it generally has to be set out in the judgment.

You never said otherwise until an hour before Tuesday night's board meeting.   You have made very clear what Latham plans to do with its portion of the fee award, but until now have not said anything about how the award is to be paid.  From the District's perspective – and we have confirmed this view with the District's general counsel – it is the language of the judgment that is important, and that language is clear:  "Defendants shall pay the award plus accrued interest to Plaintiffs on or before October 15, 2021."

We remain willing to work with you to address the method of payment you now want the District to follow.  We already suggested one possible approach – if your clients agree in writing that paying the judgment according to your instructions will satisfy the judgment, then the District will follow those instructions.

For another possibility, we would not oppose a straightforward, non-accusatory motion asking Judge Seibel to enter an amended judgment expressly providing that the judgment can be satisfied by making a payment into an account or accounts designated by Plaintiffs' counsel.

From our perspective, the only real issue is what your clients want to do. And the District has no view on that issue, other than ensuring that once the District has paid, there is no possibility of debate over whether the judgment is satisfied.

Finally, we suggest that you tone down the rhetoric. Threatening us and our firm won't accomplish anything -- especially such hollow threats as "Plaintiffs will seek to hold Morgan Lewis liable for any adverse tax consequences" which misses, among many other things, that attorney fee awards under the civil rights laws aren't taxable income, see I.R.C. § 62(a)(20).

Please let us know how you want to proceed. The District's financial officer has been asked to hold off on sending out any payments pending further discussions with you, but we'd really like to get this resolved as soon as possible. In the meantime, please confirm plaintiffs' agreement that the interest clock has stopped, as of today.

Regards,

Randy



**Randall Mark Levine**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.373.6541 | Main: +1.202.739.3000 | Mobile: +1.202.352.7474
randall.levine@morganlewis.com | www.morganlewis.com
Assistant: Tamika C. Jones | +1.202.739.5216 | tamika.jones@morganlewis.com



---

**From:** Russell.Mangas@lw.com <Russell.Mangas@lw.com>
**Sent:** Wednesday, July 7, 2021 9:46 PM
**To:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Cc:** Butler, David J. <david.butler@morganlewis.com>; Andrew.Clubok@lw.com; Corey.Calabrese@lw.com; aeisenberg@nyclu.org; pgrossman@nyclu.org
**Subject:** RE: NAACP v ERCSD - Award Payment

[EXTERNAL EMAIL]
Randy,

Latham is donating its fees to programs that aid public school students in the District and NYCLU is using its fees to further its mission, which includes NYCLU's extensive, ongoing work on behalf of the minority public school community in East Ramapo. I have explained that to you in numerous emails and telephone conversations, and Plaintiffs have explained it in their briefs which have been publicly filed in Court. The District's ruse to send payments to the individual plaintiffs, in direct violation of Plaintiffs' instructions, can only be interpreted as more gamesmanship by the District and an attempt by the District to sew confusion and discord in the community. Further, the District's ploy to falsely imply that several individual plaintiffs will be receiving hundreds of thousands of dollars in the near future has compromised their individual security and that of their families. On behalf of Plaintiffs we are once again instructing the District to send those funds directly to Latham and NYCLU so that they can be used for the purposes for which the Plaintiffs, Latham, and NYCLU have publicly committed them. If you do not follow Plaintiffs' instructions with respect to those disbursements, Plaintiffs will seek to hold Morgan Lewis liable for any adverse tax consequences or other decrease in the amount of those funds that results from Morgan Lewis violating Plaintiffs' instructions.

When you and I spoke in March, I reiterated Plaintiffs' instructions that the fee award should be paid to Latham and NYCLU so that it can be used for the purposes that Plaintiffs have designated it. You told me the District could not make that payment until it received funds for its next budget on October 15 and you asked for an extension until that date. Plaintiffs agreed to the District's request and I told you we would provide deposit information before October 15. You never contacted us to inform us that the District had the ability to pay the award early, nor did you ever ask us for the deposit information we had discussed. Instead, we found out about the District's intent to violate Plaintiffs' instructions when it was brought to our attention <u>yesterday</u> that the Board was going to vote to do so. I contacted you <u>immediately</u> upon learning that information. The fact that we were unaware of those facts until just before the Board meeting is entirely the doing of the Board and Morgan Lewis who neglected to notify us in advance.

Plaintiffs also want to address your statement that Plaintiffs have not been willing to consider alternatives to the District paying the judgment. That is false. Before trial, Plaintiffs made several offers to the District to give up attorneys'' fees entirely if the District would merely agree to restore minority voting rights. Not only did the District refuse, but its President, Harry Grossman, actively misled minority board members regarding the circumstances of those settlement negotiations. Even after Plaintiffs prevailed at trial, and after Judge Seibel ordered the fee award, Latham & Watkins made several offers to the District to forgo its fees if the District would drop its costly appeal and its attempt to further deprive its minority citizens of their voting rights. In Judge Seibel's fee award, she found that "the District greatly overpaid" for Morgan Lewis's services and that there were "strong reasons to conclude" that the amount Morgan Lewis charged the district was not reasonable. Judge Seibel also found that "Latham's work has obviously been more valuable to its clients than Morgan Lewis's was to [the District]." Judge Seibel likewise found it difficult to believe that the white private school community truly cared about lower taxes in light of the fact that the District gave no pushback to the "enormous legal fees" the District paid to Morgan Lewis. Taking heed of the Court's opinion, Latham offered on multiple occasions to reduce its fee award <u>dollar for dollar</u> for every dollar Morgan Lewis refunded to the District on account of its exorbitant fees. The District has never responded to those offers.

To be clear, Plaintiffs are once again instructing the District to deposit the fee award to deposit accounts specific by Latham and NYCLU on behalf of their clients. Provided the District confirms its intent and ability to make the payment upon confirmation of those accounts, Plaintiffs agree to forgo additional interest beginning tomorrow as you have requested. If the District refuses to do so, it will be one more intentional and unfortunate act to attempt to disenfranchise the agency of its minority citizens. Rest assured, we will not allow that to happen and will not rest until justice is done to the Plaintiffs and the minority public school students of the District.

Respectfully yours,


**Russell Mangas**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.7697

---

**From:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Sent:** Wednesday, July 7, 2021 12:28 PM
**To:** Mangas, Russell (CH) <Russell.Mangas@lw.com>
**Cc:** Butler, David J. <david.butler@morganlewis.com>; Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Calabrese, Corey (NY) <Corey.Calabrese@lw.com>; aeisenberg@nyclu.org; pgrossman@nyclu.org
**Subject:** RE: NAACP v ERCSD - Award Payment

Russ:

Your email from last evening was sent barely one hour before the ERCSD Board meeting. As you may have heard, the judgment payment resolution was approved by a 5-4 vote. The District is prepared to make the approved payments as early as today. However, in light of your email, we have asked the District to delay payment so that we can address the

issue you have raised.  We are willing to be helpful, if we can, but the facts as we understand them make it difficult for us to recommend to the District that payment of the judgment amount be made in the manner you suggested last evening.

As you know, the final judgment entered by the Court, using the language you proposed, says that "Plaintiffs are entitled to a fee award," that judgment is "entered in favor of Plaintiffs for a fee award," and that "Defendants shall pay the award plus accrued interest to Plaintiffs on or before October 15, 2021."  No judgment was entered in favor of Latham or NYCLU.  And nothing in the final judgment says that the District can satisfy the judgment by paying money to Latham and NYCLU.  Moreover, nothing in your retention agreements with the Plaintiffs says that Plaintiffs have assigned their interests in the judgment proceeds to Latham and the NYCLU.  Based upon these facts, we don't see how the District can satisfy the judgment without making payments to the plaintiffs.  Indeed, with nothing more, were the District to make the payments you demand, the District would risk claims from the individual plaintiffs that the District still owes them the money ordered under the judgment.

As you may recall, before you submitted your proposed final judgment to the Court for approval, I asked you to consider how you would like the judgment to be paid.  You didn't respond.  I asked because I was concerned that if there were going to be any sort of alternative payment methods used to satisfy the judgment, those specific terms should be included in the final judgment.  Your lack of response to my inquiry, and insistence that the court issue judgment in the words your chose, leave us little choice regarding compliance.  And the situation is further aggravated by the fact that, more recently, I asked you whether your clients might be willing to consider various alternatives to paying the judgment to them.  You didn't respond to me about that, either.  Had you done so, this inconvenience might have been avoided.

We are open to proposed solutions to the issues we have raised, and await your thoughts.  In the meantime, we offer one possible approach:  The District can agree to pay the judgment by depositing the money to accounts identified by Latham and NYCLU, if each of your clients agrees in writing that by doing so the District will fully satisfy the judgment and extinguish each plaintiff's personal claim for a pro rata share of the fee award.  We are willing to follow the specific instructions of each individual plaintiff with respect to disposition of his/her share of the judgment, but insist that each plaintiff make the clear election of what should be done with his/her share and acknowledge that by following that direction the District has satisfied that plaintiff's portion of the judgment.

Once we have signed acknowledgments from each plaintiff – or, at least those plaintiffs who are willing to give that instruction -- we can ask the Board to adopt a new resolution authorizing payment per each plaintiff's instruction.

In view of the fact that the District was prepared to make payment to the Plaintiffs this week, and that statutory interest keeps running every day, it isn't fair for the District to continue to bear the additional interest while we wait for you to obtain signed acknowledgments from your clients.  Accordingly, if you want to pursue this proposed solution, the plaintiffs will have to waive the statutory interest on the judgment starting tomorrow.  If that's agreeable, please let us know.  We look forward to any alternative suggestion you may have for resolving the payment issue, or to receiving the signed acknowledgments we have requested, and bringing this matter to a close.

In the alternative, the District can make what are now the approved payments directly to the Plaintiffs as it was planning to do, and you can work out what happens from there, directly with your clients.  Either way please let us know as soon as possible so that no more interest accrues on the judgment than is absolutely necessary.

Regards,

Randy


**Randall Mark Levine**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

Direct: +1.202.373.6541 | Main: +1.202.739.3000 | Mobile: +1.202.352.7474
randall.levine@morganlewis.com | www.morganlewis.com
Assistant: Tamika C. Jones | +1.202.739.5216 | tamika.jones@morganlewis.com



**From:** Russell.Mangas@lw.com <Russell.Mangas@lw.com>
**Sent:** Tuesday, July 6, 2021 6:31 PM
**To:** Levine, Randall Mark <randall.levine@morganlewis.com>
**Cc:** Butler, David J. <david.butler@morganlewis.com>; Andrew.Clubok@lw.com; Corey.Calabrese@lw.com; aeisenberg@nyclu.org; pgrossman@nyclu.org; Russell.Mangas@lw.com
**Subject:** NAACP v ERCSD - Award Payment

[EXTERNAL EMAIL]
Randy,

I write on behalf of the plaintiffs to provide payment instructions for the $5,446,139.99 fee award. One payment of $4,392,394.95 plus accrued interest should be deposited to an account that will be identified by Latham. A second payment of $1,053,745.04 plus accrued interested should be deposited in an account that will be identified by NYCLU. I am sending you this email tonight because it has been brought to my attention that the board agenda for tonight has a resolution to approve payments to individual plaintiffs. Please correct the resolution to accurately reflect plaintiffs' disbursement instructions. Please also let us know when the District expects to make the payment so that we can provide deposit account information.

Thanks,

**Russell Mangas**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.876.7697
Fax: +1.312.993.9767
Email: russell.mangas@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an

attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.